WASEEM DAKER,                   :

       Plaintiff,           :

       v.               :        CIVIL ACTION NO.: CV614-047

PATRICK HEAD; JESSE D. EVANS;  :
MARY E. STALEY; BRIAN OWENS;  :
TIMOTHY WARD; RANDY TILLMAN;  :
RICK JACOBS; ROBERT E. JONES;  :
CARL HUMPHREY; DR. SHARON  :
LEWIS; SHEVONDAH FIELDS; LISA  :
FOUNTAIN; TORIS MCLESSIA ROZIER;  :
JAMES DEMETRIUS SMITH; GEORGIA  :
DEPARTMENT OF CORRECTIONS;  :
ROBERT TOOLE; WENDELL FOWLER;  :
JOHN PAUL; Ms. KILGORE;  :
Mr. DELOACH; MILTON SMITH;  :
MURIEL JACKSON; JOHN DOE; JANE  :
DOE; DR. JOHN DOE; DR. JANE DOE;  :
Ms. KING; P. MURPHY; Off. HENRY;  :
Ms. BROWN; THREE JOHN DOES;  :
BRUCE CHATMAN; JUNE BISHOP;  :
DR. DEAN BROOME; Mr. CARAVELLO;  :
WILLIAM McNUNN; STEPHEN NICOLOV;  :
SHARON BROWN; Ms. LIGHTSEY;  :
Ms. CROWDER; Ms. STRICKLAND;  :
Ms. DOBBS; Ms. SICVERS; Ms.  :
COWART; Ms. BRADY; TIFFANY  :
WOOTEN; Mr. THURMOND; DEBBIE  :
KING; Major SMITH; Sgt. SALGADO;  :
RONNIE SHUEMAKE; TARAL TODMAN;  :
BENJAMIN WARREN; ASWON CAULEY;  :
FREDDIE DAVIS; JAMES McMILLAN;  :
MICHAEL NUPEN; TORJKA NASH;  :
LESLEY MEDLOCK; and SARAH BARBER,  :

       Defendants.        :

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed an action, as amended, pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): 1) In re: Waseem Daker, No. 11-11937 (11th Cir. June 3, 2011) (finding appeal frivolous) 2) State of Georgia v. Daker, No. 12-12519 (11th Cir. Nov. 5, 2012) (motion to proceed *in forma pauperis* denied after finding appeal frivolous and appeal dismissed for want of prosecution after Plaintiff failed to pay the filing fee); 3) In re: Waseem Daker, No. 12-12073 (11th Cir. July 12, 2012) (same); and 4) Daker v. Mokwa, 2:14cv395 (C.D. Cal.

2

Feb. 4, 2014) (complaint dismissed as being frivolous, malicious, or failing to state a claim upon which relief may be granted).[1]

The Eleventh Circuit upheld the constitutionality of section 1915(g) in <u>Rivera</u>. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. <u>Rivera</u>, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." <u>Id.</u>

In this Complaint, Plaintiff names over thirty (30) individuals, including former Cobb County prosecutors and a judge. Plaintiff contends that he was convicted in Cobb County Superior Court, and upon his conviction, Defendants Head, Weathers, and Staley asked the Georgia Department of Corrections to place Plaintiff in solitary confinement in an effort to hinder his ability to challenge his conviction and sentence.

---

[1] The Eleventh Circuit has found that a dismissal for want of prosecution after a finding of frivolity constitutes a strike under § 1915(g). <u>Allen v. Clark</u>, 266 F. App'x 815 (11th Cir. 2008).

AO 72A
(Rev. 8/82)

Plaintiff contends that the Georgia Department of Corrections Defendants complied with this request as retaliation for the litigation he pursued during his previous period of incarceration. Plaintiff contends that he was transferred to the custody of the Department of Corrections in October 2012 and was placed in a special management unit without benefit of a hearing. Plaintiff contends that his assignment in this unit placed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Plaintiff contends that the conditions of his confinement since he has been housed at Georgia State Prison have been deplorable. Plaintiff asserts that there is a Standard Operating Procedure in place which requires the barbershops in prisons to not use broken guards on the clippers, and Defendants have a de facto policy in place to ignore that Standard Operating Procedure. Plaintiff alleges that he was forcibly shaven with unsanitized clippers, and his requests for clean clippers were ignored. Plaintiff also alleges that he has numerous medical conditions for which he was previously treated, such as chest pains, back pain, knee pain, migraines, dizzy spells, carpal tunnel syndrome, and indigestion, but he has not been seen by medical for these conditions since his arrival at Georgia State Prison in April 2014. However, Plaintiff also alleges that he was sent to Augusta Medical State Prison after he arrived at Georgia State Prison. Plaintiff asserts that some of his teeth are sensitive and painful, and he has yet to see a dental care provider, though he was informed he would see a provider when an appointment is available. Plaintiff avers that he has been denied access to his preferred religious services, his mail, the grievance procedure, and access to the courts.

Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on May 19, 2014, or at the time he filed his Amended

4

Complaint on August 19, 2014. Plaintiff should not be considered to meet the exception to the three strikes rule. The undersigned's Order date June 10, 2014, (doc. no. 5), is **vacated**. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Plaintiff's claims should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a complaint along with the full filing fee.

In addition, even if Plaintiff met the exception to § 1915(g), he cannot proceed with this cause of action. A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has not shown how his various claims against the various Defendants from several penal institutions are related. Plaintiff's claims should be dismissed as a result.

Plaintiff has also filed Motions for a Preliminary Injunction or Temporary Restraining Order. As Plaintiff cannot proceed with this cause of action under § 1915(g), his Motions for Preliminary Injunction or Temporary Restraining Order, (doc. nos. 8, 10, and 11), should be **DENIED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this ____ day of September, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)