UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

Plaintiff,

v.  6:14-cv-47

PATRICK HEAD; JESSE D. EVANS; MARY E. STALEY; BRIAN OWENS; TIMOTHY WARD; RANDY TILLMAN; RICK JACOBS; ROBERT E. JONES; CARL HUMPHREY; DR. SHARON LEWIS; SHEVONDAH FIELDS; LISA FOUNTAIN; TORIS MCLESSIA ROZIER; JAMES DEMETRIUS SMITH; GEORGIA DEPARTMENT OF CORRECTIONS; ROBERT TOOLE; WENDELL FOWLER; JOHN PAUL; Ms. KILGORE; Mr. DELOACH; MILTON SMITH; MURIEL JACKSON; JOHN DOE; JANE DOE; DR. JOHN DOE; DR. JANE DOE; Ms. KING; P. MURPHY; Off. HENRY; Ms. BROWN; THREE JOHN DOES; BRUCE CHATMAN; JUNE BISHOP; DR. DEAN BROOME; Mr. CARAVELLO; WILLIAM McNUNN; STEPHEN NICOLOV; SHARON BROWN; Ms. LIGHTSEY; Ms. CROWDER; Ms. STRICKLAND; Ms. DOBBS; Ms. SICVERS; Ms. COWART; Ms. BRADY; TIFFANY WOOTEN; Mr. THURMOND; DEBBIE KING; Major SMITH; Sgt. SALGADO; RONNIE SHUEMAKE; TARAL TODMAN; BENJAMIN WARREN; ASWON CAULEY; FREDDIE DAVIS; JAMES McMILLAN; MICHAEL NUPEN; TORJKA NASH; LESLEY MEDLOCK; and SARAH BARBER,

Defendants.

ORDER

Waseem Daker has filed several motions with the Court. ECF Nos. 28, 29, 31. Daker previously filed a complaint under 42 U.S.C. § 1983. ECF No. 1. That complaint was dismissed, in part because he did not qualify for an exception from the three strikes rule. ECF No. 13 at 4-5.

I. MOTION TO RECUSE

Daker first seeks recusal of Judge B. Avant Edenfield from this case. ECF No. 28. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). As implied in the statute, "[j]udges routinely preside over motions for their own recusal." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1278 (11th Cir. 2009). Therefore, the Court will rule on Daker's Motion.

"Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). In fact, a judge's rulings "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* This disqualifying bias "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *McWhorter*, 906 F.2d at 678. Unless the moving party "demonstrates pervasive

bias and prejudice," the judge will not disqualify himself. *Id.* (quotation omitted).

Although citing several cases relating to recusal, Daker cites no improper action of the Court apart from failing to rule in his favor. His allegations of bias stem merely from disagreement with the rulings of the Court. "The alleged bias is thus judicial rather than personal in nature." *See id.* Because judicial opinions are insufficient to provide a basis for recusal, such a remedy is unwarranted here.

Therefore, the Court **DENIES** Daker's Motion, ECF No. 28.

## II. MOTION TO VACATE THE JUDGMENT

Daker has also filed a Rule 59(e) Motion with the Court, seeking to have the judgment vacated. ECF No. 31. Daker previously moved the Court to amend its judgment under the same rule, ECF No. 23, and the Court denied his motion because "he ha[d] offered no new argument in support of altering the Court's judgment," ECF No. 25.

Here, Daker has still failed to provide any new argument or evidence to the Court. Each argument Daker presents in this Motion was made previously when he objected to the magistrate judge's Report and Recommendation. *See* ECF No. 16. Indeed, he repeats many of the paragraphs, as well as pages eighteen through twenty-four verbatim. *See* ECF Nos. 31 at 18-24; 16 at 16-22. A Rule 59(e) motion cannot be used "to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Because Daker's motion offers no new argument in support of altering the Court's judgment, the Court **DENIES** his Rule 59(e) Motion, ECF No. 31.

## III. MOTION TO STAY

Daker also filed a Motion to Stay Proceedings with the Court, requesting that the case be stayed until a determination is made by the Eleventh Circuit. ECF No. 29 at 1. A determination has been made by the Eleventh Circuit, dismissing this case for lack of prosecution. ECF No. 32. Because the appeal has been dismissed, Daker's Motion to Stay, ECF No. 29, is **DENIED**.

## IV. CONCLUSION

The Court **DENIES** each of the above motions brought by Daker in this matter, ECF Nos. 28, 29, 31.

This 25 day of November 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA