## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 24, 2019

Waseem Daker
Valdosta SP - Inmate Legal Mail
PO BOX 5368
VALDOSTA, GA 31063-5368

Appeal Number: 19-12572-J
Case Style: In re: Waseem Daker
District Court Docket No: 6:14-cv-00047-RSB-BWC

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.**

The enclosed order has been ENTERED.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Davina C Burney-Smith, J/caw
Phone #: (404) 335-6183

MOT-2 Notice of Court Action

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 19-12572-J

In re:

WASEEM DAKER,

                                                                                                       Petitioner.

On Petition for Writ of Mandamus from the United States District Court for the
Southern District of Georgia

ORDER:

Waseem Daker, a Georgia prisoner proceeding *pro se*, petitions this Court for a writ of mandamus arising out of a 42 U.S.C. § 1983 civil rights complaint he filed in the U.S. District Court for the Southern District of Georgia. He also filed a "Motion to Proceed *in Forma Pauperis* [("IFP")] Under the 'Imminent Danger of Serious Physical Injury' . . . Exception to 28 U.S.C. § 1915(g)." Daker asks us to compel the district court to rule on his civil rights complaint, alleging it has unreasonably delayed in doing so. Daker alleges he is in imminent danger of serious physical injury because prison authorities are forcibly shaving him with unsanitized clippers, which he asserts could expose him to diseases.

This Court has previously determined that Daker has had at least three prior actions that have been dismissed in such a manner as to incur a strike for the purpose of § 1915(g). Under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a judgment in a civil action or proceeding under § 1915 if he:

has, on 3 or more prior occasions, while incarcerated or detained in any facility,

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Persuasive authority holds that the "three strikes" provision of § 1915(g) applies to mandamus petitions arising from civil actions and prevents a prisoner who has "three strikes" from filing a mandamus petition in this Court without first paying the full applicable filing fees when the petition arises from an underlying civil-rights action. *See In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (persuasive authority); *see also In re Washington*, 122 F.3d 1345, 1345 (10th Cir. 1997) (persuasive authority). Absent the imminent-danger exception to the "three strikes" provision, "[a]fter the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quotation omitted).

In determining whether a prisoner is in imminent danger, a court must look to the complaint as whole, construing it liberally and accepting the allegations as true, and determine "whether his complaint, as a whole, alleges imminent danger of serious physical injury." *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). However, past dangers are not sufficient to qualify under the imminent-danger exception to the "three-strikes" provision of § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

In *Brown*, the defendant had filed a § 1983 complaint alleging deliberate indifference to his serious medical needs based on a complete withdrawal of medication for his HIV and Hepatitis. 387 F.3d at 1346. He alleged that, as a result of the withdrawal of treatment, he was suffering from skin infections, pain, vision problems, fatigue, was more susceptible to various illnesses, his health would continue to deteriorate, and he would die sooner. *Id.* at 1346-47. He sought to proceed IFP in the district court, but the district court dismissed his complaint, concluding that he was a three-striker and had not met the imminent-danger exception. *Id.* at 1347. On appeal, we determined

that he had sufficiently alleged imminent danger where his complaint challenged a "total withdrawal of treatment for serious diseases [HIV and hepatitis], as a result of which he suffer[ed] from severe ongoing complications, [was] more susceptible to various illnesses, and his condition [would] rapidly deteriorate." *Id.* at 1350.

Similarly, in *Mitchell v. Nobles*, we held that a prisoner had sufficiently alleged that he was in imminent danger because he claimed that the defendants had completely withdrawn treatment for his Hepatitis C and cirrhosis. 873 F.3d 869, 873–75 (11th Cir. 2017). In contrast, in *Medberry*, we determined that a prisoner failed to sufficiently allege imminent danger when he complained of an assault by other inmates in the general population, but the record demonstrated that he was placed in protective custody prior to filing his complaint and was transferred to another prison thereafter. 185 F.3d at 1191, 1193.

Here, Daker's pleadings, construed liberally and considered as a whole, do not sufficiently allege that he is in imminent danger of serious physical injury. His previous experiences with being forcibly shaved do not qualify as imminent danger. *See Medberry*, 185 F.3d at 1193. Daker's claim that he could potentially contract an infectious disease as a result of being shaven with unsanitized clippers is too speculative to support a finding that he is in imminent danger. *See Brown*, 387 F.3d at 1350; *Mitchell*, 873 F.3d at 873–75. Accordingly, Daker's mandamus petition and motion will be **DISMISSED** without further notice unless the full filing fee is paid within 14 days of this order's entry.

[signature]
UNITED STATES CIRCUIT JUDGE