FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 2:18 pm, Jun 23, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK HEAD, et al., <br><br> Defendants. | CIVIL ACTION NO.: 6:14-cv-47 |

**O R D E R**

Presently before the Court is Defendants' Motion for Protective Order. Doc. 169. After considering Defendants' Motion, Plaintiff's Response thereto, doc. 192, and Defendants' Reply, doc. 196, and for good cause, this Court **GRANTS** Defendants' Motion. Defendants are hereby relieved from responding to any of Plaintiff's pending or subsequent motions and filings in this action, including those docketed on June 9, 2020, unless otherwise ordered to do so by this Court.

"District courts have inherent power to manage their dockets." Velez v. Reynolds, 770 F. App'x 528, 529 (11th Cir. 2019). Even the "right of access [to the courts] may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings." Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 517 (11th Cir. 1991). The Eleventh Circuit has recognized that "courts may take other, more creative, actions to discourage hyperactive litigators as long as some access to the courts is allowed." Id. at 518. Furthermore, it is within the Court's authority to change the time for a party to respond to a pending motion. See Local R. 7.5.

As repeatedly stated by the Eleventh Circuit, "Waseem Daker is . . . a serial litigant who has clogged the federal courts with frivolous litigation by submit[ting] over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." <u>Daker v. Robinson</u>, 802 F. App'x 513, 514 (11th Cir. 2020) (citation and quotations omitted); <u>see also</u> <u>Daker v. Toole</u>, 138 S. Ct. 234, 234 (2017) ("[P]etitioner has repeatedly abused this Court's process."). In this case alone, Plaintiff has filed over twenty motions in the past six months, many of them seeking similar relief as previously filed motions. Plaintiff's filings with the Court in this case have become overly burdensome. Plaintiff's filings are often boilerplate, duplicative, and tangential to the merits of Plaintiff's claims. Accordingly, the Court finds the requested relief in the form of Defendants being relieved from responding to Plaintiff's pending or subsequent motions and filings in this action, unless otherwise directed to do so by this Court, is appropriate in this circumstance. The Court is not limiting Plaintiff's right of access, but rather is relieving Defendants from the burden of responding to an overly litigious Plaintiff. This is a narrow and circumscribed limitation that preserves Plaintiff's ability to access the courts while managing the Court's docket and the impacts created by Plaintiff's deluge of filings.

In light of the above, the Court **GRANTS** Defendants' Motion for Protective Order, doc. 169. The Court **DENIES as moot** Defendants' Motion for Extension of Time to Respond to Plaintiff's June 9, 2020 filings, doc. 209, and Defendants' Request for Telephone Status Conference, doc. 211.

**SO ORDERED**, this 23rd day of June, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA