IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| PATRICK HEAD, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court are Plaintiff's "Motion for Partial Summary Judgment and Permanent Injunction on Cellphone-Related Claims: Motion for Preliminary Injunction," doc. 176, Defendants' Response thereto, doc. 191, and Plaintiff's Reply, doc. 223. In Plaintiff's Motion, he asks the Court to grant summary judgment on his due process, takings clause, and court-access claims pertaining to the seizure of his cellphone-related paraphernalia and to issue a preliminary injunction compelling Defendants to make arrangements to allow him to send any cellphone-related paraphernalia to a person outside of prison. Doc. 176 at 1. In the alternative, Plaintiff seeks a preliminary injunction compelling Defendants to make arrangements to allow him to send any cellphone-related paraphernalia to someone outside of prison while this case is pending, in order to preserve evidence thereon. Id.

As support for his Motion, Plaintiff relies on the facts outlined in his simultaneously filed proposed Second Amended and Supplemental Complaint, docs. 174, 174-1. Plaintiff makes allegations concerning seizures of his cellphones and related paraphernalia from June 1, 2015 through August 21, 2019, at several different prisons across the state. Doc. 176 at 1–6.

This Court previously denied Plaintiff's motion to amend and supplement Complaint, through which he sought to file his proposed Second Amended and Supplemental Complaint. Doc. 234. In its Order denying the Motion to Amend and Supplement Complaint, the Court found Plaintiff's attempt to add unrelated claims into one action, including his claims based on the seizures of his cellphones, was not permitted under Federal Rule of Civil Procedure 20. Doc. 234 at 4. In other words, the Court has not granted Plaintiff leave to pursue claims concerning the seizures of his cellphones and related paraphernalia in this action. It would be nonsensical to allow Plaintiff to seek summary judgment on claims which are not pending in this action, and, therefore, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Partial Summary Judgment on these claims.[1]

Plaintiff's request for an injunction allowing him to send cellphone-related paraphernalia to a person outside of prison should also be denied. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas Plaintiff sued Defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018).

---

[1] Even if these cellphone claims were properly before the Court, Plaintiff's filing of a Motion for Partial Summary Judgment on the very day he submitted these proposed claims to the Court and Defendants would be grossly premature, as there would have been no opportunity for Defendants to engage in discovery on these claims. See Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition.").

In this case, the Court only has before it Plaintiff's claims arising from his incarceration at Georgia State Prison through July 31, 2014 (the date of his Supplemental Complaint, doc. 9). His current request for injunctive relief involves the disposition of seized cellphones, a claim which, according to Plaintiff in his Motion, did not arise until June 1, 2015, when Plaintiff first alleges a cellphone was seized. Doc. 176 at 2. This request for preliminary injunctive relief is also clearly outside the issues in this suit, and as a result, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for a Preliminary/Permanent Injunction concerning the disposition of his seized cellphones and related paraphernalia. Doc. 176.[2]

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Cellphone-Related claims: Motion for Preliminary Injunction, doc. 176.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely,

---

[2] To the extent Plaintiff claims some of the seized cellphones have "photographs or audio or video recordings of evidence relevant to Plaintiff's claims challenging his conditions of confinement in this Case No. 6-14-CV-00047, or Plaintiff's other federal cases challenging his conditions of confinement," doc. 176 at 6, the Court notes any such matters should be dealt with by the parties during discovery, which at this point, is still stayed. See Doc. 233. If relevant evidence to this lawsuit is in fact on the seized cellphones, then Plaintiff should seek such evidence through traditional discovery means (including requests for production and motions to compel) and not through a request for injunctive relief.

written objections.  Harrigan, 977 F.3d at 1191–92.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 2nd day of February, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA