IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

PATRICK HEAD, et al.,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-47

**O R D E R**

Before the Court is Plaintiff's Motion to Strike: (1) Defendants' Reply to Their Motion to Sever and (2) Defendants' Reply to their Motion to Vacate I.F.P. Status. Docs. 198, 198-1.

In his Motion, Plaintiff acknowledges Defendants filed a notice of intent, doc. 157, on April 14, 2020 regarding their intention to file replies in support of their motion to sever and motion to vacate *in forma pauperis* status. Plaintiff also acknowledges Defendants filed their reply briefs on April 17, 2020, docs. 158, 159. However, Plaintiff claims he was never served with a copy of the reply briefs and only learned about them through a friend who had access to PACER. Doc. 198-1 at 1. Plaintiff now seeks to strike the reply briefs from the record due to the alleged failure to serve. The Court has not yet ruled on Defendants' motion to sever or motion to vacate Plaintiff's *in forma pauperis* status. Docs. 139, 140. In response to Plaintiff's Motion to Strike, Defendants contend they did serve the reply briefs on Plaintiff via U.S. Mail, referring the Court to the certificates of service attached to said briefs. Doc. 213 at 2 (referring to Doc. 158 at 5; Doc. 159 at 5).

> Pursuant to Federal Rule of Civil Procedure 12(f):
>
> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

Plaintiff, in his Reply, speculates his failure to receive the reply briefs "suggest[s] that Defendants may have intended to serve Plaintiff but did not actually do so."  Doc. 229 at 1–2.  However, contrary to Plaintiff's suggestion, his failure to receive a copy of the replies is not "scandalous."  Id.  In this case, Plaintiff learned of the existence of the reply briefs at least as early as May 28, 2020, the date he signed his Motion to Strike.  Doc. 198-1 at 2.  At that point, the Court had not yet issued a ruling on either Defendants' motions.  Moreover, Plaintiff does not dispute he was served with a copy of the Defendants' notice of intent to file replies, doc. 157.  Plaintiff certainly had ample opportunity to obtain a copy of the reply briefs and to seek permission to file an out-of-time surreply, if necessary.  Accordingly, Plaintiff has not suffered any harm as a result of his alleged failure to receive service copies of the replies.  See Pescatrice v. Nat'l Action Fin. Servs., Inc., No. 05-61110-CIV, 2006 WL 8432128, at *1 (S.D. Fla. June 23, 2006) ("Given the strong preference for deciding matters on the merits, the Court nonetheless declines to strike Defendant's Motion for Protective Order.  Plaintiff has suffered no harm from Defendant's failing to serve the motion as the Court notified Plaintiff's counsel about the motion shortly after it was filed and afforded Plaintiff an opportunity to respond.").  Further, there is nothing, other than Plaintiff's pure speculation, to persuade the Court his failure to receive the reply briefs was scandalous or otherwise warranted the striking of the replies.

As the Court finds there is no basis for striking the reply briefs under Rule 12(f), it will take Defendants' reply briefs, docs. 158, 159, under consideration when ruling on Defendants'

3

motions to sever and to vacate Plaintiff's *in forma pauperis* status.  The Court **DENIES**

Plaintiff's Motion to Strike these replies.  Docs. 198, 198-1.

**SO ORDERED**, this 2nd day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA