IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| PATRICK HEAD, et al., | |
| Defendants. | |

**O R D E R**

Before the Court is Plaintiff's Motion to Strike Defendants' Reply to his Partial Response to Defendants' Motion to Dismiss; Alternatively, Motion for Leave and Extension of Time to File Surreply, doc. 205, Defendants' Response, doc. 213, and Plaintiff's Reply thereto, doc. 229. In his Motion, Plaintiff contends Defendants "ambushed" him with their reply to his partial response to their motion to dismiss. Id. Specifically, Plaintiff claims Defendants improperly filed new evidence with their reply brief. Id. The Court does not find it necessary or appropriate to strike the reply at this time. As one court noted, "[N]othing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a movant from making supplemental record submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition brief." Hammons v. Comput. Programs & Sys., Inc., Civ. No. 05-0613, 2006 WL 3627117, at *14 (S.D. Ala. Dec. 12, 2006). Moreover, there is no concern over "ambush" in these circumstances, as Plaintiff has now filed a lengthy surreply, as described below, and has had a full and fair opportunity to address any and all arguments and evidence raised in Defendants' reply. Accordingly, the Court **DENIES** Plaintiff's Motion to Strike Defendants' Reply to his Partial Response to Defendants' Motion to Dismiss. Doc. 205.

Plaintiff, in the alternative, moves the Court for leave and extension of time to file a surreply. Id. Local Rule 7.6 provides: "A party intending to file a reply brief shall immediately so notify the Clerk and shall serve and file the reply within fourteen (14) calendar days of service of the opposing party's last brief." Local R. 7.6. The Court further notes in this district there is no need to seek prior permission to file a surreply. See Podger v. Gulfstream Aerospace Corp., 212 F.R.D. 609, 609 (S.D. Ga. 2003). Accordingly, the Court **DENIES as moot** Plaintiff's Motion for Leave to File Surreply, as leave to file his surreply is not required by the Court. As to Plaintiff's request for an extension of time, the Court notes Plaintiff filed his surreply on June 9, 2020, doc. 204, which is the same day he filed his Motion for Leave and Extension of Time to File Surreply, doc. 205. The Court, thus, **GRANTS** Plaintiff's Motion for Extension of Time and will consider his surreply, doc. 204, as timely filed.

In conclusion, Plaintiff's Motion to Strike Defendants' Reply to his Partial Response to Defendants' Motion to Dismiss; Alternatively, Motion for Leave and Extension of Time to File Sur-Reply, is **DENIED** in part, **DENIED as moot** in part, and **GRANTED** in part. Specifically, the Motion to Strike Defendants' Reply is **DENIED**, the Motion for Leave to File a Surreply is **DENIED as moot**, and the Motion for Extension of Time to File a Surreply is **GRANTED**. The Court will consider Defendants' reply and Plaintiff's surreply in ruling on Defendants' motion to dismiss.

**SO ORDERED**, this 2nd day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA