**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

WASEEM DAKER,

        Plaintiff,

        v.

PATRICK HEAD, et al.,

        Defendants.

CIVIL ACTION NO.: 6:14-cv-47

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

        Presently before the Court are several Motions Plaintiff filed seeking preliminary

injunctions related to his access to his legal materials, the prison law library, and photocopying:

1. **Legal Materials.**  Plaintiff's Motion for Preliminary Injunction for Access to Stored Legal Materials, doc. 136, and Plaintiff's Second and Supplemental Motion for Preliminary Injunction for Access to Stored Legal Materials, doc. 221;

2. **Law Library.**  Plaintiff's Motion for Preliminary Injunction for Law Library Access, doc. 137, and Plaintiff's Supplemental Motion for Preliminary Injunction for Law Library Access, doc. 200;

3. **Photocopying.**  Plaintiff's Motion for Preliminary Injunction for Access to Photocopying, doc. 138, Plaintiff's Renewed, Amended, and Supplemental Motion for Preliminary Injunction for Access to Photocopying, doc. 167, Plaintiff's Second Renewed, Amended, and Supplemental Motion for Preliminary Injunction for Access to Photocopying, doc. 168, Plaintiff's Third Renewed, Amended, and Supplemental Motion for Preliminary Injunction for Access to Photocopying, doc. 206, and Plaintiff's Motion for Access to Photocopying, doc. 245.

Also, before the Court are Defendants' Responses to the foregoing Motions, docs. 143, 190, 213,

and Plaintiff's Replies, docs. 162, 217, 222, 229.  For the reasons laid out herein, I

**RECOMMEND** the Court **DENY** Plaintiff's Motions for Preliminary Injunction for Access to

Stored Legal Materials, docs. 136, 221, **DENY** Plaintiff's Motions for Preliminary Injunction for

Law Library Access, docs. 137, 200, and **DENY** Plaintiff's Motions for Preliminary Injunction

for Access to Photocopying, docs. 138, 167, 168, 206, 245.

## I.      Summary of Plaintiff's Motions

In his Motion and Second and Supplemental Motion for Preliminary Injunction for

Access to Stored Legal Materials, Plaintiff asks the Court to issue an injunction compelling

Defendants to provide him with "readily available" access to his stored legal materials.  Doc. 136

at 10; Doc. 221 at 1.  Specifically, Plaintiff contends that during and after his incarceration at

Georgia State Prison ("GSP"), limits were imposed on his ability to access his stored legal

materials.[1]  Doc. 136 at 1–3.  On April 19, 2018, Plaintiff was transferred out of GSP.  Id. at 3.

The current Motions for injunctive relief were filed after that transfer, while Plaintiff was

incarcerated at Valdosta State Prison.  Id.  Plaintiff contends he was only allowed sporadic

access to his legal materials during his time at Valdosta State Prison and needs the materials in

order to prepare documents in this case.[2]  Id.; Doc. 221 at 4–6.  Plaintiff is now incarcerated at

Smith State Prison in Glennville, Georgia.  Doc. 242.

In his Motion and Supplemental Motion for Preliminary Injunction for Law Library

Access, Plaintiff alleges he has not had proper access to a law library since February 17, 2015.

Doc. 137 at 3–5; Doc. 200.  He alleges Valdosta State Prison has a satellite law library in the

---

[1]      Plaintiff did not raise any claims regarding his access to his stored case materials in either his Complaint or Supplemental Complaint.  Docs. 1, 9.  In fact, a review of his Supplemental Complaint indicates while Plaintiff had certain property removed when he was placed on Tier II at GSP in July 2014, he was permitted to keep his "legal work."  Doc. 9 at 17.  Further, Plaintiff indicates in his current Motions for access to such materials his access at GSP was not significantly restricted until early 2015.  Doc. 136 at 2.

[2]      Plaintiff complains the lack of access impeded him from preparing his Second Amended and Supplemental Complaint.  Doc. 136 at 3–4.  However, the Court notes Plaintiff filed a Motion to Amend and Supplement Complaint on May 6, 2020, with a proposed 236-page "Second Amended and Supplemental Complaint."  Docs. 174, 174-1.

lockdown unit consisting of a cage with a computer in it.  The computer purportedly has Lexis-Nexis installed on it, but it has not worked since Plaintiff's transfer to Valdosta State Prison through the time he filed his Motions.  Doc. 137 at 5.  Plaintiff alleges he has not been allowed access to the general population law library at Valdosta State Prison since April 10, 2019, and he has not been allowed access to the satellite law library computer since June 7, 2019.  Doc. 200 at 2–3.  He also alleges he has been denied access to copies of cases through Valdosta State Prison's general population law library.  Id. at 3.

In his many Motions for access to photocopying, docs. 138, 167, 168, 206, 245, Plaintiff asks the Court to order Defendants to provide him with access to photocopying so he may file documents with the courts, serve copies on opposing counsel, and keep copies for his own records.  He contends the lack of access to photocopying prevents him from having adequate court access, as it makes it difficult for him to submit exhibits to the Court[3] and hinders his ability to create service copies[4] and copies of filings for his own records.[5]  He also contends he was injured in a separate habeas case in 2020 due to his lack of access to photocopies.  Doc. 167 at 8.

---

[3]	Plaintiff claims he needs access to photocopying so he can copy certain records to respond to and rebut testimony presented by Defendants in support of their motion to dismiss.  Doc. 168; Doc. 206; Doc. 217; Doc. 222 at 1–13.  Specifically, Plaintiff states he has grievance records to challenge the testimony of Muriel Jackson.  Doc. 222 at 3–4.  To the extent these records are germane to any dispute about Plaintiff's exhaustion of available administrative remedies, the Court will address the need for these records when considering Defendants' motion to dismiss, doc. 148.

[4]	On August 7, 2020, this Court entered an Order relieving Plaintiff from having to serve paper copies on parties registered with the Court's Electronic Case Filing ("ECF") system.  Doc. 227.

[5]	This Court previously notified Plaintiff. "If [he] loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page."  Doc. 99 at 47.

Plaintiff previously filed similar requests for injunctive relief regarding photocopy and law library access, docs. 10, 73, 74, 80, 81, 83, 86, and this Court denied the requests.  Docs. 94, 235.

## II.      Analysis of Plaintiff's Requests for Preliminary Injunctive Relief

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court."  Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002).  To be entitled to a preliminary injunction, a plaintiff must demonstrate:

> (a) there is a substantial likelihood of success on the merits; (b) the . . . preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the . . . preliminary injunction would cause to the non-movant; and (d) the . . . preliminary injunction would not be averse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001).  "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to all four elements."  Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001) (citation and quotation marks omitted).  Further, in a civil action concerning prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  "The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ."  Id.

"A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."  Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL

1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018).

Plaintiff's requests for injunctive relief in the form of access to the law library, photocopying, and his legal materials at Valdosta State Prison are not sufficiently related to his claims before this Court.  In this case, the Court only has before it Plaintiff's claims arising from his incarceration at GSP through July 31, 2014 (the date of his Supplemental Complaint, doc. 9). Plaintiff did not even transfer to Valdosta State Prison until December 26, 2018, doc. 136 at 3, more than four years after the events he alleges in the Complaint and Supplemental Complaint Doc. 1, 9.[6]  To the extent Plaintiff is now seeking preliminary injunctive relief for access to photocopying at his current facility, Smith State Prison, doc. 245, the Court also finds such relief is not related to his claims before this Court.

Moreover, regarding Plaintiff's Motions seeking access to photocopies, the Eleventh Circuit Court of Appeals has rejected the argument that free photocopies are necessary to satisfy the right of a prisoner to access the courts.  In Wanninger v. Davenport, the court stated, "We agree with the Tenth and Third Circuits that jail officials do not necessarily have to provide a prisoner with free, unlimited access to photocopies of legal precedents in order to protect the prisoner's right to access to the courts."  697 F.2d 992, 994 (11th Cir. 1983); see also Miller v. Donald, 132 F. App'x. 270, 272 (11th Cir. 2005) (refusal of inmate's request for free photocopies of documents to serve on defendants was upheld because, among other things, he

---

[6]     Additionally, despite Plaintiff's contention to the contrary, his claims for injunctive relief while at Valdosta State Prison are mooted by virtue of his transfer to Smith State Prison, doc. 242.  "The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."  McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984).

did not allege he "was unable to produce, hand-copied duplicates"). Accordingly, even if the claim for injunctive relief were properly before the Court, it is unlikely to succeed on the merits.

Plaintiff has shown the Court he has the ability to file extensive pleadings. In the past year, he has filed hundreds of pages in this case alone and appears to have numerous other cases pending in various courts across the state. While access to photocopies may make Plaintiff's ability to litigate this case easier, his lack of access has not closed the courthouse doors. "It is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." Lewis v. Casey, 518 U.S. 343, 349 (1996).

This Court also notes, at the time he filed these Motions, Plaintiff already had pending claims for injunctive relief in the Middle District of Georgia concerning his access to photocopies, his access to the law library, and his access to stored legal materials at Valdosta State Prison and other facilities. See Compl. & Recast Compl., Daker v. Ward, No. 5:19-cv-126, (M.D. Ga. Apr. 8 & Sept. 27, 2019), ECF No. 1-1, pp. 68–70, 77, 81–82; ECF No. 12, pp. 67–68; see also Recast Compl., Daker v. Ward, No. 5:19-cv-365, (M.D. Ga. Feb. 27, 2020), ECF No. 9, pp. 78–105.[7] "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986). The duplicative nature of Plaintiff's claims for injunctive relief provides this Court with yet another

---

[7]     Additionally, Plaintiff recently filed a case in this district asserting 42 U.S.C. § 1983 claims based on the denial of access to photocopies and the law library and seeking injunctive relief. Daker v. Ward, Daker v. Ward, No. 6:21-cv-3 (S.D. Ga. Jan. 11, 2021). In fact, his most recent Motion for Access to Photocopying filed in this case on January 19, 2021, doc. 245, was simultaneously filed in Daker v. Ward, No. 6:21-cv-3 (S.D. Ga. Jan. 19, 2021), Doc. 3.

reason to deny them.  Plaintiff should not be allowed to simultaneously proceed with his claims

for injunctive relief in multiple courts.

## CONCLUSION

In light of the above, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for

Preliminary Injunction for Access to Stored Legal Materials, docs. 136, 221, **DENY** Plaintiff's

Motions for Preliminary Injunction for Law Library Access, doc. 137, 200, and **DENY**

Plaintiff's Motions for Preliminary Injunction for Access to Photocopying, docs. 138, 167, 168,

206, 245.

Any objections to this Report and Recommendation shall be filed within 14 days of

today's date.  Objections shall be specific and in writing.  Failure to file timely, written

objections will bar any later challenge or review of the Magistrate Judge's factual findings and

legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4,

977 F.3d 1185, 1191–92 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the

Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely,

written objections.  Harrigan, 977 F.3d at 1191–92.  A copy of the objections must be served

upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify in

whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge.  A

party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of February, 2021.


_____

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA