IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court is Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction; Alternatively, Emergency Motion for Preliminary Injunction or Temporary Restraining Order, doc. 180, Defendants' Response thereto, doc. 194, and Plaintiff's Reply, doc. 224. In Plaintiff's Motion, he asks the Court for a preliminary injunction or temporary restraining order ordering Defendants to allow a tray or plate from the 'Eid feast to be prepared and delivered to Plaintiff specifically in his cell. Doc. 180 at 1.[1]

As support for his Motion, Plaintiff relies on his personal recollection of events occurring from July 28, 2014 through 2020 and a memorandum from the warden of Georgia State Prison, dated July 7, 2016, which outlines plans to permit Plaintiff to receive a chicken box meal as part

---

[1] Although Plaintiff titled his Motion as a "Motion for Partial Summary Judgment and Permanent Injunction; Alternatively, Emergency Motion for Preliminary Injunction or Temporary Restraining Order," in the body of the Motion, Plaintiff seeks only a preliminary injunction or a temporary restraining order and makes no discernible request for summary judgment or permanent injunction. Doc. 180. As a result, the Court will not construe Plaintiff's Motion as seeking partial summary judgment or a permanent injunction. Even if Plaintiff's Motion had sought summary judgment, such a request would fail because there is not currently any claim related to provision of the 'Eid feast pending before the Court at this time. This claim was not raised in Plaintiff's Complaint or Supplemental Complaint, docs. 1, 9, and the Court denied Plaintiff's request to supplement his Complaint with allegations concerning the 'Eid feast, doc. 174 at 130–33; doc. 234.

of the Ramadan Feast, noting he will "receive the same serving as the offenders in General Population that participate in the Ramadan Feast." Id. at 1–4, 12, 14. Despite receiving feast meals in 2016 and 2017, Plaintiff alleges he was not allowed to attend the feasts or have a feast meal brought to his cell in 2018 and 2019, and he alleges there were plans to deny him a feast meal in 2020. Id. at 3–4.

The Court now considers Plaintiff's request for a preliminary injunction or temporary restraining order. The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). To be entitled to a preliminary injunction or temporary restraining order ("TRO"), a plaintiff must demonstrate:

> (a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be averse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to all four elements." Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001) (citation and quotation marks omitted). Further, in a civil action concerning prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ." Id.

Additionally, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018).

In this case, the Court only has before it Plaintiff's asserted claims arising from his incarceration at Georgia State Prison through July 31, 2014 (the date of his Supplemental Complaint, doc. 9). His current request for preliminary injunctive relief involves the provision of certain Islamic meals in 2020 at Valdosta State Prison.[2] Doc. 180 at 4. While Plaintiff did raise First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims in his Complaint, they only involved his access to weekly Jumu'ah and Ta'lim Islamic services while in custody and not his access to the 'Eid feast. See Doc. 1 at 21, 30–31. Moreover, this Court has now dismissed all of Plaintiff's RLUIPA claims. Doc. 235 at 26 ("The Court DISMISSES all of Plaintiff's claims under the RLUIPA."). Accordingly, the Court should

---

[2] Additionally, this issue is now moot, as the 2020 feasts for 'Eid-ul-Fitr and 'Eid-ul-Adha have already passed. Doc. 224 at 1. It bears noting Plaintiff has inundated the Court with filings, including numerous motions he designates as "emergency" and motions for preliminary or injunctive relief, and which are often boilerplate, duplicative, and tangential to the merits of the case. See Doc. 214 (granting request for protective order alleviating Defendants' obligations to respond to every motion filed by Plaintiff in this matter). The Court always endeavors to address time-sensitive requests as expeditiously as possible. However, Plaintiff's constant filing of such improper and baseless requests makes it difficult or impossible for the Court to ascertain any legitimate, time-sensitive request. The instant Motion highlights the issue, as it is a baseless request and tangential to the merits of the case on a nonexistent claim but presented in the form of an emergency request for preliminary injunctive relief.

decline to issue a preliminary injunction or temporary restraining order on the issue of his access to the Islamic 'Eid feast, as it deals with a matter lying wholly outside the scope of this lawsuit.

Even if the Court were to consider Plaintiff's request for 'Eid meals in the context of the First Amendment claims raised in the Complaint, Plaintiff fails to demonstrate a substantial likelihood of success on the merits. "[T]he Supreme Court has long made clear that federal courts must afford substantial deference to the judgment of prison authorities." Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996). Even "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Here, the Court is disinclined to issue an injunction at this stage of the litigation when there could be a legitimate penological reason for denying Plaintiff his 'Eid meals. It is not this Court's role to involve itself in such day-to-day decisions that are part of running a prison.

> In the necessarily closed environment of the correctional institution, few changes will have no ramifications on the liberty of others or on the use of the prison's limited resources for preserving institutional order. When accommodation of an asserted right will have a significant 'ripple effect' on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials.

Turner, 482 U.S. at 90.

Plaintiff's request for preliminary injunctive relief and temporary restraining order is clearly outside the scope of the issues in this suit, and even if it were not, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits. For these reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Emergency Motion for Preliminary Injunction or Temporary Restraining Order ordering delivery to Plaintiff of a tray from the 'Eid feast, doc. 180.

**CONCLUSION**

For the foregoing reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction; Alternatively, Emergency Motion for Preliminary Injunction or Temporary Restraining Order, doc. 180.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA