IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court are Plaintiff's Motion to Exceed Page, Word, or Type-Size Limitations on Plaintiff's Brief in Support of Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Tier-II/Segregation-Related Claims: Motion for Preliminary Injunction, docs. 171, 175.  For the reasons stated below, I **DENY** Plaintiff's Motion to Exceed Page, Word, or Type-Size Limitations on Plaintiff's Brief in Support of Motion for Summary Judgment, doc. 171, and I **RECOMMEND** the Court **DENY without prejudice** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Tier-II/Segregation-Related Claims: Motion for Preliminary Injunction, doc. 175.

**I.      Plaintiff's Motion to Exceed Page, Word, or Type-Size Limitations, Doc. 171**

Plaintiff, in his Motion to Exceed Page, Word, or Type-Size Limitations on Plaintiff's Brief in Support of Motion for Summary Judgment, seeks the Court's permission to exceed the usual 26-page limit for briefs.  See Local R. 7.1(a) ("Absent prior permission of the Court, no brief shall exceed twenty-six (26) pages in length, inclusive of the certificate of service required by LR 5.1.").  Plaintiff seeks to submit an 86-page brief in support of his request for summary

judgment on his claims related to assignment on Tier II.[1]  Plaintiff submitted the proposed brief contemporaneously with making the request to exceed the page limit.  Doc. 177.  Plaintiff argues he should be granted permission because "[t]his case is unusually complex in that Defendants has himself [sic] submitted more than 500 pages of Exhibits."  Doc. 171 at 1.  However, this is actually an untrue statement.  Based on the docket numbers Plaintiff references in his Motion to Exceed, doc. 171 at 1–2, as well as his own admission, doc. 223 at 2, he appears to be referencing exhibits filed by a different defendant in an entirely different case.  Defendants filed a Response in opposition, and Plaintiff filed a Reply, docs. 191, 223.

Plaintiff has not provided the Court with a valid reason to grant him permission to grossly exceed this District's 26-page limit.  Plaintiff's proposed brief clearly violates the 26-page limit set out in this Court's Local Rules for Civil Actions.  Plaintiff begins his proposed brief by stating he is seeking "summary judgment on his Petition for writ of Habeas Corpus," despite this being a suit brought under 42 U.S.C. § 1983.  Doc. 177.  The brief is filled with citations to exhibits in other cases and addresses claims not before the Court in this case.  Moreover, Plaintiff routinely files duplicative and meritless motions, which are both voluminous and unnecessary.  While the Court, at times, grants requests to exceed page limits set by its Local Rules, it does so on a case-by-case basis.  Here, Plaintiff has failed to present any legitimate reason for him to exceed the 26-page limit in Local Rule 7.1.  Moreover, Plaintiff's pattern of inundating the Court with voluminous and unnecessary filings militates against granting him permission to exceed that limit here. Accordingly, the Court **DENIES** Plaintiff's Motion to Exceed Page, Word, or Type-Size Limitations.

---

[1]   Plaintiff's 86-page brief is in addition to his 560-paragraph, 90-page statement of undisputed facts.  Doc. 172.

## II. Plaintiff's Motion for Partial Summary Judgment on Tier-II/Segregation-Related Claims, Doc. 175

At the outset, I **RECOMMEND** the Court **DENY without prejudice** Plaintiff's Motion for Partial Summary Judgment on Tier-II/Segregation-Related Claims because Plaintiff has not submitted a brief which complies with this Court's Local Rules. Even if the Court had granted Plaintiff permission to file his lengthy brief and considered the brief Plaintiff provided, Plaintiff's Motion should still be denied, because the Motion is premature, and there are significant deficiencies in the Motion and supporting documents.

First, Defendants raise the argument Plaintiff's Partial Motion for Summary Judgment should be denied as premature. Doc. 191. The Court agrees. Even if the brief complied with the applicable page limits, the Motion should still be denied as premature. "Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013). As explained in Blumel v. Mylander, Rule 56 of the Federal Rules of Civil Procedure "implies[] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." 919 F. Supp. 423, 428 (M.D. Fla. 1996) (citation and quotation marks omitted). In Blumel, the district court denied the plaintiff's motion for summary judgment, reasoning:

> Blumel's motion is blatantly premature in that discovery began on the very day of its service. Also, Blumel seeks summary judgment while [defendant]'s motion to dismiss is pending and before it has answered the Complaint. Finally, because Blumel merely verifies his Complaint, he could not plausibly convince the Court that he is "clearly entitled to summary judgment" or that "further discovery would be pointless."

3

Id. at 429. Furthermore, the Eleventh Circuit Court of Appeals has determined "summary judgment may only be decided upon an adequate record." Snook v. Trust Co. of Ga. Bank of Savannah, 859 F.2d 865, 870 (11th Cir. 1988).

As discovery has not yet begun in this case, having been stayed in connection with Defendants' motion to dismiss, see doc. 233, the Court concludes Plaintiff's Motion for Partial Summary Judgment is premature. Plaintiff contends Defendants were required under Federal Rule of Civil Procedure 56(d)[2] to submit an affidavit or declaration notifying the Court they were unable to present facts essential to justify opposition to the Motion. Doc. 223 at 5–6. However, in the Eleventh Circuit "a party opposing a motion for summary judgment need not file an affidavit pursuant to Rule [56(d)] of the Federal Rules of Civil Procedure in order to invoke the protection of that Rule." Snook, 859 F.2d at 871. Rather, "the written representation by [the party's] lawyer, an officer of the court, is in the spirit of Rule [56(d)] under the circumstances." Id.; see also Fernandez v. Bankers Nat'l Life Ins. Co., 906 F.2d 559, 570 (11th Cir. 1990) ("This circuit recognizes that the interests of justice sometimes require postponement in ruling on a summary judgment motion, although the technical requirements of Rule [56(d)] have not been met."). Here, Defendants timely raised the premature nature of Plaintiff's Motion for Partial Summary Judgment in their Response, noting discovery has not yet begun. Doc. 191

---

[2] Rule 56(d) of the Federal Rules of Civil Procedure provides: If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). The Court notes, prior to December 1, 2010, the substance of Rule 56(d) was found in Rule 56(f). However, this subdivision of the Rule did not undergo any substantive changes. See Fed. R. Civ. P. 56(f) advisory committee's note to 2010 amendment ("Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."). Accordingly, case law analyzing the former Rule 56(f) is still applicable to the Court's analysis.

at 2–3.  Accordingly, the Court finds Defendants properly raised the issue, and thus, denial of Plaintiff's Motion is appropriate in this circumstance.[3]

Moreover, while Plaintiff states he is moving for summary judgment on his due process claims in this case, doc. 175 at 1, the Court notes it has only permitted Plaintiff to proceed with due process claims against Defendants Deloach, Owens, Toole, Bailey-Dean, and Jacobs. Doc. 235 at 26.  The Court, in reviewing the 90-page statement of undisputed material facts submitted in support of Plaintiff's Partial Motion for Summary Judgment, finds no mention of four of these five Defendants.  Doc. 172.  While Plainitff does reference Defendant Jacobs in paragraphs 228, 255, and 258 of his statement, these three references involve facts which occurred in 2015, after the events alleged in the Complaint and Supplemental Complaint.[4]  Id. at 36, 41–42.  Further, these specific allegations do not even support a procedural due process claim against Defendant Jacobs.  In one paragraph, Plaintiff states he "sent a letter to GDC Facilities Director Jacobs requesting to wear a beard for religious reasons" and in the other two paragraphs, he notes Defendant Jacobs granted him a Tier II appeal.  Id.  The Court hardly finds Defendants would have had notice of the nature of the claims on which Plaintiff is seeking summary judgment, much less would they have had time to engage in meaningful discovery on such claims.

---

[3]    To be clear, the undersigned finds Plaintiff's Motion to be premature as a practical matter, and is, therefore, due to be denied.  That is not to say Plaintiff was barred from filing the Motion or that early motions for summary judgment (like Plaintiff's) are always inappropriate.  Rather, Plaintiff's Motion in this case is premature and should be denied without prejudice.

[4]    While Plaintiff has moved this Court for leave to supplement the Complaint and include later events, the Court has not granted him leave to do so.  Doc. 234 (denying Docs. 174, 212, 219).

Furthermore, a review of Plaintiff's 86-page Brief in Support of Motion for Summary Judgment reveals it is almost identical to the brief in support of motion for summary judgment Plaintiff filed in his separate habeas case, Daker v. Allen, No. 6:17-cv-23 (S.D. Ga. Oct. 25, 2019), ECF No. 209.[5]  As noted above, Plaintiff states in the proposed brief he is moving "the Court to grant him summary judgment on his Petition for Writ of Habeas Corpus," and "Plaintiff petitions this Court to grant him summary judgment on this Petition for Writ Of Habeas Corpus." Doc. 177 at 1, 86.  Plaintiff identifies Marty Allen as the sole Defendant in his Brief.  Id. at 1.  However, Marty Allen is not even a party to this lawsuit.  Docs. 1, 9, 235.  Also, according to Plaintiff in his statement of undisputed material facts in support of motion for summary judgment, he is mainly relying on events occurring in 2015 and later, which are outside the scope of the present case, doc. 172; rather, this case is limited to claims arising from Plaintiff's incarceration at Georgia State Prison through July 31, 2014 (the date of his Supplemental Complaint, doc. 9).

At best, the Court finds this Motion for Partial Summary Judgment is a hasty attempt by Plaintiff to recycle a pleading from a different case involving a different defendant.  Plaintiff's deliberate filing of a Motion for Partial Summary Judgment with an 86-page supporting brief, naming the wrong Defendants and involving events not at issue in this case, can only be viewed as a malicious attempt to overburden the Court and Defendants with additional work.  In light of Plaintiff's litigation history, this Court views his filings with a wary eye.  According to the Eleventh Circuit, "Waseem Daker is . . . a serial litigant who has clogged the federal courts with frivolous litigation by submit[ting] over a thousand pro se filings in over a hundred actions and

---

[5] Plaintiff appears to have just changed "Petitioner" to "Plaintiff" and "Respondent" to "Defendants."

6

appeals in at least nine different federal courts." Daker v. Robinson, 802 F. App'x 513, 514 (11th Cir. 2020) (citation and quotation marks omitted); see also Daker v. Toole, 138 S. Ct. 234, 234 (2017) ("[P]etitioner has repeatedly abused this Court's process.").

For these reasons, I **RECOMMEND** the Court **DENY without prejudice** Plaintiff's Motion for Partial Summary Judgment. If Plaintiff seeks summary judgment on any of his claims in the future, the Court expects him to do so only after the parties have had sufficient time to engage in discovery, and—this should go without saying—the Court also expects any motion for summary judgment to only address the claims actually before this Court.

### III. Plaintiff's Motion for Permanent Injunction on Tier-II/Segregation-Related Claims and Motion for Preliminary Injunction, Doc. 175

To the extent Plaintiff seeks relief in the form of a preliminary injunction in this Motion, it should also be denied. The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). To be entitled to a preliminary injunction, a plaintiff must demonstrate:

> (a) there is a substantial likelihood of success on the merits; (b) the . . . preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the . . . preliminary injunction would cause to the non-movant; and (d) the . . . preliminary injunction would not be averse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034–35 (11th Cir. 2001). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to all four elements." Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001) (citation and quotation marks omitted). Further, in a civil action concerning prison conditions, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C.

7

§ 3626(a)(2).  "The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ."  Id.

Even if the Court were to consider Plaintiff's 86-page brief in support of his Motion, which it has declined to do, Plaintiff fails to present any arguments concerning his request for a preliminary injunction in his brief.  Accordingly, he has not "clearly established the 'burden of persuasion' as to all four elements."[6]

Finally, to the extent Plaintiff seeks a preliminary or permanent injunction at this time regarding his release from segregation/Tier II confinement, the Court finds the request to be impermissibly duplicative.  "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court."  I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986).  When Plaintiff filed this Motion, he was still incarcerated at Valdosta State Prison and had at least one pending case in the Middle District of Georgia in which he asserted claims based on placement in segregation and Tier II and sought injunctive relief.  Compl. & Recast Compl., Daker v. Ward, 5:19-cv-126 (M.D. Ga. Apr. 8 & Sept. 27, 2019), ECF No. 1-1, pp. 79–78, 82; ECF No. 12, pp. 64–66, 68.  Plaintiff, who is now at Smith State Prison, recently filed another § 1983 case, also titled Daker v. Ward, in which he challenges his confinement on segregation/Tier II at Smith State Prison and seeks injunctive relief.  See Compl., Daker v. Ward, No. 6:21-cv-3 (S.D. Ga. Jan. 11, 2021), ECF No. 1, pp. 82–84.  The duplicative nature of

---

[6] The Court also notes "the Supreme Court has long made clear that federal courts must afford substantial deference to the judgment of prison authorities."  Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996).  Where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion.  See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989).

Plaintiff's claims for injunctive relief provides this Court with yet another reason to deny this Motion.  Plaintiff should not be allowed to simultaneously proceed with his claims for injunctive relief in the form of immediate release from Tier II/segregation in multiple cases.  In fact, the Eleventh Circuit recently upheld a district court's dismissal of Plaintiff's duplicative proceedings, agreeing the filing of duplicative claims could be deemed malicious.  See Daker v. Bryson, No. 18-10205, 2020 WL 7396561, at *4–5 (11th Cir. Dec. 17, 2020).  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's request for a preliminary injunction, and to the extent Plaintiff seeks entry of judgment on a permanent injunction for his release from Tier II/segregation, such a request should also be denied, as it is duplicative of Plaintiff's claim in at least one other case.

## CONCLUSION

For the above-stated reasons, I **DENY** Plaintiff's Motion to Exceed Page, Word, or Type-Size Limitations on Plaintiff's Brief in Support of Motion for Summary Judgment, doc. 171, and I **RECOMMEND** the Court **DENY without prejudice** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Tier-II/Segregation-Related Claims: Motion for Preliminary Injunction, doc. 175.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely,

written objections. Harrigan, 977 F.3d at 1191–92. A copy of the objections must be served upon all parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of February, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA