IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>      Plaintiff,<br><br>v.<br><br>BRIAN OWENS, et al.,<br><br>      Defendants. | CIVIL ACTION NO.: 6:14-cv-47 |

## O R D E R

Presently before the Court are a number of Plaintiff's "Partial Objections" to several Orders the Magistrate Judge issued in this case. (Docs. 236, 237, 238, 239, 244.) Plaintiff objects to the following:

1. Order, (doc. 232), denying Plaintiff's motion for access to case authorities, (doc. 114);

2. Order, (doc. 234), denying Plaintiff's motions to amend and supplement Complaint, for leave to file third Amended and Supplemental Complaint, and for leave to supplement Complaint, (docs. 174, 212, 219);

3. Order, (doc. 233), granting Defendants' motion to stay discovery, denying Plaintiff's motions to not stay discovery, and denying as moot Plaintiff's motion to expedite start of discovery, (docs. 111, 113, 135, 150);

4. Order, (doc. 239), denying Plaintiff's motion to certify state law questions to Supreme Court of Georgia, (doc. 115); and

5. Order, (doc. 243), denying Plaintiff's motion for recusal, (doc. 226).

Upon review, and for the reasons stated below, the Court **OVERRULES** all of Plaintiff's "Partial" Objections.

**DISCUSSION**

When a magistrate judge rules on a non-dispositive pretrial discovery matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). Fed. R. Civ. P. 72(a). In reviewing the magistrate judge's order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. The clearly erroneous or contrary to law standard "is exceedingly deferential." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

The Court has carefully reviewed the Magistrate Judge's above-cited Orders and Plaintiff's Objections to those Orders. Plaintiff fails to demonstrate any of the Magistrate Judge's decisions in those Orders is clearly erroneous or contrary to law. Indeed, Plaintiff's Objections consist almost entirely of meritless arguments that have been considered—and properly rejected— numerous times in this matter. Therefore, the Court **OVERRULES** all of Plaintiff's Objections. However, a few specific matters Plaintiff raises in his Objections merit further discussion.

Plaintiff objects to the Magistrate Judge's September 3, 2020 Order, (doc. 234), in which the Magistrate Judge denied Plaintiff's requests to file an amended complaint. (Doc. 237.) Among other reasons for denying Plaintiff's requests, the Magistrate Judge determined Plaintiff's proposed claims relating to access to a digital Qur'an and claims relating to seizure of cell phones could not be joined under Federal Rule of Civil Procedure 20. Plaintiff agrees with the Magistrate Judge's conclusions regarding Rule 20 but complains these claims could have been joined under

Rule 18, and the Magistrate Judge should have considered application of Rule 18. (Doc. 237, pp. 9–10, 11.) Plaintiff's Objections are without merit. The Magistrate Judge was not required to address Rule 18 because he determined Plaintiff's attempts to bring approximately 100 new defendants into this action did not meet the requirements of Rule 20. (Doc. 234, pp. 2–4.) This determination is not contrary to law, nor is it clearly erroneous. See, e.g., Daker v. Bryson, Case No. 5:15-CV-88, 2018 WL 9598914, at *11 (M.D. Ga. July 19, 2018) ("Once Plaintiff has established that each Defendant is properly joined, only then may he join as many claims as he had against each party per Federal Rule of Civil Procedure 18(a).") (citation omitted). Additionally, to the extent this ruling could be considered as a dispositive ruling subject to a *de novo* review standard, the Court concurs with the Magistrate Judge's ruling after a complete review of the record. Furthermore, even if joinder of Plaintiff's proposed claims were appropriate under Rule 18, the Magistrate Judge still correctly concluded Plaintiff's attempts to supplement and amend violated Rule 8 and the prohibitions against shotgun pleadings, as well as needlessly complicating the already complicated proceedings before this Court, thus, warranting denial of leave to supplement under Rule 15(d). (Doc. 234, pp. 1, 2–4, 6.) These complications are underscored by Plaintiff's non-stop attempts to file motions regarding allegations and legal theories the Court has already addressed but still require attention due to Plaintiff's duplicative and repetitive filings. (E.g., Docs. 176, 201, 247, 249.)

Plaintiff also objects to the Magistrate Judge's August 31, 2020 Order, (doc. 233), granting a stay in discovery until resolution of Defendants' motion to dismiss. (Doc. 238.) Plaintiff complains the Magistrate Judge did not address Plaintiff's concern that a stay will allow Defendants to destroy evidence Plaintiff seeks. (Doc. 238.) Again, Plaintiff's Objections are without merit. The Magistrate Judge's decision to grant a stay of discovery in this case is not clearly erroneous or contrary to law. Regarding the possibility of destruction of evidence, Plaintiff

has offered nothing more than vague and conclusory allegations about the threat of such conduct. Moreover, this litigation has been pending more than six years' time, and Defendants are undoubtedly aware of their preservation duties in this matter. Should Plaintiff have specific concerns about spoliation of evidence, he may file a procedurally proper and factually based motion concerning any destruction of evidence after discovery begins.

Additionally, Plaintiff objects to the Magistrate Judge's August 28, 2020 Order, (doc. 231), denying Plaintiff's motion to certify questions to the Georgia Supreme Court about the availability of post-deprivation remedies on certain deprivation of property claims asserted in this action. (Doc. 239.) Again, Plaintiff's Objection lacks merit. The Magistrate Judge's August 28, 2020 Order was not clearly erroneous or contrary to law. Moreover, I sustained Plaintiff's objection to the portion of the Magistrate Judge's Report recommending the dismissal of Plaintiff's deprivation of property claims relating to the July 16, 2014 seizure. (Doc. 99, p. 38; Doc. 235, pp. 12–13.) Thus, Plaintiff's post-deprivation claim survives for now, and there is no reason, at this time, to certify any question related to these claims to the Georgia Supreme Court.

Finally, Plaintiff objects to the Magistrate Judge's October 28, 2020 Order, (doc. 243), denying Plaintiff's request for the Magistrate Judge to recuse in this matter. (Doc. 244.) Plaintiff's request for recusal was based entirely on the Magistrate Judge's adverse rulings against Plaintiff on various matters in this action and others.[1] The Magistrate Judge's October 28, 2020 Order was

---

[1] Plaintiff complains specifically about the Magistrate Judge's ruling on Defendants' motion for a protective order. Defendants filed their motion for protective order, Plaintiff filed a response in opposition, Defendants filed a reply, and then Defendants filed a motion asking for a telephone conference regarding the motion. (Docs. 169, 192, 196, 211.) Without conducting any conference, the Magistrate Judge issued an Order granting the motion for protective order. (Doc. 214.) Plaintiff argues the Magistrate Judge "effectively" considered Defendants' arguments "ex parte" because the Magistrate Judge ruled on the motion without giving Plaintiff an opportunity to respond to the request for a telephone conference. (Doc. 244, p. 3.) The Magistrate Judge did not consider any matters ex parte. The request for a telephone conference merely reiterated the issues raised in the disputed motion for protective order, and Plaintiff was served with a copy of the request for telephone conference. Plaintiff is attempting to create an issue where none exists. Ultimately, Plaintiff is complaining about the adverse ruling on the motion, not the manner in which it was rendered.

not clearly erroneous or contrary to law.  The Magistrate Judge applied the correct standards, and Plaintiff demonstrated no basis for the Magistrate Judge to recuse in this matter.  Plaintiff apparently believes any ruling against him demonstrates "deep-seated favoritism or antagonism that would make fair judgment impossible." (Id., p. 3.)  Plaintiff's view is fundamentally wrong, frivolous, and has been rejected by numerous courts on numerous occasions.  See Ord., Daker v. Deal, 1:18-CV-5243 (N.D. Ga. Aug. 4, 2020), ECF No. 57, pp. 6–7 (recounting Plaintiff's frivolous filings throughout all three Georgia District Courts and with the Eleventh Circuit Court of Appeals, including his frivolous motions for recusal after being "repeatedly told that he has not met the standard for recusal based on his contention that the judges are biased against him because they do not rule in his favor[]").  Despite these rejections, Plaintiff fails (or more likely refuses) to comprehend the standard for recusal.  Once again, the Court informs Plaintiff that a judge's ruling against Plaintiff does not demonstrate a flaw in the judge's objectivity but rather a flaw (or in this case, numerous flaws), in Plaintiff's arguments.  Plaintiff fails to show the Magistrate Judge is biased against him or that the Magistrate Judge's October 28, 2020 Order is contrary to law or clearly erroneous.

## CONCLUSION

As Plaintiff fails to show any error in the Magistrate Judge's orders, much less that any of the orders are clearly erroneous or contrary to law, the Court **OVERRULES** all of Plaintiff's "Partial" Objections.  (Docs. 236, 237, 238, 239, 244.)

**SO ORDERED**, this 16th day of February, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA