IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

Before the Court is the Motion to Vacate Plaintiff's *In Forma Pauperis* Status ("Motion to Vacate"), doc. 140, filed by Defendants Brian Owens, Timothy Ward, Robert Toole, Shirley Kilgore, Linton DeLoach, Milton Smith, Benjamin Warren, Miguel Salgado, Ronnie Shuemake, Taral Todman, Freddie Davis, and Betty Bailey-Dean ("Movants"), Plaintiff's Response, doc. 154, and Movants' Reply, doc. 159.  Movants also filed a Motion to Supplement the Record on Their Motion ("Motion to Supplement"), in which they argue the Court should find Plaintiff has made material misrepresentations regarding his indigency status and the consequences of such misrepresentations should be dismissal of all claims with prejudice.  Doc. 208.  Plaintiff also responded in opposition to the Motion to Supplement.  Doc. 240.  In their Motion to Vacate, Movants make essentially two arguments: (1) Plaintiff misrepresented his financial circumstances in his 2014 affidavit in support of his request to proceed *in forma pauperis*, and (2) Plaintiff is no longer indigent and his claims of indigency should be reevaluated.  Doc. 140.

Regarding the first argument, Movants argue Plaintiff had his *in forma pauperis* ("IFP") request denied in a case in the Northern District of Georgia around the same time and the denial of IFP status there demonstrates Plaintiff made misrepresentations in his motion in this case in 2014. Id. at 3–4 (citing Daker v. Humphrey, 1:13-cv-01554 (N.D. Ga. 2013)). The parties dispute what transpired in that Northern District of Georgia case after Plaintiff was denied IFP status and how it should impact the Court's analysis here. Docs. 157, 159.

Based on the record in this case and a review of the docket and appellate history of the Northern District of Georgia case in question, the Court cannot conclude, at this point, Plaintiff made misrepresentations about his financial position in this case in his 2014 motion. This is not to say Plaintiff was fully truthful in his affidavit, only that the Court cannot resolve this issue based on the current record.[1] The passage of time—nearly seven years—complicates this inquiry. To the extent Movants' Motion to Vacate and Motion to Supplement are based on a purported material misrepresentation in Plaintiff's 2014 affidavit submitted in this matter, this portion of the Motions is **DENIED without prejudice**. However, the Court considers Movant's secondary argument as well.

In their second argument, Movants assert Plaintiff is not indigent now, and the Court should reevaluate Plaintiff's IFP status. Doc. 140. Movants assert Plaintiff owned a home at the outset of this case, in 2014, but on August 27, 2018, he sold the home for $464,900. Doc. 140 at 3–4. Movants also point out Plaintiff paid the filing fees in a number of cases in 2019 and 2020 and has been found not indigent by at least one court. Id. In their Motion to Supplement, Movants point to a case Plaintiff filed in the Middle District of Georgia. Doc. 208 (citing Daker

---

[1] In his June 4, 2014 application to proceed without prepayment of fees, Plaintiff did disclose he had a "house worth $285,000–$330,000," noting it had a mortgage of about $345,000 and was listed for sale. Doc. 4 at 2.

v. Head, 5:14-CV-138 (M.D. Ga. Apr. 4, 2014)). In that case, the court reevaluated Plaintiff's initial assertion of indigency based on changes in Plaintiff's financial status and Plaintiff's pattern of misrepresentations about his financial status, and, in 2019, ordered Plaintiff to submit an updated motion to proceed *in forma pauperis*. The Court reviewed Plaintiff's updated motion and concluded, among other things, Plaintiff has a history of intentionally misleading courts and engaging in vexatious and bad faith litigation and had engaged in "calculated efforts to conceal sources of funds" from which he could have paid filing fees. That court dismissed Plaintiff's case with prejudice as a result. Movants in this case argue the record in the Middle District of Georgia case supports this Court reevaluating Plaintiff's indigency status.

In his Responses, Plaintiff argues Movants' characterizations of his finances are incorrect because his debts and liabilities far outweigh any proceeds he received as a result of selling his home. Doc. 154 at 7. Plaintiff also attempts to provide the Court with a partial accounting of his expenditures since his 2019 affidavit.[2] Doc. 240. Regarding the Middle District of Georgia case, Plaintiff argues that court's disposition in that matter does not warrant dismissal of Plaintiff's claims in this action because the factual circumstances are different. Most importantly, Plaintiff argues that in the Middle District of Georgia case, he was ordered to submit an updated motion to proceed IFP, which formed the basis for the dismissal, but he has not been ordered to file an updated motion in this case. Doc. 216 at 3.

The Court does not have sufficient information to determine whether Plaintiff is currently indigent. Unlike the Middle District of Georgia case described above, Plaintiff has not been ordered to submit an updated motion to proceed IFP in this case. Although Plaintiff made some

---

[2]   Movants note Plaintiff testified to having substantially more assets in the 2019 affidavit he submitted in the Middle District of Georgia case than he did in his 2020 Response to their Motion to Vacate and question whether the discrepancy is the result of Plaintiff's misrepresentations. Doc. 208 at 4.

3

representations about his more recent financial circumstances in his Responses to Movants' Motion to Vacate and Motion to Supplement, those representations were not made in support of Plaintiff's affirmative request to continue proceeding IFP.  For these reasons, the Court **DENIES without prejudice** Movants' Motion to Vacate and Movants' Motion to Supplement.  Docs. 140, 208.

However, Movants have presented legitimate concerns about Plaintiff's ongoing indigency status and about whether Plaintiff's financial circumstances have significantly changed since this case was filed, in large part due to the sale of his home in 2018.  Doc. 140 at 4; Doc. 154 at 3–4.  Additionally, Plaintiff's sworn testimony in his Response to Movants' Motion to Vacate indicates he had sufficient funds in several accounts at that time (April 2020) to pay the Court's filing fee.  Doc. 154 at 7 (listing approximately $3,647.44 in checking accounts and $11,085.55 in a savings account).  Plaintiff does not dispute Movants' evidence he has repeatedly paid filing fees in other cases over the years.  Id. at 9.  In fact, Plaintiff estimates he paid over $20,000.00 in filing fees over the past few years.  Doc. 240 at 2–3.  Plaintiff also paid a $402.00 filing fee earlier this month in another case in this District, indicating Plaintiff currently has the ability to pay filing fees.  Daker v. Ward, No. 6:21-cv-3 (S.D. Ga. Feb. 4. 2021).  Plaintiff, however, contends he should still be considered indigent based on his current assets, debts, and liabilities.

Additionally, the Court has concerns about Plaintiff's actions related to his prisoner trust account.  When initially granting *in forma pauperis* status to Plaintiff in 2014, and again when reinstating his *in forma pauperis* status in 2019, the Court notified Plaintiff he would be obligated to pay the entire filing fee.  Doc. 5 at 1; Doc. 97 at 1 (stating "**all** prisoners, even those who are allowed to proceed *in forma pauperis*" must pay the full filing fee).  The Court also

informed Plaintiff he would be put on a payment schedule, as outlined in § 1915(b), according to the funds available in his prisoner trust fund account. Id. In 2019, when reconsidering Plaintiff's request for *in forma pauperis* status, the Court directed Plaintiff to submit an updated form containing his prisoner trust fund account statement. Doc. 97 at 3. Over a year has passed, and the Court has not yet received this form. Plaintiff has admitted to intentionally not putting funds in his prisoner account for years, maintaining a zero balance despite his apparent access to funds outside of prison, see Pl.'s Partial Objs. to Magistrate's 4/22/19 Order & R. & R., Daker v. Head, No. 5:14-cv-138 (M.D. Ga. May 2, 2019), ECF No. 41 at 13–14, n.4 (acknowledging he is not placing funds in his prison account because he is disputing debts of around $25,000). Thus, it appears Plaintiff is intentionally diverting funds away from his prisoner trust account to avoid paying his debts and filing fees. Courts have determined dismissal with prejudice is appropriate in cases involving a "chronic litigant who manipulates the amount of funds in his prison account." Camp v. Oliver, 798 F.2d 434, 437–38 (11th Cir. 1986) (recognizing dismissal with prejudice may be appropriate where a prisoner misrepresents his financial circumstances and has a "history of fraudulent manipulation of his bank account").

In light of this record, the Court will reevaluate Plaintiff's indigency status, his actions related to his prisoner trust account, and his failure to make partial payments toward the outstanding filing fee in this case. "There is no question that proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." Id. at 437. Further, district courts "retai[n] the authority to . . . revoke IFP status when new evidence bearing on the IFP determination comes to light." McLeod v. Sec'y, Fla. Dep't of Corr., 778 F. App'x 663, 665 (11th Cir. 2019) (affirming district court's revocation of IFP status after it revisited imminent danger determination). As one court noted:

> Because *in forma pauperis* status is a privilege, it follows that the privilege may be revoked when the goals of § 1915 are not being furthered. If an indigent litigant's financial condition improves to the point that his economic situation does not prohibit him from maintaining his action, then assistance under § 1915 is no longer justified . . . . [T]he Court may revoke plaintiff's *in forma pauperis* status if there is sufficient evidence that plaintiff's financial condition has improved to the point that plaintiff's economic situation is no longer a significant barrier to maintaining the action.

Murphy v. Jones, 801 F. Supp. 283, 288–89 (E.D. Mo. 1992); see also In re Kauffman, 354 B.R. 682 (Bankr. D. Vt. 2006) (holding bankruptcy court may vacate an order granting a waiver of the filing fee, intended to be issued at the outset of a case, based upon information that comes to the court's attention later in the case).

In order to properly evaluate these matters, the Court **ORDERS** Plaintiff to comply with the following instructions:

(1) Plaintiff must furnish the **Updated Prisoner Trust Fund Account Statement** (attached as Exhibit A to this Order) to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to Plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose. Plaintiff must submit the completed form to the Clerk within 30 days of this Order.

(2) Plaintiff must complete and submit the attached **AO 240 form** (attached as Exhibit B to this Order) describing his current financial status. If Plaintiff does not claim to be a pauper, he should not swear to that portion of the form, as such improper swearing will almost certainly result in dismissal of this action. See 28 U.S.C. § 1915(e)(2)(A) (providing the Court with authority to "dismiss the case at any time if the court determines that the allegation of poverty is untrue."). Plaintiff must sign and submit the form to the Clerk within 30 days of this Order.

If Plaintiff does swear to be a pauper, the Court will determine, based on the information it has received, the amount of the initial partial filing fee Plaintiff will be required to pay, as well as a payment plan for any remaining balance. The Court, upon review of information concerning Plaintiff's financial situation, may also conclude it is appropriate to vacate Plaintiff's *in forma pauperis* status. Regardless, Plaintiff "shall be required to pay the full amount of [the] filing

6

fee," 28 U.S.C. § 1915(b)(1), and he cannot avoid this duty merely by keeping his assets out of his prisoner account.

Additionally, Plaintiff cannot avoid his duty to pay the filing fee simply by alleging the existence of unsubstantiated debts.  For any debts Plaintiff alleges he currently owes, Plaintiff shall provide documentation supporting the amount of the debt (such as information contained in a credit report, a collections notice, a lawsuit concerning the debt, billing statements, etc.).[3]  If Plaintiff fails to submit such documentation of his debts within 30 days of this Order, then the Court will assume the alleged debts are not collectible and will not consider such debts when reviewing Plaintiff's financial circumstances.

If Plaintiff, on reviewing his current financial situation, does not swear to be a pauper, then he must submit the full filing fee to the Court within 30 days of this Order or face dismissal of this action for non-payment.  Additionally, Plaintiff is notified if he fails to timely comply

---

[3] Given the Court's concerns about Plaintiff's truthfulness regarding his financial circumstances, Plaintiff must provide more than self-serving sworn statements that alleged debts and liabilities exist.  For example, Plaintiff, in his Response to Movants' Motion to Vacate, alleges he has over $50,000 in student loan debt, $36,000 in costs for court-appointed counsel, and $25,000 in disputed prisoner account debt.  Doc. 154 at 7.  Unless such debt is substantiated and unless Plaintiff can show the full amount of his debts is currently due and collectible and he is making efforts to pay such debts, the Court will not consider these alleged debts as significantly impacting his financial status.  Moreover, the Court reminds Plaintiff it has discretion to consider outside sources of funds, and that even if his liabilities exceed his assets, the Court can still conclude paying the filing fee for this case would not be an undue hardship and, accordingly, vacate his *in forma pauperis* status.  See Sellers v. United States, 881 F.2d 1061, 1063 (11th Cir. 1989) ("The fact that the petitioner's funds are derived from family sources does not compel the conclusion that the filing fee is due to be waived."); Roberts v. Brennan, No. 4:19-cv-207, 2019 WL 4921107, at *1 (S.D. Ga. Aug. 29, 2019), *adopted by* 2019 WL 4923219 (S.D. Ga. Oct. 4, 2019) (denying IFP status to litigant who disclosed "approximately $524,000 in debts, upon which he accrues obligations in the amount of $2,630.80, to be discharged out of an income of $1,445.00."); Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'").

with this Order, the Court will dismiss Plaintiff's case for failure to prosecute and follow this Court's Orders.

    **SO ORDERED**, this 26th day of February, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

## UPDATED PRISONER TRUST FUND ACCOUNT STATEMENT

The Court, in the above-referenced case, is requesting a certified copy of Plaintiff Waseem Daker's trust account statement for the past six months. Plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where he has been confined for the last six months

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF REQUEST FOR UPDATED STATEMENT**:                        February 26, 2021

**AVERAGE MONTHLY DEPOSITS** during the
six months prior to February 26, 2021:                                                  _____

**AVERAGE MONTHLY BALANCE** during the
six months prior to February 26, 2021:                                                  _____

I certify that the above information accurately states the deposits and balances in the Plaintiff's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained by this institution.

_____          _____
Signature of Authorized Officer of Institution                    Date

_____
Print or Type Name

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

## UPDATED PRISONER TRUST FUND ACCOUNT STATEMENT

The Court, in the above-referenced case, is requesting a certified copy of Plaintiff Waseem Daker's trust account statement for the past six months. Plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where he has been confined for the last six months

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF REQUEST FOR UPDATED STATEMENT**:                February 26, 2021

**AVERAGE MONTHLY DEPOSITS** during the
six months prior to February 26, 2021: _____

**AVERAGE MONTHLY BALANCE** during the
six months prior to February 26, 2021: _____

I certify that the above information accurately states the deposits and balances in the Plaintiff's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained by this institution.

_____                _____
Signature of Authorized Officer of Institution                Date

_____
Print or Type Name

# EXHIBIT B

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia ▼

| | |
|---|---|
| WASEEM DAKER, <br> *Plaintiff/Petitioner* <br> v. <br> BRIAN OWENS, et al., <br> *Defendant/Respondent* | ) <br> ) <br> ) Civil Action No. 6:14-cv-47 <br> ) <br> ) |

**APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**
**(Short Form)**

I am a plaintiff or petitioner in this case and declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief requested.

In support of this application, I answer the following questions under penalty of perjury:

1. *If incarcerated.* I am being held at:_____.
If employed there, or have an account in the institution, I have attached to this document a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in my name. I am also submitting a similar statement from any other institution where I was incarcerated during the last six months.

2. *If not incarcerated.* If I am employed, my employer's name and address are:



My gross pay or wages are: $_____, and my take-home pay or wages are: $_____per

*(specify pay period)* _____.

3. *Other Income.* In the past 12 months, I have received income from the following sources *(check all that apply)*:

(a) Business, profession, or other self-employment    ❏ Yes    ❏ No
(b) Rent payments, interest, or dividends            ❏ Yes    ❏ No
(c) Pension, annuity, or life insurance payments      ❏ Yes    ❏ No
(d) Disability, or worker's compensation payments     ❏ Yes    ❏ No
(e) Gifts, or inheritances                            ❏ Yes    ❏ No
(f) Any other sources                                 ❏ Yes    ❏ No

*If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.*

AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form)

4. Amount of money that I have in cash or in a checking or savings account:  $_____.

5. Any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value that I own, including any item of value held in someone else's name *(describe the property and its approximate value)*:

6. Any housing, transportation, utilities, or loan payments, or other regular monthly expenses *(describe and provide the amount of the monthly expense)*:

7. Names (or, if under 18, initials only) of all persons who are dependent on me for support, my relationship with each person, and how much I contribute to their support:

8. Any debts or financial obligations *(describe the amounts owed and to whom they are payable)*:

*Declaration:* I declare under penalty of perjury that the above information is true and understand that a false statement may result in a dismissal of my claims.

Date: _____

_____
Applicant's signature

_____
Printed name

Print   Save As...   Add Attachment   Reset