IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

Presently before the Court are Plaintiff's Partial[1] Objections to Magistrate's February 3, 2021 Report and Recommendation. (Doc. 266.) After an independent and de novo review of the record, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 253), and **DENIES** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction; Alternatively, Emergency Motion for Preliminary Injunction or Temporary Restraining Order. (Doc. 180.)

In his Report and Recommendation, the Magistrate Judge recommended the Court deny Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction; Alternatively, Emergency Motion for Preliminary Injunction or Temporary Restraining Order. (Doc. 253.) Plaintiff, through his Motion, requested a preliminary injunction or temporary restraining order ordering Defendants to allow a tray or plate from the 'Eid feast to be prepared and delivered to

---

[1] While Plaintiff styles his Objections as "Partial Objections," the time for filing any additional objections has passed. Further, Plaintiff has not provided the Court with any reason why his "Partial Objections" should not be treated as his full Objections. Accordingly, the Court treats these Objections as his complete and final Objections.

Plaintiff specifically in his cell. (Doc. 180, p. 1.) The Magistrate Judge recommended the Court deny the Motion, finding the requested relief to be "clearly outside the scope of the issues in this suit, and even if it were not, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits." (Doc. 253, p. 4.)

Plaintiff, in his Objections, contends the issue of the 'Eid feast is properly before the Court because he seeks to add claims on this issue in his latest Motion to amend and supplement complaint. (Doc. 266, p. 2.) The Court, however, recently denied Plaintiff leave to file his proposed third amended and supplemental complaint, in which he sought to add numerous defendants and claims, including a claim concerning his access to the 'Eid feasts. (Doc. 275 (denying Doc. 246).) Moreover, Plaintiff previously tried and failed to bring a similar pleading adding such claims. (Doc. 234 (denying Plaintiff's Motion to amend and supplement complaint with additional claims, including 'Eid feast claims, (doc. 174, pp. 130–33)). The Magistrate Judge correctly determined the issue of the 'Eid feasts is not properly before this Court, and as a result, Plaintiff is not entitled to pursue injunctive relief on the issue. See Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").[2]

---

[2] Plaintiff argues he would have been allowed to bring the 'Eid feast claims if the Court had not initially dismissed his case in 2014, resulting in this case going up on appeal for several years. (Doc. 266, pp. 2–3.) This argument is speculative and without merit. Plaintiff's recent attempts to supplement this action with new claims failed for reasons other than his delay in bringing them. (Doc. 234 (finding proposed pleading violated Rule 8, Rule 20, and would result in a "completely unmanageable case"); Doc. 275 (same).) Furthermore, Plaintiff tried and failed to bring the 'Eid feast claims in multiple other suits over the years. See, e.g., Daker v. Allen, No. 6:17-cv-79, doc. 42 (S.D. Ga. Dec. 6, 2017) (dismissing 12/4/2016 Complaint that included 'Eid feast claims (doc. 1 at 21) for failure to follow court order); Daker v. Dozier, No. 5:17-cv-25, ECF No. 17 (M.D. Ga. July 18, 2017) (dismissing 1/16/2017 Complaint, which included 'Eid feast claims, (ECF No. 1-1 at 26), for being duplicative and mis-joined in bad faith, and denying motion for leave to proceed IFP due to three strikes); Daker v. Owens, 5:12-cv-459, ECF No. 388 (M.D. Ga. May 8, 2017) (dismissing with prejudice 9/5/2016 Amended Complaint that included 'Eid feast claims, (ECF No. 255 at 136)); Daker v. Bryson, No. 6:16-cv-57, doc. 17 (S.D. Ga. Mar. 20, 2017) (dismissing 5/17/2016 Complaint

Plaintiff also spends much of his Objections arguing that the issue of his access to the 'Eid feasts is not moot.  (Doc. 266, pp. 3–6).  However, the Court need not reach this issue as the 'Eid feast claim is clearly not pending before this Court.

For the foregoing reasons, Plaintiff's Objections are **OVERRULED.**  This Court adopts the Court's Report and Recommendation, (doc. 253), as the opinion of the Court and **DENIES** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction; Alternatively, Emergency Motion for Preliminary Injunction or Temporary Restraining Order.  (Doc. 180.)

**SO ORDERED**, this 16th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

that included 'Eid feast claim, (doc. 1 at 110), as Plaintiff did not qualify for *in forma pauperis* status).  The procedural history of this case certainly did not bar Plaintiff from bringing the claims.  Rather, Plaintiff's repeated procedural missteps are the reason he has been unable to proceed on his 'Eid feast claims.