IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

Presently before the Court are Plaintiff's Partial[1] Objections to Magistrate's February 3, 2021 Report and Recommendation.  (Doc. 265.)  After an independent and de novo review of the record, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, (doc. 252), and **DENIES** Plaintiff's Motions seeking preliminary injunctions related to his access to his legal materials, the prison law library, and photocopying, (docs. 136, 137, 138, 167, 168, 200, 206, 221, 245).

In his Report, the Magistrate Judge recommended the Court deny the following Motions seeking preliminary injunctions related to Plaintiff's access to his legal materials, the prison law library, and photocopying:

  1.   **Legal Materials.**  Plaintiff's Motion for Preliminary Injunction for Access to Stored Legal Materials, (doc. 136), and Plaintiff's Second and Supplemental Motion for Preliminary Injunction for Access to Stored Legal Materials, (doc. 221);

---

[1] While Plaintiff styles his Objections as "Partial Objections," the time for filing any additional objections has passed.  Further, Plaintiff has not provided the Court with any reason why his "Partial Objections" should not be treated as his full Objections.  Accordingly, the Court treats these Objections as his complete and final Objections.

    2.    **Law Library.**  Plaintiff's Motion for Preliminary Injunction for Law Library Access, (doc. 137), and Plaintiff's Supplemental Motion for Preliminary Injunction for Law Library Access, (doc. 200);

    3.    **Photocopying.**  Plaintiff's Motion for Preliminary Injunction for Access to Photocopying, (doc. 138), Plaintiff's Renewed, Amended, and Supplemental Motion for Preliminary Injunction for Access to Photocopying, (doc. 167), Plaintiff's Second Renewed, Amended, and Supplemental Motion for Preliminary Injunction for Access to Photocopying, (doc. 168), Plaintiff's Third Renewed, Amended, and Supplemental Motion for Preliminary Injunction for Access to Photocopying, (doc. 206), and Plaintiff's Motion for Access to Photocopying, (doc. 245).

The Magistrate Judge, in recommending the above-listed Motions be denied, determined the injunctive relief Plaintiff sought was not sufficiently related to the claims before this Court. (Doc. 252, p. 5.)  Plaintiff, in his Objections, argues the requested relief is related to claims that have arisen since the filing of his Supplemental Complaint.  (Doc. 265, p. 2.)  The Court, however, has denied Plaintiff's attempts to join additional claims to this lawsuit under the guise of Federal Rule of Civil Procedure 20, including Plaintiff's recent attempt to file his proposed third amended and supplemental complaint, in which he sought to add numerous defendants and later occurring claims.[2]  (Doc. 234 (denying Docs. 174, 212, 219); Doc. 275 (denying Doc. 246).)

As this case currently stands, Plaintiff does not have a pending claim concerning his access to legal materials or his access to the law library, (see doc. 235, pp. 26–27 (outlining surviving claims)), and thus, the Court cannot order preliminary injunctive relief on these issues. See Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an

---

[2] Plaintiff argues he would have been allowed to bring his later occurring claims in this action if the Court had not initially dismissed his case in 2014, resulting in this case going up on appeal for several years. (Doc. 265, p. 2.)  This argument is completely speculative and without merit.  Plaintiff's recent attempts to supplement this action with new claims failed for reasons other than his delay in bringing them.  (Doc. 234 (finding proposed pleading violated Rule 8, Rule 20, and would result in a "completely unmanageable case"); Doc. 275 (same).)  Moreover, Plaintiff filed a number of lawsuits in the intervening years concerning his access to photocopies, the law library, and his legal materials.  Accordingly, he cannot show the procedural history of this case prevented him from pursing these claims.

injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). In fact, Plaintiff's Motions indicate he had access to both a law library and his legal materials at the time he brought his Complaint and Supplemental Complaint. (Doc. 136, pp. 1–2; Doc. 137, pp. 2–3.) In this case, despite Plaintiff's argument to the contrary, there is no current controversy before the Court regarding Plaintiff's access to the law library or his legal materials. Accordingly, the Court declines to issue any injunctions regarding such matters.

While Plaintiff's claim regarding his access to photocopying is still before this Court, the Court finds Plaintiff has failed to establish he is entitled to preliminary injunctive relief on this claim. In short, Plaintiff has not met his "burden of persuasion" as to the four requisite elements for a preliminary injunction. See Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001) (citation and quotation marks omitted). First, Plaintiff has not demonstrated a substantial likelihood of success on the merits of his photocopying claim. Furthermore, the Magistrate Judge has recommended that Plaintiff's claims of denial of access to the courts (photocopies) be dismissed due to Plaintiff's failure to exhaust the claim under 42 U.S.C. § 1997e(a). (Doc. 259, p. 38.) It would be counterintuitive for the Court to take the drastic measure of issuing a preliminary injunction regarding photocopies when there is currently a recommendation that such claim be dismissed. See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1284 (11th Cir. 1990) ("The chief function of a

preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.").

Additionally, Plaintiff has not shown the issuance of a preliminary injunction is necessary to prevent irreparable injury. Plaintiff, in his Objections, contends he "only requests access for the limited purpose of being able to file documents with the courts, serve a copy on opposing counsel, and to keep one for his own records." (Doc. 265, p. 5.) This Court previously entered an Order relieving Plaintiff of his obligation to serve paper copies on parties registered with the Court's ECF System. (Doc. 227.) Also, if Plaintiff needs copies of any of his court filings, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($0.50) per page. In this case alone, Plaintiff has managed to file hundreds of pages with the Court, and thus, the Court does not find he will suffer irreparable injury without the Court's intervention on the issue of photocopies.

Plaintiff further contends he needs access to photocopying so he can submit documentary evidence in response to Defendants' Motion to Dismiss. (Doc. 265, p. 6.) The Magistrate Judge, however, explained that it is "not . . . necessary at this point for Plaintiff to submit actual copies of these grievances . . . . [therefore, there] is no need for the Court to order photocopying." (Doc. 259, p. 13 n.14). Plaintiff, in his Objections, also argues imminent injury will occur during discovery in this case, as well as in a separate case, if he does not get access to photocopying. (Doc. 265, p. 6.) The Court finds these claims of injury speculative at best. "[T]he asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation omitted). Plaintiff's vague allegations of future harm are not sufficient to convince the Court to take the extraordinary measure of granting a preliminary injunction in this case.

As a final point, the Court reminds Plaintiff that the right of access to the courts only encompasses "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis v. Casey, 518 U.S. 343, 356 (1996). This right does not automatically translate into a right to a law library, photocopying, or other forms of legal assistance. Id. at 350 ("Bounds established no such right [to a law library or to legal assistance]."); Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."). In sum, there is no requirement that states enable a prisoner to "litigate effectively" once in court. Lewis, 518 U.S. at 354. Here, it is clear Plaintiff is more than capable of bringing legal challenges in the courts. In this case alone, Plaintiff has filed numerous briefs, replete with citations to cases and statutes. In light of Plaintiff's demonstrated ability to litigate his claims, it would be inappropriate for the Court to actively intervene at this point and require prison officials to provide the requested injunctive relief. See Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996) (requiring federal courts to give "substantial deference to the judgment of prison authorities").

Plaintiff also objects to the Magistrate Judge's finding that Plaintiff's claims for injunctive relief are duplicative of claims he brought in other cases. Plantiff appears to contend he should be able to litigate these issues all over the state of Georgia and that the requested injunctive relief he seeks in each case "pertains to only that case."[3] (Doc. 265, p. 7.) Plaintiff is well aware that the present case only involves his claims at Georgia State Prison in 2014, and therefore, any claims for injunctive relief stemming from his incarceration at Georgia State Prison are long since moot due to his transfers to other prisons. McKinnon v. Talladega Cnty., 745 F.2d 1360, 1363 (11th Cir.

---

[3] This argument directly contradicts Plaintiff's contention that he requires injunctive relief in this case because he faces injury in the separate case of 6:20-CV-0090. (Doc. 265, p. 6.)

1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief.").

In an attempt to get around this issue of mootness, Plaintiff also argues the requested injunctive relief is available due to his incarceration in general and should survive despite his transfers to different facilities within the Georgia prison system. (Doc. 265, pp. 3–4.) Of course, this directly contradicts his statement that the requested relief pertains only to each case. Even if the Court were to take such a broad view of his alleged claims, this does not mean Plaintiff can proceed with multiple cases seeking identical injunctive relief.[4] "[Plaintiff] is entitled to have his claim considered but by only one of the courts he had selected." Hardwick v. Brinson, 523 F.2d 798, 800 (5th Cir. 1975). Accordingly, Plaintiff's pending requests for injunctive relief in this case (in the form of future access to photocopying, the law library, and his legal materials) are impermissibly duplicative of claims he raised in other cases seeking similar relief.

Plaintiff, in his Objections, also argues the Court has the power to issue the requested injunctions "in aid of its jurisdiction." (Doc. 265, p. 3.) However, there is no concern that this Court's jurisdiction is threatened, nor does the Court see how issuing the requested injunctive relief will in any way impact or aid in the Court's jurisdiction. Rather, it is apparent Plaintiff seeks injunctive relief only so he can more easily pursue this case through increased access to case law, legal materials, and photocopying services. Accordingly, this argument is without merit.

For the foregoing reasons, Plaintiff's Objections are **OVERRULED.** "The grant or denial of a preliminary injunction is a decision within the discretion of the district court." Carillon Imps.,

---

[4] The Court notes Plaintiff's most recent Motion for Access to Photocopying was simultaneously filed in two other cases, (doc. 245, p. 1), at least one of which asserts claims involving Plaintiff's access to the law library and his access to photocopies at his current facility. See Daker v. Ward, No. 6:21-cv-3 (S.D. Ga. Jan. 11, 2021).

6

Ltd. v. Frank Pesce Int'l Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997).  Using its discretion, the Court adopts the Magistrate Judge's Report and Recommendation, (doc. 252), as the opinion of the Court and **DENIES** Plaintiff's Motions seeking preliminary injunctions related to his access to his legal materials, the prison law library, and photocopying, (docs. 136, 137, 138, 167, 168, 200, 206, 221, 245).

**SO ORDERED**, this 16th day of March, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA