IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

Presently before the Court are Plaintiff's Partial[1] Objections to Magistrate's February 9, 2021 Order and Report And Recommendation. (Doc. 267.) After an independent and de novo review of the record, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Order and Report and Recommendation, **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, (doc. 257), and **DENIES** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Tier-II/Segregation-Related Claims: Motion for Preliminary Injunction, (doc. 175).

In his Order and Report and Recommendation, (docs. 256, 257), the Magistrate Judge denied Plaintiff's motion to exceed page, word, or type-size limitations on Plaintiff's brief in support of motion for summary judgment, (doc. 171), and recommended the Court deny Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Tier-II/Segregation-Related

---

[1] While Plaintiff styles his Objections as "Partial Objections," the time for filing any additional objections has passed. Further, Plaintiff has not provided the Court with any reason why his "Partial Objections" should not be treated as his full Objections. Accordingly, the Court treats these Objections as his complete and final Objections.

Claims: Motion for Preliminary Injunction, (doc. 175). The Court considers Plaintiff's Objections to the February 9, 2021 Order and Report and Recommendation herein.[2]

I. **Plaintiff's Objection to Magistrate Judge's Order denying Plaintiff's Motion to Exceed Page, Word, or Type-Size Limitations on Plaintiff's Brief in Support of Motion for Summary Judgment, (Doc. 171)**

When a magistrate judge rules on a non-dispositive pretrial matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). Fed. R. Civ. P. 72(a). In reviewing the magistrate judge's order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. The clearly erroneous or contrary to law standard "is exceedingly deferential." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

Plaintiff, in his Motion to exceed page, word, or type-size limitations, requested permission to submit an 86-page brief in support of his summary judgment motion, far exceeding the 26-page limit laid out in Local Rule 7.1. The Court does not find the Magistrate Judge abused his discretion or otherwise erred in denying Plaintiff permission to file the 86-page brief. The Magistrate Judge, in his Order, correctly noted Plaintiff's propensity to bombard the Court with needlessly duplicative filings. Plaintiff's recycling of a motion for summary judgment that was previously

---

[2] The Magistrate Judge's February 9, 2021 Order and Report and Recommendation was docketed twice, once as an Order and once as a Report and Recommendation. (Docs. 256, 257.) The two documents are identical.

submitted in a separate habeas case is just another example of this sort of abusive behavior. The Court's granting of permission for Plaintiff to file the lengthy brief in another case does not mean he may automatically file it in all cases moving forward. As detailed in the Magistrate Judge's Report, the Plaintiff's Motion for Partial Summary Judgment in this case does not even appear to concern the incidents detailed in the Complaint and Supplemental Complaint, instead focusing on events which occurred years later and are not before this Court. Accordingly, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's denial of Plaintiff's Motion to exceed page, word, or type-size limitations on Plaintiff's brief in support of motion for summary judgment. (Doc. 267.)

**II.     Plaintiff's Objection to Magistrate Judge's Recommendation That Court Deny Plaintiff's Motion for Partial Summary Judgment on Tier-II/Segregation-Related Claims, (Doc. 175)**

Plaintiff also objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's Motion for Partial Summary Judgment on Tier-II/Segregation-Related Claims. (Doc. 267, pp. 3–4.) The Magistrate Judge recommended denial of the Motion because Plaintiff's brief fails to comply with the page-limitation requirements of Local Rule 7.1, the Motion is premature, and because the Motion does not concern the events and Defendants identified in Plaintiff's Complaint and Supplemental Complaint.[3] (Doc. 257, pp. 3–7.)

---

[3] The Court rejects Plaintiff's argument concerning the appropriateness of Marty Allen as a Defendant in this matter. Plaintiff, in his Objections, contends Mr. Allen, who succeeded Robert Toole as Warden of Georgia State Prison, is "automatically added as a Defendant, at least in his official capacity." (Doc. 267, p. 2.) Plaintiff is correct that under Federal Rule of Civil Procedure 25(d), the successor of a public officer who is a party in an official capacity is automatically substituted as a party. However, Plaintiff, in his Objections, acknowledges Marty Allen is no longer the Warden at Georgia State Prison, as he was succeeded by Trevonza Bobbitt. (Id.) Further, the Court finds any claims for relief against the Warden of Georgia State Prison in his official capacity are no longer viable. While a prisoner may bring a Section 1983 action against state officials in their official capacities, he can only do so for prospective, injunctive relief. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). To the extent Plaintiff alleged any official capacity Section 1983 claims against the Warden of Georgia State Prison, such claims are now moot by virtue of Plaintiff's transfer out of Georgia State Prison in 2018, (doc. 69). McKinnon v. Talladega Cnty., 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from

As outlined above, the Court finds no error in the Magistrate Judge's decision to deny Plaintiff's request to exceed page limits, and therefore, Plaintiff's failure to submit a compliant brief is in itself sufficient reason for this Court to deny Plaintiff's Motion for Partial Summary Judgment. Additionally, the Court agrees with the Magistrate Judge that Plaintiff's Motion for Partial Summary Judgment focuses on events occurring years after the dates of the Complaint and Supplemental Complaint. The Court has previously determined these later events are not sufficiently related to the claims in this case and has denied Plaintiff's attempts to supplement this action with such claims, (doc. 234 (denying doc. 174)), including denying Plaintiff's recent request to file his proposed third amended and supplemental complaint, in which he again sought to add numerous defendants and later occurring claims regarding Tier II placements, (doc. 275 (denying doc. 246)).[4] As a result, the subject matter of Plaintiff's Motion for Partial Summary Judgment is not even before this Court, and therefore, the Court cannot grant judgment in Plaintiff's favor on such matters.

The Court also concurs with the Magistrate Judge's finding that the Motion for Partial Summary Judgment, as filed, was premature. Discovery in this matter has not yet begun, as it is currently stayed. (Doc. 233). Defendants timely raised the premature nature of Plaintiff's Motion for Partial Summary Judgment in their Response. (Doc. 191, pp. 2–3.) Accordingly, after

---

a jail moots his individual claim for declaratory and injunctive relief."); see also Robbins v. Robertson, 782 F. App'x 794, 800 (11th Cir. 2019) (noting "an injunction directing his former prison officials to provide Plaintiff with a particular diet would provide Plaintiff with no relief").

[4] Plaintiff argues he would have been allowed to bring his later occurring Tier II claims if the Court had not initially dismissed his case in 2014, resulting in this case going up on appeal for several years. (Doc. 267, p. 4.) This argument is completely speculative and without merit. Plaintiff's recent attempts to supplement this action with new claims failed for reasons other than his delay in bringing them. (Doc. 234 (finding proposed pleading violated Rule 8 and Rule 20 and would result in a "completely unmanageable case"); Doc. 275 (same).)

performing a de novo review of the record, the Court concludes Plaintiff's Motion for Partial Summary Judgment is premature, despite Plaintiff's arguments concerning the age of the case and the existence of what Plaintiff contends are relevant records in other cases filed before this Court. See Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition."). For all these reasons, the Court **OVERRULES** Plaintiff's Objections.

### III. Plaintiff's Objection to Magistrate Judge's Recommendation That Court Deny Plaintiff's Motion for Permanent or Preliminary Injunction on Tier-II/Segregation-Related Claims, (Doc. 175)

Plaintiff also objects to the Magistrate Judge's recommendation that the Court deny his request for injunctive relief. (Doc. 267, pp. 4–7.) In his Report and Recommendation, the Magistrate Judge noted, "Plaintiff fails to present any arguments concerning his request for a preliminary injunction in his brief. Accordingly, he has not 'clearly established the "burden of persuasion" as to all four elements.'" (Doc. 257, p. 8.) Plaintiff, in his Objections, contends that due to his pro se status, the Court should have "liberally construed" his Motion to state the requisite elements of a preliminary injunction. (Doc. 267, p. 5.) While pro se plaintiffs are entitled to broad construction of their pleadings, the Court is not required to create arguments where Plaintiff has failed to raise them.

Furthermore, the Court cannot conclude Plaintiff has shown a substantial likelihood of success on the merits on his Tier II claim based on the facts and arguments presented in support of his Motion for Partial Summary Judgment. As outlined above, Plaintiff fails to demonstrate he is entitled to summary judgment or that he has a substantial likelihood of success on the merits of the Tier II claims raised in this case. Rather, Plaintiff's Motion for Partial Summary Judgment

focuses on later occurring events that are not before the Court in this case. Accordingly, he fails to establish any entitlement to an injunction.

The Court also agrees with the Magistrate Judge's conclusion that Plaintiff's request for injunctive relief in the form of release from Tier II confinement is duplicative of relief he seeks in at least one other pending case. See Compl., Daker v. Ward, No. 6:21-cv-3 (S.D. Ga. Jan. 11, 2021), ECF No. 1, pp. 82–84. Plaintiff, in his Objections, attempts to argue he is entitled to pursue multiple cases seeking identical requests for injunctive relief in the form of release from Tier II, claiming the facts warranting relief in each case are different. (Doc. 267, pp. 6–7.) Contrary to Plaintiff's assertion, he is not entitled to pursue duplicative litigation seeking the same injunctive relief in multiple courts, and this Court has authority to dismiss any litigation to "avoid duplicating a proceeding already pending in another federal court." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1551–52 (11th Cir. 1986).

Accordingly, the Court finds Plaintiff's request for injunctive relief in the form of Tier II release is not properly before this Court, as it is based on facts occurring long after the events of the Complaint and the Supplemental Complaint.[5] The Court also finds the requested relief is duplicative of Plaintiff's proceedings in at least one other case, and therefore, should not be considered in this matter. For these reasons, the Court **OVERRULES** Plaintiff's Objection to the Magistrate Judge's recommendation that the Court deny Plaintiff's request for injunctive relief.

---

[5] Plaintiff, in his Statement of Undisputed Material Facts in Support of Motion for Summary Judgment, alleges his current placement on Tier II did not commence until April 11, 2016, whereas he alleges the July 16, 2014 Tier II placement he describes in his 2014 Supplemental Complaint ended on November 5, 2014. (Doc. 9; Doc. 172, p. 81.) Accordingly, any argument by Plaintiff that his current placement on Tier II is simply a continuation of the Tier II placement raised in his Supplemental Complaint is without merit.

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections are **OVERRULED**, (doc. 267). This Court adopts the Magistrate Judge's Report and Recommendation, (doc. 257), as the opinion of the Court and **DENIES** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Tier-II/Segregation-Related Claims: Motion for Preliminary Injunction, (doc. 175).

**SO ORDERED**, this 16th day of March, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA