IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

Presently before the Court are Plaintiff's Partial[1] Objections to Magistrate's February 2, 2021 Report and Recommendation. (Doc. 270.) After an independent and de novo review of the record, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 247), and **DENIES** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Cellphone-Related Claims: Motion for Preliminary Injunction. (Doc. 176.)

In his Report, the Magistrate Judge recommended the Court deny Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Cellphone-Related Claims: Motion for Preliminary Injunction. (Doc. 247.) Plaintiff, through his Motion, asked the Court to grant summary judgment on his due process, takings clause, and court-access claims pertaining to the seizure of his cellphone-related paraphernalia and to issue a preliminary injunction compelling Defendants to make arrangements to allow him to send any cellphone-related paraphernalia to a

---

[1] While Plaintiff styles his Objections as "Partial Objections," the time for filing any additional objections has passed. Further, Plaintiff has not provided the Court with any reason why his "Partial Objections" should not be treated as his full Objections. Accordingly, the Court treats these Objections as his complete and final Objections.

person outside of prison. (Doc. 176, p. 1.) In the alternative, Plaintiff requested a preliminary injunction compelling Defendants to make arrangements to allow him to send any cellphone-related paraphernalia to someone outside of prison while this case is pending, in order to preserve evidence thereon. (Id.) The Magistrate Judge recommended the Court deny the Motion for Partial Summary Judgment, as the cellphone claims Plaintiff sought summary judgment on are not pending in this action. (Id., p. 2.) The Magistrate Judge also recommended the Court deny Plaintiff's request for injunctive relief, finding the requested relief to be "clearly outside the issues in this suit." (Id., p. 3.)

Plaintiff, in his Objections, contends the issue of the seizure of his cellphones and related paraphernalia is properly before the Court because he seeks to add these claims in his latest motion to amend and supplement complaint. (Doc. 270, p. 2.) The Court, however, has denied Plaintiff's motion to amend and supplement complaint with his proposed third amended and supplemental complaint, in which he sought to add numerous defendants and claims, including claims concerning the seizures of his cellphones and related paraphernalia. (Doc. 275 (denying Doc. 246).) Moreover, Plaintiff previously tried and failed to bring a similar pleading adding such claims. (Doc. 234 (denying Plaintiff's motion to amend and supplement complaint with additional claims, including cellphone seizure claims, (Doc. 174).)

Based on the above, the Magistrate Judge correctly determined the issue of the cellphone seizures is not before this Court, and as a result, Plaintiff's attempt to obtain summary judgment on these non-pending claims must be denied. Plaintiff likewise cannot pursue injunctive relief on this issue. See Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction

when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.").[2]

Plaintiff also contends the seized cellphones contain evidence relevant to his case and "the magistrate does not address Plaintiff's concern that a stay will give Defendants time and an opportunity to destroy evidence Plaintiff seeks." (Doc. 270, p. 2.) This Court recently addressed an almost identical objection by Plaintiff, which raised the possibility of destruction of evidence, and concluded Plaintiff has offered nothing more than vague and conclusory allegations about the threat of such conduct. (Doc. 258, pp. 3–4.) As this litigation has been pending for almost seven years, Defendants are undoubtedly aware of their preservation duties in this matter. Should Plaintiff have specific concerns about spoliation of evidence, he may file a procedurally proper and factually based motion concerning any destruction of evidence after discovery begins.

Also, as noted by the Magistrate Judge, to the extent Plaintiff contends there is relevant evidence contained in the seized cellphones, he may seek such information through traditional discovery means once discovery commences in this action. The fact that discovery is stayed right now, pending the resolution of Defendants' motion to dismiss, (doc. 233), does not mean that Plaintiff will not be able to pursue relevant discovery once the stay is lifted.

For the foregoing reasons, Plaintiff's Objections are **OVERRULED.** This Court adopts the Magistrate Judge's Report and Recommendation, (doc. 247), as the opinion of the Court and

---

[2] Plaintiff argues he would have been allowed to bring the cellphone seizure claims if the Court had not initially dismissed his case in 2014, resulting in this case going up on appeal for several years. (Doc. 270 at 3–4.) This argument is completely speculative and without merit. Plaintiff's cellphone claims did not arise until many months, and in some cases years, after he filed his Supplemental Complaint. (Doc. 246 at 201–204). Additionally, Plaintiff's recent attempts to supplement this action with new claims failed for reasons other than his delay in bringing them. (Doc. 234 (finding proposed pleading violated Rule 8, Rule 20, and would result in a "completely unmanageable case"); Doc. 275 (same).)

3

**DENIES** Plaintiff's Motion for Partial Summary Judgment and Permanent Injunction on Cellphone-Related Claims: Motion for Preliminary Injunction.  (Doc. 176.)

**SO ORDERED**, this 17th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA