IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

After an independent and de novo review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 259).  While Plaintiff sought an extension in which to file Objections, (doc. 273), the Court denied his request, (doc. 274).  The time for objecting has now passed, and Plaintiff has not filed Objections to the Report and Recommendation.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court, **DENIES** Plaintiff's Supplemental Motions for Preliminary Injunction or Temporary Restraining Order regarding forced shaving, (docs. 166, 195), and also **GRANTS** the portion of Defendants Owens, Ward, Toole, Kilgore, DeLoach, Milton Smith, Warren, Salgado, Shuemake, Todman, Davis, and Bailey-Dean's ("Movants") Motion to Dismiss seeking dismissal of claims for failure to exhaust administrative remedies under 42 U.S.C.§1997e(a) and

**DISMISSES** the following Georgia State Prison ("GSP")[1] claims:

(1) All of Plaintiff's First Amendment GSP claims raised in his Complaint and Supplemental Complaint (i.e., Plaintiff's claims of denial of access to the courts (photocopies and postage) and claims of violations of rights to religious exercise).

(2) All of Plaintiff's Eighth Amendment GSP claims raised in his Complaint and Supplemental Complaint (i.e., Plaintiff's claims of deliberate indifference to his serious medical needs (including claims related to dental care), claims involving conditions of confinement, claims of deliberate indifference to his health and safety, and claims of excessive use of force).

(3) All of Plaintiff's deprivation of property GSP claims raised in his Complaint and Supplemental Complaint (i.e., Plaintiff's deprivation of property claims alleged against Defendants Toole, Jacobs, Shuemake, Todman, and Davis).

The Court also **GRANTS** the portion of Movants' Motion to Dismiss seeking dismissal of Plaintiff's claims for certain categories of damages pursuant to 42 U.S.C. § 1997e(e) and **DISMISSES** Plaintiff's remaining claims for compensatory and punitive damages. Finally, in adopting the Magistrate Judge's Report and Recommendation, the Court **DENIES as moot** the portion of Movants' Motion to Dismiss seeking dismissal of Plaintiff's forced shaving claim for failure to state a claim. (Doc. 148.)

The only remaining claims in this lawsuit are Plaintiff's GSP procedural due process claims concerning his placement in Tier II/segregation against Defendants DeLoach, Owens, Toole, Bailey-Dean, and Jacobs, (see doc. 235, pp. 26–27), and, for these claims, Plaintiff is limited to recovering only nominal damages and shall not be able to recover compensatory or punitive

---

[1] The Georgia Diagnostic & Classification Prison and Cobb County claims raised in Plaintiff's Complaint and Supplemental Complaint were severed and transferred to other Districts and, therefore, are no longer before this Court. (Doc. 235, p. 25.)

damages.  The Court **DISMISSES** all Defendants other than Defendants DeLoach, Owens, Toole, Bailey-Dean, and Jacobs from this action and **DIRECTS** the Clerk of Court to **TERMINATE** them upon the docket and record of this case.[2]

    **SO ORDERED**, this 26th day of March, 2021.

/s/ R. Stan Baker

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]  Plaintiff previously asked the Court to certify certain issues he raised in response to Movants' Motion to Dismiss for interlocutory appeal.  (Doc. 201.)  That request was properly denied as premature.  (Doc. 249.)  To the extent Plaintiff still seeks such certification, the undersigned finds that this Order does not involve a controlling question of law as to which there is substantial ground for difference of opinion or that an immediate appeal from the Order may materially advance the ultimate termination of the litigation and, therefore, does not certify this Order under 28 U.S.C. § 1292(b).