IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>    Plaintiff,<br><br>  v.<br><br>BRIAN OWENS, et al.,<br><br>    Defendants. | CIVIL ACTION NO.: 6:14-cv-47 |

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are:

1. Plaintiff's Motion for Preliminary Injunction Regarding Limit on Indigent Mail, doc. 314;

2. Plaintiff's Motion for Preliminary Injunction Regarding Unreasonable Delays in Indigent Mail, doc. 315;

3. Plaintiff's Motion for Access to Stored Legal Materials, construed as a Motion for Preliminary Injunction for Access to Stored Legal Materials, doc. 316;

4. Plaintiff's Renewed and Supplemental Motion for Preliminary Injunction for Access to Photocopying, doc. 322; and

5. Defendants' Motion for Protective Order.  Doc. 317.

For the reasons which follow, I **RECOMMEND** the Court **DENY** Plaintiff's Motions, docs. 314, 315, 316, 322, and further, I **GRANT** Defendants' Motion for Protective Order, doc. 317.  Defendants are not required to respond to any Motions from Plaintiff unless ordered to do so by the Court.

## BACKGROUND

Plaintiff, proceeding pro se, has filed these Motions in his 42 U.S.C. § 1983 case, which is currently on interlocutory appeal to the Eleventh Circuit Court of Appeals.  Docs. 1, 298.  The

only claim presently pending in this case is Plaintiff's procedural due process claim concerning his placement in Tier II/Segregation against Defendants DeLoach, Owens, Toole, Bailey-Dean, and Jacobs.  Doc. 259.

## DISCUSSION

I. **Plaintiff's Motions for Preliminary Injunctions Regarding Limit on Indigent Mail and Unreasonable Delays in Indigent Mail, Docs. 314, 315**

Plaintiff seeks a preliminary injunction requiring Defendants to allow him to use his three weekly non-legal stamps for legal mail and to stop unreasonably delaying his outgoing legal mail.  Doc. 314 at 1; Doc. 315 at 14.  Plaintiff contends the current prison mail policies unreasonably delay and restrict the processing of indigent legal mail, which interferes with Plaintiff's access to courts and violates his First Amendment rights.  Doc. 314 at 12–15; Doc. 315 at 12–15.

Initially, Plaintiff raised First Amendment claims in his Complaint and Supplemental Complaint related to indigent mailing and postage, which are nearly identical to the issues he raises in his instant Motions.  Docs. 1, 9; see also Doc. 99 at 17–18.  However, the Court dismissed Plaintiff's First Amendment claims for failure to exhaust available administrative remedies.  Docs. 259, 290.  Plaintiff then appealed the Court's dismissal of his claims to the Eleventh Circuit, which remains pending.  Doc. 298.

In general, the filing of a notice of appeal divests the district court of jurisdiction "over those aspects of the case involved in the appeal."  Thompson v. RelationServe Media, Inc., 610 F.3d 628, 638 n.14 (11th Cir. 2010).[1]  Plaintiff's Motions for Preliminary Injunctions involve the

---

[1] Despite the appeal, the Court generally retains jurisdiction over the case.  See Alabama v. EPA, 871 F.2d 1548, 1553–54 (11th Cir. 1989) (explaining the district court retained jurisdiction to grant summary judgment and to dismiss suit despite pending interlocutory appeal of district court's entry of preliminary injunction) (citing United States v. White, 846 F.2d 678, 693 n.23 (11th Cir. 1988)); United States v. Spears, 827 F.2d 705, 708 n.1 (11th Cir. 1987) ("The district court properly concluded that it had

same factual allegations as his dismissed claims, even though this Court never addressed the substantive merits of his First Amendment mail claims.  However, given the factual similarities between his allegations contained in his Complaint and Supplemental Complaint and current Motions, they involve "aspects of the case involved in the appeal."  Thus, the Court lacks jurisdiction to rule on Plaintiff's Motions for Preliminary Injunctions related to mail.

Further, even if the Court retained jurisdiction, Plaintiff's Motions are still due to be denied, as the First Amendment claims are not currently pending before the Court.  "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."  Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018); Griego v. Inch, No. 3:17cv66, 2019 WL 2093245, at *2 (N.D. Fla. Apr. 1, 2019) (explaining the relief sought in a preliminary injunction motion should be closely related to the conduct complained of in the complaint).  Additionally, the persons from whom the injunctive relief is sought must be parties to the underlying action.  Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012).

Plaintiff's requests for preliminary injunctions related to stamps and delays in processing his legal mail are not related to his claim presently pending before the Court, which is a procedural due process claim related to his placement in Tier II/Segregation.  See Docs. 259,

---

jurisdiction to consider a motion to dismiss the indictment, despite the pending interlocutory appeal before this court.").

290.  Highlighting the unrelated nature of Plaintiff's pending claim and his Motions are the Motions themselves.  Plaintiff contends such actions violate his First Amendment rights, but Plaintiff's First Amendment claims have been dismissed.  Similarly, the injuries Plaintiff complains of do not relate to his placement in Tier II/Segregation at GSP.  Instead, Plaintiff points to nine purported "actual injuries," five of which involve cases other than the instant case and none of which deals with Defendants' alleged violation of Plaintiff's due process rights.[2]  Doc. 314 at 5–11; Doc. 315 at 5–11.  Furthermore, Plaintiff has not identified any specific Defendants to enjoin.  That is, Plaintiff does not explain which, if any, of the remaining Defendants are responsible for the alleged problems or policies of which he complains.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction Regarding Limit on Indigent Mail and Motion for Preliminary Injunction Regarding Unreasonable Delays in Indigent Mail.  Docs. 314, 315.

II.     **Plaintiff's Motion for Access to Stored Legal Materials, Doc. 316**

Plaintiff also files a Motion for Access to Stored Legal Materials, where he seeks a preliminary injunction and asks the Court to enter an order requiring Defendants to provide him "readily available access to his stored legal materials."  Doc. 316 at 5–8; Doc. 337.  Plaintiff states from February 26, 2021 to April 13, 2021, and from June 2, 2021 to June 25, 2021, he lacked access to his legal materials.  Doc. 316 at 2–4.

Defendants acknowledge Plaintiff was not able to access his stored legal materials from June 8 to June 22, 2021.  Doc. 332 at 2.  However, Defendants explain Plaintiff was unable to access his legal materials during that time due to COVID-19 quarantine procedures and security

---

[2]     For the purported injuries related to this matter, Plaintiff asserts his objections to a Report and Recommendation and his Responses and Replies on two motions were unnecessarily delayed.  However, this case is in active litigation, and Plaintiff has not shown the Court has or will refuse to consider his delayed filings or the delay caused Plaintiff any actual prejudice in this case.

4

lockdown periods and, further, during that time period, Plaintiff was permitted to store some legal materials in his cell and request additional legal materials as needed.  Id.  Additionally, Defendants explain the steps they have taken to ensure Plaintiff has access to his legal materials.  These steps include moving Plaintiff's legal materials to a more readily available location in the law library office and ensuring he has access to his stored legal materials every Tuesday between 11:30 a.m. and 1:30 p.m.  These changes seem to have worked, as Plaintiff has declared under penalty of perjury he was able to access his legal materials on June 29, July 6, July 13, July 27, and August 3, 2021.  See Mot., Daker v. Bland, et al., 6:20-cv-90 (S.D. Ga. Aug. 30, 2021), ECF No. 54, p. 4.  Warden Brian Adams has attested Plaintiff was also given access to his stored legal materials on September 7, September 14, and September 22, 2021.  Doc. 332-1 at 1.

      To the extent Plaintiff seeks a preliminary injunction related to the access to his stored legal materials, his Motion should be denied.  As explained above, a motion for preliminary injunction must be of the same character and deal with the conduct closely related to the conduct complained of in the complaint.  Kaimowitz, 122 F.3d at 43; Head, 2018 WL 1920171, at *2; Griego, 2019 WL 2093245, at *2.  Here, Plaintiff's Motion for Preliminary Injunction for Access to Stored Legal Materials is an access-to-courts claim.  However, as noted above, the only claim currently pending is a procedural due process claim related to Plaintiff's placement in Tier II/Segregation.  Docs. 259, 290.  Put simply, the relief sought—relief from an alleged violation of Plaintiff's First Amendment rights—is not related to his due process claim.  Furthermore, to the extent Plaintiff is simply requesting relief under Rule 26, Plaintiff has not demonstrated he is entitled to that relief or that such relief is necessary, given that Plaintiff has been given some access to his materials, even if it less than he would like.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Access to Stored Legal Materials.  Doc. 316.

### III. Plaintiff's Renewed and Supplemental Motion for Preliminary Injunction for Access to Photocopying, Doc. 322

Plaintiff moves for a preliminary injunction requiring Defendants to provide him access to photocopying to copy discovery documents. Doc. 322. Plaintiff has previously filed five other motions for preliminary injunction for access to photocopying, all of which have been denied. See Doc. 252. Plaintiff has appealed the denial of his motions for preliminary injunction for access to photocopying to the Eleventh Circuit. Doc. 298. Thus, this Court is divested of jurisdiction to rule on Plaintiff's Renewed and Supplemental Motion for Preliminary Injunction for Access to Photocopying, as it deals with the aspects of the case involved in the appeal. Thompson, 610 F.3d at 638 n.14. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Renewed and Supplemental Motion for Preliminary Injunction for Access to Photocopying.[3] Doc. 322. .

### IV. Defendants' Motion for Protective Order, Doc. 317

Defendants filed a Motion for Protective Order, requesting the Court enter an order relieving them of the obligation to respond to any motion or other filing by Plaintiff unless the Court directs them otherwise. Doc. 317. Plaintiff filed a Response, opposing Defendants' Motion and arguing Defendants should be required to comply with Local Rule 7.5, which provides failure to respond to a motion "shall indicate that there is no opposition" to the motion.

---

[3] While Plaintiff's Motion for Preliminary Injunction for Access to Photocopying is due to be denied, the Court understands the challenges posed by Plaintiff's confinement. To the extent Plaintiff needs specific documents photocopied related to the instant litigation for the purposes of conducting and responding to discovery requests, the Court will consider such a request. Plaintiff is advised, if he seeks photocopying, he must first try to confer with Defendants and, if that fails, he may file a motion under Federal Rule of Civil Procedure 26, which the Court will consider. The request must be narrowly tailored to this case and describe the specific document Plaintiff would like photocopied, the number of copies required, and the evidentiary importance of the document, including how it relates to Plaintiff's pending procedural due process claim against the remaining Defendants. To be clear, the undersigned will not grant open-ended or unspecific requests for photocopying or entertain motions for photocopying for matters unrelated to this case.

6

Doc. 321.  For good cause shown and the reasons explained below, Defendants are relieved from responding to any of Plaintiff's pending or subsequent motions and filings in this action, unless otherwise ordered to do so by this Court.

"District courts have inherent power to manage their dockets."  Velez v. Reynolds, 770 F. App'x 528, 529 (11th Cir. 2019).  Even the "right of access [to the courts] may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings."  Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 517 (11th Cir. 1991).  The Eleventh Circuit has recognized that "courts may take other, more creative, actions to discourage hyperactive litigators as long as some access to the courts is allowed."  Id. at 518.  Furthermore, it is within the Court's authority to change the time for a party to respond to a pending motion.  See Local R. 7.5.

As repeatedly stated by the Eleventh Circuit, "Waseem Daker is . . . a serial litigant who has clogged the federal courts with frivolous litigation by submit[ting] over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts."  Daker v. Robinson, 802 F. App'x 513, 514 (11th Cir. 2020) (citation and quotations omitted); see also Daker v. Toole, 138 S. Ct. 234, 234 (2017) ("[P]etitioner has repeatedly abused this Court's process.").  In this case alone, Plaintiff has filed over a dozen motions in the past six months, many of them seeking similar relief as previously filed motions.  Plaintiff's filings with the Court in this case are overly burdensome.  Plaintiff's filings are often boilerplate, duplicative, and tangential to the merits of Plaintiff's claims.  Accordingly, the Court finds the requested relief in the form of Defendants being relieved from responding to Plaintiff's motions and filings in this action, unless otherwise directed to do so by this Court, is appropriate in this circumstance.  The Court is not limiting Plaintiff's right of access but, rather, is relieving Defendants from the

burden of responding to an overly litigious Plaintiff.  This is a narrow and circumscribed limitation that preserves Plaintiff's ability to access the courts while managing the Court's docket and the impacts created by Plaintiff's deluge of filings.

Thus, I **GRANT** Defendants' Motion for Protective Order.  Doc. 317.  Defendants are not required to respond to any Motions from Plaintiff unless ordered to do so by the Court.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary Injunction Regarding Limit on Indigent Mail, Motion for Preliminary Injunction Regarding Unreasonable Delays in Indigent Mail, Motion for Access to Stored Legal Materials, construed as a Motion for Preliminary Injunction for Access to Stored Legal Materials, and Renewed and Supplemental Motion for Preliminary Injunction for Access to Photocopying. Docs. 314, 315, 316, 322.  Further, I **GRANT** Defendants' Motion for Protective Order. Doc. 317.  Defendants are not required to respond to any Motions from Plaintiff unless ordered to do so by the Court.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 29th day of November, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA