IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**ORDER AND REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Motion for Access to Electronic Legal Materials, Motion for Contempt, and Motion to Vacate the Court's November 29, 2021 Protective Order. Docs. 351, 352, 353. For the reasons explained below, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Access to Electronic Legal Materials. Doc. 351. Further, I **DENY** Plaintiff's Motion for Contempt and Motion to Vacate. Doc. 352, 353.

**I.     Motions for Access to Electronic Legal Materials**

Plaintiff has filed a Motion for Access to Electronic Legal Materials that primarily concerns another pending 42 U.S.C. § 1983 case in this District, Daker v. Bland, 6:20-cv-90. In his Motion for Access to Electronic Legal Materials, Plaintiff complains Warden Adams (who is not a party in this case) has not provided him access to the law library computer so he can comply with the Court's discovery Order in Daker v. Bland. Doc. 351 at 1–7. Plaintiff claims Warden Adams is restricting Plaintiff's access to the law library (and other privileges Plaintiff claims are necessary so he can litigate his pending cases) as a form of retaliation against Plaintiff for Plaintiff's initiation of various lawsuits and Plaintiff's decision to file one particular motion

in this case, violating his First Amendment rights. Plaintiff requests a preliminary injunction directing "Defendants" to provide Plaintiff access to his legal materials so he can comply with the Court's Order in Daker v. Bland and provide defendants' counsel in that case copies of audio recordings.[1] Id. at 9–11. Plaintiff filed an identical motion for access to electronic legal materials in Daker v. Bland. Mot., 6:20-cv-90 (S.D. Ga. Dec. 28, 2021), ECF No. 89.

Plaintiff's Motion for Access to Electronic Legal Materials almost exclusively concerns issues in Daker v. Bland, rather than the instant case.[2] This is shown by the factual allegations in his Motion, Plaintiff's request for an order directing Defendants to comply with the Court's October 14, 2021 Order in Daker v. Bland, and the caption of the Motion. Thus, the Court should not grant Plaintiff's Motion but should instead consider the merits of his position in Daker v. Bland.

Further, even if the Motion were related to the issues in this case, Plaintiff's Motion is still due to be denied, because no First Amendment claim or claim relating to access to his legal materials is pending in this case. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage,

---

[1] Plaintiff asks the Court to order "Defendants" to provide Plaintiff with access, but there is no indication Defendants in this action (Owens, Toole, DeLoach, and Bailey-Dean) have any authority to provide Plaintiff with any of the requested access at the facility where Plaintiff is currently housed, Smith State Prison. Rather, it appears Plaintiff wants the Court to order non-parties, such as Warden Adams, to provide the requested access.

[2] The only connection between Plaintiff's Motion and this case is Plaintiff's vague and conclusory allegation that Warden Adams is retaliating against Plaintiff because he filed a motion for access to stored legal materials in this case. Doc. 351 at 2, 7. Plaintiff references a conversation with Warden Adams, where Adams suggested Plaintiff should have tried to work out access issues before filing a motion with the Court. Plaintiff's description of the conversation shows an effort to resolve access issues, not an attempt to retaliate, and, more importantly, does not demonstrate any basis for the requested relief in this case.

CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by* 2018 WL 2303726 (S.D. Ga. May 21, 2018); Griego v. Inch, No. 3:17cv66, 2019 WL 2093245, at *2 (N.D. Fla. Apr. 1, 2019) (explaining the relief sought in a preliminary injunction motion should be closely related to the conduct complained of in the complaint). Additionally, the persons from whom the injunctive relief is sought must be parties to the underlying action. Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012).

Plaintiff's requests for a preliminary injunction related access to his legal materials is not related to the claim presently pending before the Court, which is a procedural due process claim related to his placement in Tier II/Segregation at Georgia State Prison ("GSP"). See Docs. 259, 290. Plaintiff contends the restrictions on access to his legal materials violates his First Amendment rights, but Plaintiff's First Amendment claims have been dismissed. Similarly, the injuries Plaintiff complains of do not relate to his placement in Tier II/Segregation at GSP. Furthermore, Plaintiff has not identified any specific Defendants to enjoin but instead seeks to enjoin non-defendant Smith State Prison officials, including Warden Adams. Doc. 351 at 7–11. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Access to Legal Materials. Docs. 351. The identical motion filed in Daker v. Bland will be considered on its merits and addressed in due course in that case.

## II.     Motion for Contempt

Plaintiff's Motion for Contempt also relates to his other, pending § 1983 case—Daker v. Bland. Doc. 352. Plaintiff alleges Warden Adams has retaliated against Plaintiff by restricting his access to legal materials. Id. at 1–7. Plaintiff contends this retaliation violates the Court's

October 14, 2021 and November 9, 2021 Orders in Daker v. Bland, requiring Smith State Prison to permit Plaintiff to access his legal materials. Id. at 8 (citing Ord., 6:20-cv-90 (S.D. Ga. Oct. 14, 2021), ECF No. 67, and Ord., 6:20-cv-90 (S.D. Ga. Nov. 9, 2021), ECF No. 78). Plaintiff asserts he has not yet been provided such access and, thus, Smith State Prison officials (again, individuals who are not parties to this case) should be held in contempt for failing to comply with this Court's Orders. Id. at 9–10. Plaintiff filed an identical motion for contempt in Daker v. Bland. Mot., 6:20-cv-90 (S.D. Ga. Dec. 28, 2021), ECF No. 90.

Plaintiff's Motion for Contempt plainly relates to discovery issues and rulings in Daker v. Bland, rather than the instant case. Indeed, Plaintiff's request for a contempt order is based solely on alleged violations of the Court's Orders in Daker v. Bland. Thus, the Court **DENIES** Plaintiff's Motion for Contempt. The identical motion filed in Daker v. Bland will be addressed in due course in that case.

### III.     Motion to Vacate the Court's Order on Motion for Protective Order

Plaintiff moves for this Court to vacate its November 29, 2021 Order granting Defendants' motion for a protective order. Doc. 353. That Order removed the obligation for Defendants to respond to every motion filed by Plaintiff in this action, unless specifically ordered to respond by the Court. Plaintiff contends that Order has allowed Defendants (or their employees and agents) to continue the conduct Plaintiff is challenging in this case and has allowed Defendants to retaliate against Plaintiff for his Motions filed in this case.[3] Id. at 1. Plaintiff incorporates his factual allegations contained in his Motions for Access to Electronic Legal Materials and for Contempt.

---

3     Again, Plaintiff complains "Defendants" are retaliating, but there is no indication Defendants in this action have any role in the day-to-day supervision of Plaintiff at Smith State Prison.

Plaintiff's Motion to Vacate is conclusory and without merit.  Plaintiff contends the Court's Order relieving Defendants from responding to motions filed in this case unless directed to by the Court allowed Defendants to continue to allegedly violate Plaintiff's constitutional rights.  Plaintiff fails to provide any explanation for this conclusory assertion.  Further, the Court fails to see how Plaintiff's vague claims of retaliation are in any way related to Plaintiff's procedural due process rights related to his placement in Tier II/Segregation at GSP, which is the only claim pending in this case.  Docs. 259, 290.  Likewise, the Court cannot discern any connection between Defendants' obligations to respond to Plaintiff's various motions in this litigation and Plaintiff's purported treatment at Smith State Prison.  Thus, Plaintiff has not alleged Defendants in this case—Brian Owens, Rick Jacobs, Robert Toole, Mr. Deloach, and Betty Bailey-Dean—have behaved inappropriately or otherwise violated his rights or that such behavior is connected to the Court's November 29, 2021 Order.  Accordingly, the Court **DENIES** Plaintiff's Motion to Vacate.  Doc. 353.  The Court's November 29, 2021 Order remains in place.

## CONCLUSION

For the reasons explained above, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Access to Electronic Legal Materials.  Doc. 351.  Further, I **DENY** Plaintiff's Motion for Contempt and Motion to Vacate.  Doc. 352, 353.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't

5

Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 5th day of January, 2022.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA