IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's December 17, 2021 Order. (Doc. 365.) For the reasons below, the Court **DENIES** Plaintiff's Motion to Reconsider.

Rule 60(b) provides a court may relieve a party from judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)–(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The decision whether to grant relief under this provision is within the sound discretion of the district court. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1131–32 (11th Cir. 1986). In exercising that discretion, the Court must take into consideration the interest of efficient judicial administration. Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (citing Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 397–98 (1993)). A motion for reconsideration "is not an opportunity for the moving party to instruct the court on how the court

could have done it better the first time." Jerawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (internal quotations and citations omitted). Nor is it an appropriate vehicle to "present authorities available at the time of the first decision or to reiterate arguments previously made." Burger King Corp. v. Hinton, Inc., No. 01-2249-CIV, 2002 WL 31059465, at *1 (S.D. Fla. July 19, 2002). When a party bases its motion to reconsider on previously unsubmitted evidence, "the court should not grant the motion absent a showing that the evidence was not available during the pendency of the case." M.G. v. St. Lucie Cnty. Sch. Bd., 741 F.3d 1260, 1262 (11th Cir. 2014) (internal quotations and alterations omitted). Indeed, the Court's interest in finality is strong, and "[a] busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990) (quoting Union Planters Nat'l Leasing v. Woods, 687 F.2d 117, 121 (5th Cir. 1982)).

Plaintiff asks this Court to reconsider its December 17, 2021 Order that largely affirmed a previous grant of Defendants' motion to dismiss. (Doc. 365.) The procedural history of the Court's December 17, 2021 Order is lengthy. Importantly, that Order reconsidered a previous Order adopting the Magistrate Judge's February 22, 2021 Report and Recommendation. (Doc. 349.) Essentially, now Plaintiff asks the Court to reconsider its Order reconsidering a previous Order. Plaintiff's arguments for reconsideration largely re-hash the arguments Plaintiff raised before and which have already been rejected. (Compare doc. 365 with doc. 300.)

Plaintiff has not met the standard for reconsideration—his arguments are based on evidence or legal authorities available at the time of the Court's initial decision and are simply another attempt to relitigate issues already resolved. Plaintiff's current Motion is the quintessential "presentation of theories seriatim" the Eleventh Circuit has stated are not proper bases for a motion for reconsideration. Because Plaintiff only raises arguments the Court has already considered and

rejected, Plaintiff's Motion is **DENIED**.  West v. Higgins, No. 606CV083, 2009 WL 1708225, at *1 (S.D. Ga. June 16, 2009).

**SO ORDERED**, this 28th day of February, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA