IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's December 17, 2021 Order. (Doc. 364.) For the reasons below, the Court **OVERRULES** Plaintiff's Objections as to the Magistrate Judge's Report. The Magistrate Judge's Order remains the Order of the Court.

Plaintiff moved for the Court to enter a final judgment or certificate of appealability of the Court's March 26, 2021 Orders. (Doc. 338.) Plaintiff argued the Court should certify for interlocutory appeal the Court's decision on his failure to exhaust administrative remedies. (Id.) The Magistrate Judge denied Plaintiff's motion, concluding Plaintiff had not demonstrated a final judgment should be entered as provided by Federal Rule of Civil Procedure 54(b) and that Plaintiff had not met the standard under 28 U.S.C. § 1292(b) for a certificate of appealability. (Doc. 350.) Plaintiff now challenges those rulings by the Magistrate Judge.

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown

that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

Plaintiff contends the Magistrate Judge first erred because he stated Rule 54(b) is only appropriate under "unusual cases." (Doc. 364, p. 2.) However, upon review of controlling case law, the Court finds this is the standard articulated by the Eleventh Circuit. Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 166 (11th Cir. 1997) (explaining "Rule 54(b) certifications 'must be reserved for the unusual case'") (citations omitted). Further, the Court is unpersuaded that Plaintiff has demonstrated this is such an unusual case. Plaintiff contends the length of this litigation merits certification and expresses concerns over Defendants destroying evidence related to his dismissed claims. (Doc. 364, p. 2.) The Court finds Plaintiff's concerns about Defendants destroying evidence unfounded and is not persuaded the Magistrate Judge clearly erred when determining this is not such an unusual case. Accordingly, this Objection is **OVERRULED**.

Plaintiff also challenges the Magistrate Judge's conclusion that this case should not be certified for immediate review under Section 1292(b). (Id. at pp. 3–5.) For the first time, Plaintiff contends whether there are circumstances other than the three articulated in Ross v. Blake, 578 U.S. 632 (2016), that make an administrative remedy unavailable is a controlling question of law over which there is a substantial ground for difference of opinion among courts. (Id.) As Plaintiff is raising this argument for the first time in Objections, the Court is not required to consider it. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). Moreover, Plaintiff has still failed to point to a substantial difference of opinion among courts. Indeed, all the cases Plaintiff cites have come out the same way (i.e., that unavailability under Ross is not limited to the three circumstances

2

described in that case), which he states is contrary to this Court's ruling.  (Doc. 364, p. 4.) However, an argument this Court erred by declining to extend Ross in this particular case is not the same as showing a substantial difference of opinions among courts.  Thus, the Court cannot say the Magistrate Judge clearly erred when denying Plaintiff's request to certify for immediate appeal under Section 1292(b).  Accordingly, the Court also **OVERRULES** Plaintiff's Objections related to Section 1292(b) certification.  (Doc. 342.)  The Court's December 17, 2021 Order remains the Order of the Court.

       **SO ORDERED**, this 28th day of February, 2022.

       _____
       R. STAN BAKER
       UNITED STATES DISTRICT JUDGE
       SOUTHERN DISTRICT OF GEORGIA