IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's January 5, 2021 Report and Recommendation. (Doc. 366.) For the reasons below, the Court **OVERRULES** Plaintiff's Objections as to the Magistrate Judge's Report. The Court **ADOPTS** the Magistrate Judge's Report as the opinion of the Court and **DENIES** Plaintiff's Motion for Access to Electronic Legal Materials. (Docs. 351, 356.)

BACKGROUND

Plaintiff, proceeding pro se, seeks a preliminary injunction related to his access to electronic legal materials at Smith State Prison. (Doc. 351, pp. 1–7.) Plaintiff explained the purpose of the preliminary injunction was so that he could comply with an Order in another case, Daker v. Bland, 6:20-cv-90 (S.D. Ga.). The Magistrate Judge recommended the Court deny Plaintiff's Motion for two reasons. First, the Magistrate Judge found Plaintiff's basis for requesting the preliminary injunction related primarily to Daker v. Bland and the Court should address the merits of Plaintiff's position in that case. (Doc. 356, pp. 1–2.) Second, the Magistrate

Judge found the Motion was not related to the claims pending in this case and, therefore, the Court should not issue an injunction. (Id. at pp. 2–3.)

## DISCUSSION

Plaintiff has filed Objections to the Magistrate Judge's Report recommending the Court deny his Motion for Access to Electronic Legal Materials. (Doc. 356.) The Court now conducts an independent and de novo review of the entire record and specifically addresses Plaintiff's Objections.

Plaintiff argues the Magistrate Judge erred when finding the case "exclusively" concerns Daker v. Bland. (Doc. 366.) First, the Magistrate Judge did not find Plaintiff's Motion only concerned Bland, only that it primarily concerned Bland. (Doc. 356, p. 2 (stating Plaintiff's Motion "almost exclusively" concerns Bland).) The Court agrees with the Magistrate Judge's analysis and conclusion. In his Motion, Plaintiff complains that the purported denial of access to his materials has hindered him in Bland. (Doc. 351, pp. 6–7, 9–10.) Indeed, the only injury Plaintiff complained of in his Motion concerned Bland. (Id. at p. 10.) For the first time in his Objections, Plaintiff alleges the need for access to electronic legal materials also concerns this case.[1] (Doc. 366, p. 2.) However, the Court need not consider Plaintiff's newly raised arguments, as he failed to present any such argument in his briefing to the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). Thus, the Court agrees with the Magistrate Judge's

---

[1] To the extent Plaintiff needs access to electronic legal materials related to the instant litigation for discovery or for other proper purposes, the Court will consider such a request. Plaintiff is advised he may file a motion under Federal Rule of Civil Procedure 26, which the Court will consider. The request must be narrowly tailored to this case and describe the specific electronic legal materials to which he needs access. To be clear, the Court will not grant open-ended or unspecific requests or entertain motions concerning matters unrelated to this case.

2

conclusion that Plaintiff's Motion deals primarily with Bland. Accordingly, the merits of Plaintiff's Motion are best dealt with in that case, and the Court **OVERRULES** this Objection by Plaintiff.

Plaintiff also objects to the Magistrate Judge's recommendation to deny his Motion because it deals with a matter lying outside the issues in this suit. (Doc. 366, p. 9 (citing Doc. 355, pp. 2–3).) The Magistrate Judge made this recommendation because any alleged problems with Plaintiff's access to electronic legal materials are not related to his pending procedural due process claims. (Doc. 355, p. 3.) Notably, Plaintiff does not argue his requested injunctive relief is related to his pending claims. Instead, Plaintiff argues his claims for injunctive relief do not have to be related to his pending claims because the Court has inherent power to issue the order he requests. (Doc. 366, pp. 10–14.) Plaintiff offers no citation to law that suggests a claim for preliminary injunctive relief need not be related to the underlying claims in the case. Nor has he distinguished the Magistrate Judge's reliance on binding Eleventh Circuit case law requiring exactly that. (Doc. 351, p. 2 (citing Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997)).)

Governing case law on the issue demonstrates requests for injunctive relief must be closely related to the underlying claims. Kaimowitz, 122 F.3d at 43; see also, Bossio v. Bishop, No. 3:16-CV-839, 2018 WL 4375139, at *2 (M.D. Ala. Aug. 8, 2018), *report and recommendation adopted*, 2018 WL 4374183 (M.D. Ala. Sept. 13, 2018). Indeed, a preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action. See Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1097–98 (11th Cir. 2004) (explaining the requested injunctive relief must relate in some fashion to the relief requested in the complaint). Because the requested preliminary injunction is unrelated to Plaintiff's underlying procedural due

3

process claim, his Motion is due to be denied. See Bruce v. Reese, 431 F. App'x 805, 806 n.1 (11th Cir. 2011) (affirming a district court's denial of injunctive relief that was "outside the scope of the underlying suit" (citation omitted)); Cook-Bey v. Lucie, No. 2:15-cv-307, 2019 WL 1186865 (M.D. Ala. Feb. 19, 2019) (holding a preliminary injunction seeking to enjoin correctional officers from destroying various papers and legal material should not be granted because the underlying claim the requested relief was not related to the claim in the case); Pullen v. Brown, No. 3:18-CV-1274, 2019 WL 399570, at *3 (M.D. Fla. Jan. 31, 2019) (denying a request for preliminary injunction as to claims that are outside of complaint).

Plaintiff also complains the Magistrate Judge incorrectly determined his Motion is due to be denied because Plaintiff has not identified any specific Defendants to enjoin. Plaintiff contends he need not identify any specific Defendants where several Defendants could have provided the necessary injunctive relief. (Doc. 366, pp. 2–3, 13.) For the first time, Plaintiff has identified specific Defendants to enjoin. (Id.) The Court need not consider Plaintiff's newly raised arguments, as he failed to present any such argument in his briefing to the Magistrate Judge. See Williams, 557 F.3d at 1291 (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). Thus, Plaintiff's failure to identify specific Defendants to enjoin also provides a basis for denying his Motions. Accordingly, the Court **OVERRULES** Plaintiff's Objections concerning the Magistrate Judge's recommendation on his Motion for Access to Electronic Legal Materials.

## CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Plaintiff's Objections as to the Magistrate Judge's Report. (Doc. 366.) The Court **ADOPTS** the Magistrate Judge's Report as

4

the opinion of the Court and **DENIES** Plaintiff's Motion for Access to Electronic Legal Materials. (Docs. 351, 356.)

**SO ORDERED**, this 28th day of February, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA