IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

BRIAN OWENS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-47

**O R D E R**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's November 29, 2021 Report and Recommendation and November 29, 2021 Order. (Docs. 358, 359.) For the reasons below, the Court **OVERRULES** Plaintiff's Objections as to the Magistrate Judge's Report. (Doc. 358.) The Court **DENIES** Plaintiff's Motion for Preliminary Injunction Regarding Limit on Indigent Mail, Motion for Preliminary Injunction Regarding Unreasonable Delays in Indigent Mail, Motion for Access to Stored Legal Materials, and Renewed and Supplemental Motion for Preliminary Injunction. (Docs. 314, 315, 316, 322.) The Magistrate Judge's Report is **AFFIRMED** and **ADOPTED** as the Order of the Court. (Doc. 343.) Finally, Plaintiff's Objections to the Magistrate Judge's November 29, 2021 Order are **OVERRULED**. (Doc. 359.)

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, proceeding pro se, has filed these Motions in his 42 U.S.C. § 1983 case, which is currently on interlocutory appeal to the Eleventh Circuit Court of Appeals. (Docs. 1, 298.) The only claim pending in this case is Plaintiff's procedural due process claim against Defendants

DeLoach, Owens, Toole, Bailey-Dean, and Jacobs concerning his placement in Tier II/Segregation. (Doc. 349.)

Plaintiff seeks several preliminary injunctions. First, Plaintiff seeks preliminary injunctions related to mail policies at the institution where he is housed and a preliminary injunction order related to purported unreasonable delays and restrictions on the processing of indigent mail. (Docs. 314, 315.) Plaintiff contends the current mail policies interfere with his access to courts and violate his First Amendment rights. (Id.) The Magistrate Judge recommends the Court deny Plaintiff's mail-related preliminary injunctions. (Doc. 343, pp. 2–4.) Similarly, Plaintiff requested a preliminary injunction related to access of his stored legal materials and access to photocopying. (Docs. 316, 322.) The Magistrate Judge similarly recommends the Court deny Plaintiff's Motion for Access to Stored Legal Materials and Plaintiff's Motion for Preliminary Injunction for Photocopying. (Doc. 343, pp. 5–6.)

Finally, the Magistrate Judge addressed Defendants' Motion for Protective Order. Defendants moved for an order relieving them of their obligation to respond to any motion or filing by Plaintiff unless the Court directs them otherwise. (Doc. 317.) Plaintiff opposed the Motion. (Doc. 321.) The Magistrate Judge found such a protective order appropriate and granted Defendants' Motion. (Doc. 343, pp. 7–8.)

## DISCUSSION

I.   **Plaintiff's Motions for Preliminary Injunction**

Plaintiff has filed Objections to the Magistrate Judge's Report recommending the Court deny his Motions for Preliminary Injunction. (Doc. 358.) The Court now conducts an independent and de novo review of the entire record and specifically addresses Plaintiff's relevant Objections.

### A. Mail-Related Preliminary Injunction Motions

The Magistrate Judge recommended the Court deny Plaintiff's Motions for Preliminary Injunctions Regarding Limit on Indigent Mail and Unreasonable Delays in Indigent Mail be denied. (Docs. 314, 315.) Plaintiff argues the Magistrate Judge's recommendation is erroneous.[1] (Doc. 358, pp. 1–10.)

First, Plaintiff argues the Magistrate Judge's finding that the Court lacks jurisdiction to grant to requested relief because it is an issue on appeal is incorrect. Plaintiff filed a Notice of Appeal on April 22, 2021. (Doc. 298.) Plaintiff notified the Court he was appealing six of the Court's rulings, including the Order granting Defendants' motion to dismiss Plaintiff's First Amendment mail-related claims. (Id.) Plaintiff's opening brief has not yet been filed in the Eleventh Circuit Court of Appeals. Daker v. Owens, No. 21-11440, Br. Notice (11th Cir. Dec. 10, 2021). Plaintiff clarifies he is only appealing the Court's rulings on his motions for preliminary injunctions. (Doc. 358, p. 2.) As the scope of Plaintiff's appeal is quite broad and no opening brief has been filed, it is difficult to determine precisely what is involved in Plaintiff's appeal, but Plaintiff has demonstrated his intent to appeal the dismissal of his First Amendment mail-related claims.

Regardless, the Magistrate Judge also recommends the Court deny Plaintiff's mail-related Motions because any alleged problems with indigent mailing and mail delays are not related to his procedural due process claims, the only claim pending in this case. (Doc. 343, p. 3.) Notably, Plaintiff does not argue his requested injunctive relief is related to his pending claims. Instead,

---

[1] The Magistrate Judge observed Plaintiff's Motions for Preliminary Injunction related to mail and the First Amendment claims in his Complaint and Supplemental Complaint related to indigent mailing and postage are nearly identical. (Doc. 343, p. 2.) Plaintiff notes he moved to reconsider dismissal of his First Amendment claims. However, the Court has since denied Plaintiff's motions to reconsider and adopted the Magistrate Judge's recommendation to dismiss Plaintiff's First Amendment claims. (Doc. 349.)

Plaintiff argues his claims for injunctive relief do not have to be related to his pending claims because the Court has inherent power to issue the order he requests. (Doc. 358, pp. 2–8.) Plaintiff points to no authority for this proposition. Nor has he distinguished the Magistrate Judge's reliance on binding Eleventh Circuit case law requiring exactly that. (Doc. 343, p. 3 (citing Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997)).)

Indeed, relevant case law on the issue makes clear that requests for injunctive relief must be closely related to the underlying claims. Kaimowitz, 122 F.3d at 43; Bossio v. Bishop, No. 3:16-CV-839, 2018 WL 4375139, at *2 (M.D. Ala. Aug. 8, 2018), *report and recommendation adopted*, 2018 WL 4374183 (M.D. Ala. Sept. 13, 2018). A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action. See Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1097–98 (11th Cir. 2004) (explaining the requested injunctive relief must relate in some fashion to the relief requested in the complaint). Because the requested preliminary injunction is unrelated to Plaintiff's underlying procedural due process claim, his Motion is due to be denied. See Bruce v. Reese, 431 F. App'x 805, 806 n.1 (11th Cir. 2011) (affirming a district court's denial of injunctive relief that was "outside the scope of the underlying suit" (citation omitted)); Cook-Bey v. Lucie, No. 2:15-cv-307, 2019 WL 1186865 (M.D. Ala. Feb. 19, 2019) (holding a preliminary injunction seeking to enjoin correctional officers from destroying various papers and legal material should not be granted because the underlying claim the requested relief was not related to the claim in the case); Pullen v. Brown, No. 3:18-CV-1274, 2019 WL 399570, at *3 (M.D. Fla. Jan. 31, 2019) (denying a request for preliminary injunction as to claims that are outside of complaint).

Plaintiff also complains the Magistrate Judge incorrectly determined his Motion is due to be denied because Plaintiff has not identified any specific Defendants to enjoin. Plaintiff contends he need not identify any specific Defendants where several Defendants could have provided the necessary injunctive relief. (Doc. 358, pp. 8–10.) For the first time, Plaintiff has identified specific Defendants to enjoin. (Id.). The Court need not consider Plaintiff's newly raised arguments, as he failed to present any such argument in his briefing to the Magistrate Judge, particularly given that Plaintiff's Motion is due to be denied on other grounds. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir.2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). Thus, Plaintiff's failure to identify specific Defendants to enjoin in his original Motion also provides a basis for denying his Motions.

Accordingly, the Court **OVERRULES** Plaintiff's Objections on his mail-related Motions for Preliminary Injunction. The Court **ADOPTS** the Magistrate Judge's Report as the opinion of this Court and **DENIES** Plaintiff's Motion for Preliminary Injunction Regarding Limit on Indigent Mail, Motion for Preliminary Injunction Regarding Unreasonable Delays in Indigent Mail, (docs. 314, 315).

### B.     Motion for Access to Stored Legal Materials

Plaintiff seeks a preliminary injunction and asks the Court to enter an order requiring Defendants to provide him with "readily available access to his stored legal materials." (Doc. 316, pp. 5–8; Doc. 337.) The Magistrate Judge recommended the Court deny Plaintiff's Motion because it was not of the same character or related to Plaintiff's pending procedural due process claim. (Doc. 343, pp. 4–5.) Plaintiff offers the same response as his mail-related Motions—that this Court should overlook the requirement a motion for preliminary injunction be

5

related to underlying claims. Plaintiff's argument is unpersuasive for the same reasons set forth above.[2] Accordingly, the Court **OVERRULES** Plaintiff's Objections on Motion for Access to Stored Legal Materials. The Court **ADOPTS** the Magistrate Judge's Report as the opinion of this Court and **DENIES** Plaintiff's Motion for Access to Stored Legal Materials, (docs. 322).

### C. Plaintiff's Renewed and Supplemental Motion for Preliminary Injunction for Access to Photocopying, Doc. 322

The Magistrate Judge recommends the Court deny Plaintiff's Renewed and Supplemental Motion for Preliminary Injunction for Access to Photocopying Plaintiff has previously filed five other similar motions, all of which have been denied and are now at issue on appeal. (Doc. 343, p. 6.) Plaintiff concedes he appealed these previously denied motions for photocopying but argues, because the instant Motion is based on different facts, the Court is not divested of jurisdiction. (Doc. 358, p. 13.) While Plaintiff's instant Motion and previous Motions are not identical, they are materially similar. In both, Plaintiff makes the same legal arguments as to why he should be permitted unlimited access to photocopying, alleging that denial of access to unfettered photocopying violates his First Amendment rights and that he meets the requirements of a preliminary injunction. Thus, the Court finds itself divested of jurisdiction to rule on the merits, despite Plaintiff's conclusory instance otherwise. Accordingly, the Court **OVERRULES** Plaintiff's Objections on Motion for Access to Stored Legal Materials. The Court **ADOPTS** the Magistrate Judge's Report as the opinion of this Court and **DENIES** Plaintiff's Motion for Access to Stored Legal Materials, (doc. 322).[3]

---

[2] Plaintiff also takes issue with the Magistrate Judge's characterization of the facts underlying his Motion. (Doc. 358, pp. 10–11.) As Plaintiff's dispute of the Magistrate Judge's description is not material to this Court's conclusion, the Court declines to address this issue any further.

[3] Plaintiff briefly touches on the Magistrate Judge's suggestion he move under Federal Rule of Civil Procedure 26 for photocopying, if he so desires. (Doc. 348, p. 14.) Plaintiff states he has conferred with Defendants on photocopying and, thus, complied with the Magistrate Judge's directive and should be granted relief. However, the Magistrate Judge also directed Plaintiff to file a narrowly tailored motion

## II.    Plaintiff's Objections to the Magistrate Judge's Order

Defendants moved for a protective order, relieving them from responding to Plaintiff's motions unless ordered to do so by the Court. (Doc. 317.) The Magistrate Judge granted Defendants' Motion based on the Court's inherent ability to manage its own docket, authority to change the time for a party to respond to a pending motion, and Plaintiff's burdensome filings. (Doc. 342, pp. 6–7.) Plaintiff has filed Objections to the Magistrate Judge's Order. (Doc. 359.)

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

Plaintiff contends the Magistrate Judge's Order permits Defendants "and their employees and agents" to retaliate against Plaintiff in this case, as well as other cases, such as Daker v. Bland, 6:20-cv-90 (S.D. Ga. Sept. 15, 2020). (Doc. 359, pp. 1–4.) Plaintiff does not explain how the Magistrate Judge's Order will permit Defendants to retaliate against him, as Plaintiff is still permitted to file with the Court. Further, much of the purported "retaliation" Plaintiff complains of concerns his other case, Daker v. Bland, and individuals who are not parties to this case. Finally, the Court can address any allegations of retaliation as they occur and determine if Defendants need to respond. Indeed, Plaintiff's alleged harm flowing from the Magistrate Judge's Order is nothing more than conclusory conjecture. Thus, Plaintiff has failed to show the Magistrate Judge's Order

---

under Rule 26 explaining what he needs copied and why. (Doc. 343, p. 6 n.3.) Plaintiff has not filed any such motion under Rule 26, let alone one complying with the Magistrate Judge's directives. Thus, the Court declines to grant him any relief under Rule 26 at this time.

7

is clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's Objections. (Doc. 359.) The Court's November 29, 2021 Order remains the Order of the Court.

## CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Plaintiff's Objections as to the Magistrate Judge's Report. (Doc. 358.) The Court **DENIES** Plaintiff's Motion for Preliminary Injunction Regarding Limit on Indigent Mail, Motion for Preliminary Injunction Regarding Unreasonable Delays in Indigent Mail, Motion for Access to Stored Legal Materials, and Renewed and Supplemental Motion for Preliminary Injunction. (Docs. 314, 315, 316, 322.) The Magistrate Judge's Report is **AFFIRMED** and **ADOPTED** as the Order of the Court. (Doc. 343.) Finally, Plaintiff's Objections to the Magistrate Judge's November 29, 2021 Order are **OVERRULED**. (Doc. 359.)

**SO ORDERED**, this 28th day of February, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA