IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's January 3, 2022 Order. (Doc. 380.) For the reasons below, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's Order. The Magistrate Judge's Order remains the Order of the Court.

Plaintiff moved to amend or supplement his Amended Complaint. (Doc. 339.) Plaintiff sought to add more than 100 new defendants and add a number of unrelated claims, including claims which the Court has already dismissed. (Doc. 354, pp. 4, 6.) The Magistrate Judge denied Plaintiff's Motion because his proposed supplementation violated Federal Rules of Civil Procedure 8 and 20, he unduly delayed filing his Motion, and allowing an amendment now would prejudice Defendants and create a completely unmanageable case for the Court. (See generally id.) Plaintiff now challenges those rulings by the Magistrate Judge.

A district judge must consider a party's objections to a magistrate judge's order on a pretrial matter. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, the district judge may modify or set aside that order, and reconsider the pretrial matter, only "where it has been shown

that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a).

Plaintiff argues the Magistrate Judge erred in finding his proposed Complaint violated Federal Rule of Civil Procedure 8.  (Doc. 380, pp. 4–6.)  Plaintiff contends he sufficiently connected defendants to allegations.  (Id., p. 4.)  Plaintiff's argument on this point is conclusory and upon reviewing Plaintiff's filings, the Court cannot say the Magistrate Judge's conclusion is clearly erroneous or contrary to law.  Moreover, the Magistrate Judge correctly concluded Plaintiff's policy or custom claims were improperly pled.  Plaintiff brought policy or custom claims against dozens of Defendants for each purported unconstitutional policy or custom. (Doc. 392-1, pp. 21, 30, 33, 38, 70, 75, 83.)  If Plaintiff is asserting "these defendants had a policy that was enforced throughout the prison, he must provide facts that show they could implement such a policy."  Smith v. Farcas, No. 1:07-cv-58, 2008 WL 2557535, at *2 (N.D. Fla. June 17, 2008); Lawrence v. W. Publ'g Corp., No. 1:15-CV-3341, 2016 WL 4257741, at *10 (N.D. Ga. June 17, 2016) ("[B]ecause Plaintiff fails to identify a county policy or custom through the repeated acts of a final policy maker that caused her injuries, she fails to state a claim for relief.").  Put simply, Plaintiff's proposed pleading violates Rule 8 because he does not identify which Defendants are responsible for implementing the purportedly unconstitutional policy. Accordingly, the Court **OVERRULES** this portion of Plaintiff's Objections, as the Court cannot conclude the Magistrate Judge's conclusion that Plaintiff's proposed Complaint violates Rule 8 is clearly erroneous.

Plaintiff also challenges the Magistrate Judge's conclusion that Plaintiff's proposed Complaint violates Federal Rule of Civil Procedure 20.  (Doc. 380, pp. 6–8.)  Plaintiff contends his amendments containing allegations from 2016 and 2017 should be permitted because they are

2

related to his 2014 Tier II procedural due process claim.  Specifically, Plaintiff states he can use the allegations from 2016 and 2017 to show in 2014 the Tier II conditions impose an atypical and significant hardship in relation to the ordinary incidents of prison life, which is required under Sandin.  (Id., pp. 6–7.)  Thus, Defendants from 2016 and 2017 are properly joined under Rule 20.

The Court is not persuaded.  Plaintiff has not demonstrated how conditions years later would show whether Tier II conditions in *2014* impose an atypical and significant hardship, as required by Sandin v. Conner, 515 U.S. 472, 481–82 (1995).  Plaintiff offers nothing more than conclusory assertions on this point.  Moreover, allowing Plaintiff's proposed amendment would result in a totally unmanageable case, which counsels against allowing such an amendment. (Doc. 354, p. 4 (citing Dickerson v. Donald, 252 F. App'x 277, 279 (11th Cir. 2007).)  Accordingly, Plaintiff's Objections to this portion of the Order related to Rule 20 are **OVERRULED**.

Plaintiff also objects to the Magistrate Judge denying his Motion because the amendment was unduly delayed, in bad faith, and would prejudice Defendants.  (Doc. 380, pp. 8–13.)  The Magistrate Judge concluded the relevant period for measuring undue delay was from the date of Plaintiff's original complaint—May 11, 2014.  (Doc. 354, p. 6.)  Plaintiff contends the Court is required to use some later date, such as adoption of the order denying his initial motion to amend or the order overruling his objections on Defendants' motion to dismiss.  (Doc. 380, p. 8.)  Plaintiff offers no support for this position, and there is no indication the Magistrate Judge's reliance on this date was clearly erroneous or contrary to law.  To the extent Plaintiff argues his inability to access his legal materials should excuse any undue delay, the Court disagrees.  (Id., pp. 10–11.) During the time Plaintiff's access has been purportedly limited, he has submitted more than 50 filing to the Court.  (Docs. 273, 280–88, 292, 295, 296, 298, 300, 301, 303, 305, 309, 310, 312,

313–16, 319, 321, 322, 324, 330, 334, 335, 336, 338–40, 344, 347, 351–53, 357–59, 360, 362, 364–67.)  Any restrictions on Plaintiff's access to his legal materials or the law library have not impeded Plaintiff from availing himself of the Court.

Similarly, the fact Plaintiff moved for reconsideration of already dismissed claims is immaterial. (Doc. 380, pp. 11–13.) The Magistrate Judge correctly concluded Plaintiff attempted to assert claims that were already dismissed for failure to exhaust administrative remedies. Plaintiff filing a motion for reconsideration on that ruling does not open the door to allow him to re-assert these claims in a subsequent pleading.  To hold otherwise would allow a litigant to continually re-assert an already disposed of claim based on simply filing a motion for reconsideration and forcing a defendant to defend against that claim indefinitely.  Indeed, the fact a motion for reconsideration was filed underscores the *lack* of need to amend to bring the claim. If the motion for reconsideration had been granted, the claim would simply remain in the case. (See Docs. 385, 393 (denying Plaintiff's motions for reconsideration).)  Finally, Plaintiff's arguments that Defendants would not be prejudiced by the proposed Amended Complaint is conclusory and without merit.  Accordingly, the Court also **OVERRULES** this portion of Plaintiff's Objections.  The Magistrate Judge's January 3, 2022 Order is not clearly erroneous or contrary to law; thus, it remains the Order of the Court.

**SO ORDERED**, this 31st day of March, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA