IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

This matter comes before the Court on Plaintiff's Motions for Clarification. Docs. 367, 373, 402, 414. Plaintiff has filed two identical Motions for Clarification, though they are signed on different dates. Compare Doc. 367 with Doc. 373. Plaintiff also filed a third and fourth Motion to Clarify Pending Claims and Defendants, which is materially similar to Plaintiff's other Motions seeking clarification. Doc. 402, 414. Plaintiff asks the Court to clarify that his procedural due process claims—the only claims pending in this action—are not limited to Plaintiff's placement in Tier II beginning on July 16, 2014, but also include his placement in administrative segregation (or Tier I) at Georgia State Prison ("GSP") from April 7, 2014, through July 16, 2014. Doc. 367 at 1; Doc. 373 at 1. Plaintiff asserts he brought a claim in his pleadings for both his placement in Tier I administrative segregation *and* Tier II at GSP. Doc. 367 at 1 (citing Doc. 9 at 14–18); Doc. 373 at 1 (citing Doc. 9 at 14–18). Plaintiff also urges the Court to clarify that his claims for injunctive and declaratory relief are not moot.

Doc. 402; Doc. 414 at 1–6.  For the following reasons, Plaintiff's Motions are **DENIED**.  Docs. 367, 373, 402, 414.

The Court acknowledges Plaintiff mentioned in his initial Complaint he was assigned to administrative segregation when he arrived at GSP.  Doc. 1 at 15.  However, these brief statements not sufficient to set forth a procedural due process claim related to that assignment.  Plaintiff merely describes the conditions he experienced upon his transfer to GSP and his initial placement in administrative segregation at that facility.  Plaintiff's allegations in this regard concern his conditions of confinement claims, which have been dismissed.  Docs. 259, 290.  At most, Plaintiff's passing references to administrative segregation at GSP in April of 2014 describe some factual circumstances leading up to Plaintiff's assignment to Tier II in July 2014—which is the basis for Plaintiff's remaining claims in this case.  But the allegations do not set forth any separate, plausible due process claim related to that initial administrative segregation assignment.

Even if Plaintiff's brief mention of his Tier I assignment could have been construed as asserting a due process claim, Plaintiff will not be permitted to proceed on such a claim now.  The Court has, at various points, described and analyzed Plaintiff's multitudinous claims in this action.  See, e.g., Docs. 99, 235, 259, 290.  The Court has never authorized Plaintiff to proceed on a due process claim related to his placement in Tier I administrative segregation at GSP.  When initially screening Plaintiff's claims, the Court concluded Plaintiff stated a procedural due process claim related to his placement in Tier II against Defendants Deloach, Jacobs, Toole, Bailey-Dean, and Owens.  Doc. 99 at 4, 12, 30–31.  The Court did not recognize a claim based on Plaintiff's initial placement in administrative segregation.  Id.  The Court's adoption Order explained Plaintiff's procedural due process claim against Defendants Deloach, Jacobs, Toole,

Bailey-Dean, and Owens concerned only his placement in Tier II, and that was the only claim Plaintiff was authorized to pursue. Doc. 235 at 8 nn.3, 26. Despite filing 56 pages of Objections, Plaintiff did not argue the Court failed to recognize a claim related to his placement in Tier I administrative segregation. Doc. 110. Plaintiff has waived any argument the Court failed to properly construe his Complaint to include a Tier I procedural due process claim.

Similarly, when ruling on Defendants' motion to dismiss, the Court explained Plaintiff's procedural due process claim related to his placement in Tier II against Defendants Deloach, Jacobs, Toole, Bailey-Dean, and Owens would proceed. Doc. 259 at 2; Doc. 290 at 2; Doc. 349. Again, there was no discussion in the briefing related to that motion of a claim based on the initial Tier I administrative segregation assignment. Despite the plethora of litigation following the ruling on Defendants' motion to dismiss, Plaintiff did not mention any claim related to his April 2014 placement in Tier I administrative segregation until now. See Docs. 300, 303, 310, 340, 365, 372, 374.

Plaintiff's attempt to now assert a procedural due process claim related to his initial placement in Tier I administrative segregation April 7, 2014, through Motions for Clarification, is not appropriate. Docs. 367, 373. Plaintiff has not previously argued the Court failed to properly identify this claim despite ample opportunity to do so and has only pursued a procedural due process claim in this action related his placement in Tier II beginning in July of 2014.

Plaintiff also states the claims currently pending in this action are asserted against the remaining Defendants in their individual and official capacities and he seeks injunctive relief and a declaratory judgment. Doc. 376 at 3–4; Doc. 384; Doc. 391; Doc. 402; Doc. 414. Plaintiff is wrong. Plaintiff has only been permitted to proceed on his claims for monetary damages (nominal and punitive) against Defendants for his procedural due process claim; he has not been

authorized to pursue injunctive relief in this case.[1]  Docs. 259, 290, 349.  Because Plaintiff is only pursuing monetary damages in this action, his claims are necessarily proceedings against Defendants solely in their individual capacities, not their official capacities.  See Jones v. Buckner, 963 F. Supp. 2d 1267, 1281 (N.D. Ala. 2013) (citing Brown v. Montoya, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.")).  Similarly, Plaintiff cannot pursue declaratory judgment in this action.  See Green v. Mansour, 474 U.S. 64, 73 (1985) (holding the Eleventh Amendment barred a claim for declaratory relief because issuance of such a judgment would have had "much the same effect as a full-fledged award of damages or restitution by the federal court").  Plaintiff's assertions that he is pursuing policy or custom claims is also incorrect, given that he was never permitted to proceed on such claims.

Plaintiff's only pending claim remains his procedural due process claim based on his Tier II assignment in July 2014 against Defendants Deloach, Jacobs, Toole, Bailey-Dean, and Owens in their individual capacities, seeking monetary damages.  The only claims on which Plaintiff may proceed are procedural due process claims related to his placement in Tier II from July 16, 2014 to July 31, 2014, against Defendants Deloach, Jacobs, Toole, Bailey-Dean, and Owens in their individual capacities.  There are no pending claims against Defendants in their official capacities.  Similarly, there is no pending claim based on a policy or custom.

---

[1]  Any claim for injunctive relief would inevitably be moot in this case.  Plaintiff's pending claims relate to his assignment to Tier II in 2014, nearly eight years ago, at a Georgia prison that is now closed. Intervening events necessarily moot any such claim at this point.  See, e.g., Daker v. Allen, 6:17-cv-23 (S.D. Ga. Mar. 24, 2020), ECF Nos. 246, 252, 270 (denying Plaintiff's habeas petition in part due to mootness where request was release from Tier II and intervening events mooted any such claim).

Accordingly, the Court **DENIES** Plaintiff's Motions for Clarification. Doc. 367, 373, 402, 414. To be clear, this Order does address the scope of Plaintiff's pending claims but does not grant the clarification Plaintiff seeks.

**SO ORDERED**, this 13th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA