IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

The matter is before the Court on various Motions Plaintiff has filed. Docs. 390, 395, 396, 397, 398, 399, 403. In these Motions, Plaintiff asserts he is being wrongfully kept from his legal materials as retaliation by Warden Adams for reporting his inability to access legal materials to the Court. See, e.g., Doc. 390 at 1–2; Doc. 396 at 1; Doc. 398 at 1. Plaintiff seeks a preliminary injunction which would allow him to access his legal materials or, in the alternative, an order under Federal Rule of Civil Procedure 26 providing for the same. Doc. 390 at 2; Doc. 396 at 1–2; Doc. 397 at 3; Doc. 403 at 2. Plaintiff further requests two evidentiary hearings: one on the matter of his access to legal materials, and the other on a matter related to alleged possession of contraband in Smith State Prison.[1] Doc. 395; see also Doc. 396 at 2; Doc. 397 at 3; Doc. 398 at 1; Doc. 399 at 1; Doc. 403 at 2. For the following reasons, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for Access to Legal Materials, and I **DENY as moot** Plaintiff's Motions for a Status Conference. Docs. 390, 395, 396, 397, 398,

---

[1] Plaintiff asserts he was wrongfully accused of possessing contraband on February 16, 2022. Doc. 397. Aside from the fact this matter is completely outside of the scope of the instant case, Plaintiff must exhaust all administrative remedies before bringing the matter to federal court. See Jones v. Bock, 549 U.S. 199, 202 (2007).

399, 403.

To be entitled to a preliminary injunction, Plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). However, the persons from whom the injunctive relief is sought must be parties to the underlying action. Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012). In the instant case, Plaintiff is suing Georgia Department of Corrections officials and Georgia State Prison officials. Warden Adams, from whom Plaintiff seeks injunctive relief, is not and has never been a listed Defendant. Even if Plaintiff could meet all four factors to be entitled to a preliminary injunction, the motion would be due to be denied since Warden Adams is not named in this suit.[2]

Plaintiff argues the Court has inherent power under Federal Rule of Civil Procedure 26 to issue the relief he requests. Doc. 390 at 2; Doc. 396 at 1–2; Doc. 397 at 3; Doc. 403 at 2. Plaintiff cites to no case law which supports his assertion. Although the Court does have inherent authority to manage litigation, and that authority may, at times, extend to enjoining parties for conduct related to discovery, it is unclear whether the Court's authority would allow for the issuance of the injunction Plaintiff requests, particularly in these specific circumstances. See, e.g., Thornburgh v. Abbott, 490 U.S. 401, 407–08 (1989) (noting the judiciary is "ill-equipped to deal with the difficult and delicate problems of prison management" and acknowledging considerable deference to the determinations of prison administrators). More

---

[2] To the extent Plaintiff argues Defendant Robert Toole, who is the current Georgia Department of Corrections Director of Facilities Field Operations, can provide the requested relief, Plaintiff's contention is without support. Plaintiff has not shown Defendant Toole, in his position as Director of Facilities Field Operations, has the power to direct Warden Adams to provide the requested relief.

importantly, Plaintiff has not demonstrated a need for such extraordinary action.  Plaintiff has consistently been able to file motions with the Court, even when he was on lockdown for alleged possession of contraband and has adequately responded to all pending motions.  See, e.g., Docs. 402, 411, 415.  Additionally, Plaintiff concedes he is allowed certain amounts of his legal materials in his cell and limited access to his stored legal materials.  Doc. 397 at 2.  Plaintiff simply wants the Court to require more.

Based on Plaintiff's failure to present any controlling authority on the issue and the specific circumstances before the Court, I **RECOMMEND** the Court **DENY** Plaintiff's Motions for Access to Legal Materials.  Since I have resolved the bases of Plaintiff's requests for status conferences, I **DENY as moot** Plaintiff's Motions for a Status Conference.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 2 8 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final Case judgment entered by or at the direction of a District Judge

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 13th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA