IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

This matter comes before the Court on Plaintiff's Motion to Compel Defendants' Compliance with Plaintiff's First Interrogatories, doc. 368, Motion to Compel Defendants' Compliance with Plaintiff's First Requests for Production, doc. 369, Motion to Compel Defendants' Compliance with Plaintiff's Third Requests for Production, doc. 370, and Motion to Compel Defendants' Compliance with Plaintiff's Second Requests for Production, doc. 375. Defendants filed a consolidated Response to Plaintiff's Motions.  Doc. 401.

For the reasons that follow, Plaintiff's Motion to Compel Defendants' Compliance with Plaintiff's First Interrogatories is **GRANTED in part** and **DENIED in part**.  Doc. 368.  All Defendants are **DIRECTED** to answer Plaintiff's Interrogatory Number 1 but **only** the portion seeking their full names, Interrogatory Number 2, and Interrogatory Number 3, and Defendant Owens is **DIRECTED** to answer Interrogatories Numbers 4 and 6 consistent with this Order.[1]

---

[1] Interrogatories Numbers 4 and 6 ask Defendant Owens to produce certain documents.  To the extent Plaintiff is asking the Court to compel Owens to produce those documents, the request is **DENIED**.  Interrogatories are not the proper method for requesting documents.  Indeed, nothing in Federal Rule of Civil Procedure 33 requires a party to produce documents.  Instead, such requests must be made under Rule 34, which Plaintiff has not done here.

Additionally, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Compel Defendants' Compliance with Plaintiff's First Requests for Production.  Doc. 369.  Defendants are **DIRECTED** to produce documents responsive to Requests for Production Number 12 and Number 17, specifically, related to Plaintiff's placement in SMU at GDCP from October 3, 2012 to April 7, 2014.[2]  Defendants are **ORDERED** to answer the relevant interrogatories and produce the responsive documents within 21 days of this Order.  Additionally, the Court **DENIES** Plaintiff's Motion to Compel Defendants' Compliance with Plaintiff's Third Requests for Production, doc. 370, and Motion to Compel Defendants' Compliance with Plaintiff's Second Requests for Production, doc. 375.  Finally, the Court **DENIES as moot** Plaintiff's Motion for Leave to File a Reply.[3]  Doc. 407.

I.  **Relevant Background**

This case has a lengthy history.  At this point, only Plaintiff's Tier II procedural due process claims against five Defendants in their individual capacities remain pending.  These claims relate to Plaintiff's July 2014 assignment to Tier II at Georgia State Prison ("GSP") while in Georgia Department of Corrections' ("GDC") custody.[4]  This Order concerns Plaintiff's requests for the Court to compel Defendants to respond to certain discovery requests.

---

[2]  Defendants are required to produce only the incident reports and grievances and not other information sought in Requests for Production Numbers 12 and 17.

[3]  Plaintiff sought leave to file an out-of-time reply to Defendants' Response to his Motions to Compel.  Doc. 407.  Plaintiff does not explain what specific arguments or factual assertions he wants to refute; instead, he makes vague assertions that Defendants' Response cannot be accurate. Id. at 2.  Moreover, the Court has resolved the issues on the parties' initial briefing.  A reply brief, which is generally disfavored, would not be helpful.  Additionally, Plaintiff requests other relief, such as access to legal materials and for a status conference, which are both issues the Court has already addressed and resolved.  Docs. 421, 422.  Accordingly, the issues which Plaintiff raises in his Motion for Extension are moot based on this Order and prior rulings.

[4]  Specifically, the only claims currently pending in this case are Plaintiff's procedural due process claims arising from Plaintiff's July 2014 Tier II assignment, and those claims are asserted against

The parties communicated some by letter about the discovery disputes before Plaintiff filed his Motions.  Doc. 368 at 2; Doc. 401 at 4–5; Doc. 401-5.  The parties were unable to resolve their disagreements, and Plaintiff filed the instant Motions to Compel.  Docs. 368, 369, 370, 375.  Defendants argue Plaintiff's Motions should be denied because he failed to confer in good faith prior to filing his motions to compel.  It is correct the parties did not have robust conferral; the communications were limited to a couple of exchanged letters.  Doc. 401-5.  However, given Plaintiff's circumstances as an incarcerated, pro se litigant, the Court declines to deny Plaintiff's Motions solely based on lack of conferral.[5]  Accordingly, the Court will consider Plaintiff's Motions on the merits.

## II.     Legal Standard

Motions to compel are governed by the rules of discovery,

> which require the disclosure of all relevant information so that ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts . . . .  Hence, [t]he scope of discovery under [Rule] 26(b)(1) is broad and includes discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action.  Those resisting discovery must show specifically how the objected-to request is unreasonable or otherwise unduly burdensome.
>
> Claims and defenses determine discovery's scope.  Evidence is relevant if it has any tendency to make the existence of any fact or consequence more or less probable than it would be without the evidence.

Daniel Def., Inc. v. Remington Arms Co., LLC, Case No. CV414-131, 2015 WL 6142883 at * 2 (S.D. Ga. Oct. 19, 2015) (cites and quotes omitted).  Importantly, "[i]nformation within this

---

Defendants Owens, Toole, DeLoach, Bailey-Dean, and Jacobs, in their individual capacities only, and the only forms of relief Plaintiff is permitted to pursue are nominal and punitive damages.  Doc. 419.

[5]     The fact the Court is addressing the merits of this dispute should not be construed as approval of Plaintiff's efforts at conferral.  Plaintiff's communications to Defendants are generalized and do not suggest any legitimate effort to resolve the dispute.  However, there is also no indication additional conferral would be helpful.  Therefore, I have elected to address the merits of the dispute.

scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

### III. Motion to Compel Defendants' Compliance With Plaintiff's First Interrogatories[6]

Plaintiff moves to compel Defendants to answer several of his October 2021 interrogatories to Defendants. Doc. 368. Defendants objected to many of Plaintiff's interrogatories as overbroad, unduly burdensome, or not relevant to the case.

#### A. Interrogatory Number 1 Seeking Defendants' Names and Dates of Birth

For each Defendant, Interrogatory Number 1 seeks their full names and dates of birth. Doc. 401-2 at 4, 9, 10, 12. Defendants object to disclosing this information because of security concerns due to their positions as correctional officers and the information is not relevant to the claim. Plaintiff has not identified any specific need for Defendants' dates of birth. And, given Plaintiff's status, Defendants' safety and security concerns are legitimate and justified. Defendants in this case are all former or current correction officers, and, therefore, dissemination of this personally identifying information may place them at risk. However, Plaintiff's request for Defendants' full names does not pose the same kind of security concerns, is not unduly burdensome or disproportional to the needs of the case, and is relevant. Accordingly, Defendants' objection to Interrogatory Number 1 for Defendants Adams, Toole, DeLoach, Bailey-Dean, and Ward is **SUSTAINED in part**. Defendants are required to provide their full names in response to Interrogatory Number 1 but are not required to provide their dates of birth.

---

[6] Plaintiff served separate interrogatory requests on each Defendant. Doc. 401-2. Each set of interrogatories is separately numbered and not necessarily identical. For example, for each Defendant, Interrogatory Number 1 is identical and Interrogatory Number 4 is identical for each Defendant except for Defendant Owens. The Court identifies each interrogatory number for each Defendant.

B.      **Interrogatories Number 2 and Number 3 Seeking Information About Defendants' Current and Former Employment**

Defendants object to Interrogatory Numbers 2 and 3 for Defendants Owens, Toole, DeLoach, and Bailey-Dean, which seek information about Defendants' former and current employment.  Defendants assert in a conclusory fashion this information is not relevant, is not proportional to the needs of the case, and is unduly burdensome.  Doc. 401-2 at 4, 9–10, 11, 12–13.  In fact, Defendants do not address these specific requests at all in their briefing.  Plaintiff states he seeks this information so he can identify evidence that may be admissible under Federal Rules of Evidence 404, 405, 406, or 608 and sets forth theories of relevance for the requested information.  Doc. 368 at 4.  Defendants have not shown such information sought in these requests is irrelevant.  Defendants have also not shown beyond their boilerplate assertions such information would be unduly burdensome to produce.  Indeed, the information merely asks about each Defendant's own employment.  Thus, this request seeks information that is at least minimally relevant or likely to lead to discoverable information and does not appear to be disproportional to the needs of the case or unduly burdensome.  Accordingly, the Court **OVERRULES** Defendants' objection, **GRANTS** this portion of Plaintiff's Motion, and **ORDERS** Defendants to answer Interrogatories Number 2 and Number 3 within 21 days of this Court's Order.

C.      **Interrogatories Number 4 and Number 6 to Defendant Owens Regarding Plaintiff's Placement in SMU at Georgia Diagnostic and Classifications Prison ("GDCP"), Transfer to GSP, and Placement in Administrative Segregation at GSP**

Plaintiff's Interrogatories Number 4 and Number 6 would require Defendant Owens to describe any information he knows about Plaintiff's placement in GDCP SMU when entering GDC custody in 2012, information related to his transfer from GDCP to GSP in 2014, and placement in administrative segregation at GSP.  This interrogatory seeks information that is

potentially relevant to Plaintiff's claims about his placement in Tier II in July 2014. Plaintiff alleges he was placed in Tier II because of his prior placement in SMU at GDCP and his placement in administrative segregation at GSP.[7] Therefore, the information requested is potentially relevant. Defendants' objection to these interrogatories is **OVERRULED**, and this portion of Plaintiff's Motion is **GRANTED**. Defendant Owens is **ORDERED** to answer these interrogatories. Defendant Owens is only required to provide information, to the extent it is within his personal knowledge.[8] Wilkins v. Ragoodial, No. 2:20-CV-14203, 2021 WL 1579955, at *2 (S.D. Fla. Apr. 21, 2021) ("A court cannot compel better answers to an interrogatory question to which the party being asked does not know the answer[.]").

### D. Interrogatories Number 5 and Number 7 to Defendant Owens Regarding Communications Between Cobb County and Butts County Entities and Officials

Plaintiff asks Defendant Owens to describe all communications between any GDC employee and a variety of Cobb and Butt County entities and officials. Plaintiff again seeks information about his placement in GDCP SMU, which he alleges led to his unconstitutional placement in Tier II at GSP. Accordingly, this information is relevant for discovery purposes. However, this request is not proportional to the needs of the case or properly directed to Defendant Owens. Plaintiff is asking a single Defendant (Defendant Owens), in his individual capacity, to answer an interrogatory encompassing the entire GDC. Moreover, the interrogatory

---

[7]   To be clear, Plaintiff's pending claims do not involve any alleged constitutional violation in Plaintiff's assignment to SMU at GDCP or his initial placement in administrative segregation at GSP. Rather, the record indicates Plaintiff's earlier assignments in SMU at GDCP and administrative segregation at GSP influenced or caused his assignment to Tier II at GSP (which does form the basis for his pending claims). Therefore, information about the earlier assignments is potentially relevant to the pending claims.

[8]   To the extent Plaintiff requests documents be produced in conjunction with Owens' response, this is not a proper purpose of an interrogatory. See Fed. R. Civ. P. 33. Defendant Owens is not required to attach any documents or records in response to Interrogatories Number 4 and Number 6.

6

is not even tailored to seek information about Plaintiff or his claim; instead, it seeks *all* communications, regardless of what the communication details.  Plaintiff's only pending claims do not warrant such sprawling discovery.  Accordingly, Defendants' objection to these interrogatories is **SUSTAINED**, and this portion of Plaintiff's Motion is **DENIED**.  Defendant Owens is not required to answer Interrogatories Number 5 and 7.

      **E.**      **Interrogatory Number 9 to Defendant Owens Regarding Plaintiff's Placement in Tier II in July 2014**

Plaintiff has requested information about his placement in Tier II in July 2014, and Defendants agreed to produce information responsive to this request.  However, Plaintiff contends Defendants have not produced any information.  In Defendants' Response, they explain it took them some time to locate the relevant discovery, but they have now provided the requested information to Plaintiff.  Accordingly, the Court **DENIES as moot** this portion of Plaintiff's Motion.

      **F.**      **Interrogatory Number 10 to Defendant Owens Regarding Plaintiff's Tier II Placements After July 2014**

Plaintiff requests information from Defendant Owens about his subsequent placements in Tier II after his July 2014 assignment in interrogatories for Defendant Owens.  Plaintiff asserts this interrogatory is related to his claims for injunctive and declaratory relief, but no such claims are pending.  Accordingly, Defendants' objection to the interrogatory is **SUSTAINED**, and this portion of Plaintiff's Motion is **DENIED**.

      **G.**      **Interrogatories About Defendants' Involvement in Other Legal Proceedings**

Plaintiff requests information about any other civil or criminal case involving Defendants Owens, Toole, DeLoach, and Bailey-Dean or any other time which Defendants have been sued.  Plaintiff requests this information in Interrogatory Number 4 for Defendants Toole, DeLoach, and Bailey-Dean and in Interrogatory Number 11 for Defendant Owens.  This request seeks

information that is not relevant to the case and is not proportional to the needs. Plaintiff explains this information is necessary for character or impeachment evidence and may be relevant if Defendants seek to testify as experts. Plaintiff has not demonstrated this information is relevant or proportional to the case. Jones v. Taylor, No. 5:09-CV-391, 2011 WL 1196102, at *1 (M.D. Ga. Mar. 9, 2011) (denying a motion to compel answers to interrogatories about prior lawsuits where plaintiff had not established the prior lawsuits as being relevant). Additionally, Plaintiff asks for information related to any civil suit, not just other procedural due process claims. These requests also are not temporally limited in any way. Although Plaintiff argues the other suits may be relevant if Defendants seek to testify as experts, there is no indication Defendants seek to testify in this manner. Accordingly, Defendants' objection to these interrogatories is **SUSTAINED**, and this portion of Plaintiff's Motion is **DENIED**.

        **H.**        **Interrogatories Directed at Timothy Ward**

Plaintiff served interrogatories on Timothy Ward, the current GDC Commissioner. Ward refused to answer any interrogatories, as he is not a party to the case. Plaintiff argues Ward is a party to the case because he sued Defendants in their official and individual capacities, and Ward is automatically substituted as a Defendant under Rule 25 as the successor to Defendant Owens. However, no official capacity claims remain pending in this case; thus, Ward was not automatically substituted. As a non-party, Ward is not required to respond to any interrogatories under Federal Rule of Civil Procedure 33. Accordingly, Defendants' Objections to these interrogatories are **SUSTAINED**, and this portion of Plaintiff's Motion is **DENIED**.

**IV.**        **Motion to Compel Defendants' Compliance With Plaintiff's First Requests for Production**

Plaintiff served 77 separate requests for production of documents on Defendants. Defendants objected to almost every request on relevance and proportionality grounds. Most of

the requests are not proportional or relevant. Plaintiff makes many requests from the date of his incarceration—from October 2012 to present, despite his claims being limited to alleged procedural due process violations in July 2014. Similarly, Plaintiff requests numerous categories of documents related to 39 GDC officials, despite only a few Defendants remaining in this case. With this is mind, the Court makes the following rulings.

***Requests for Production Numbers 1–11, 13–16, 18–25, and 56–77***. Plaintiff's request for an order compelling Defendant to respond to requests numbered 1–11, 13–16, 18–25, and 56–77 is **DENIED**.[9] These requests seek information about GDC policies generally and Plaintiff which is wholly irrelevant to Plaintiff's claims, including information from years after the alleged conduct giving rise to the pending claims in this case. For example, Plaintiff requests his entire grievance history and the entire grievance history from any inmate in GDC custody from October 2012 to present, any email ever sent about him from more than 25 named individuals and other large groups of GDC officials (and all GSP current or former employees), and records concerning Plaintiff's law library access from April 2014 to present day. Similarly, Plaintiff requests documents related to incident reports from 2018 at a different GDC institution. The broadness of many of these requests, encompassing vast swaths of time and so many different individuals, is not relevant to Plaintiff's suit or proportional to the needs of the case. Plaintiff's claim is limited to his Tier II assignment July 2014 at GSP. Accordingly, the Court **DENIES** this portion of Plaintiff's Motion to Compel.

***Requests for Production Numbers 26–33***. Plaintiff requests various documents related to dismissed and expunged disciplinary reports, which Defendants assert are not relevant to this

---

[9] For ease of reference, the Court refers to the request for production by the numbers Plaintiff utilized when sending the request and in his Motion. Docs. 369, 401-1.

case. Plaintiff makes no showing on relevance. Accordingly, the Court **DENIES** these portions of Plaintiff's Motion to Compel. Defendants are not required to produce any documents related to Requests for Production Numbers 26–33.

***Requests for Production Numbers 34–55***. Plaintiff seeks cellphones, cellphone-related paraphernalia, and information related to the seizure of the cellphones from June 2015, November 2015, March 2016, September 2017, January 2018, December 2018, July 2019, August 2019, and April 2021.[10] Defendants objected to these requests, stating it was not proportional to the needs of the case and sought information that was not relevant. Plaintiff explains the cellphones contain relevant evidence in the form of audio and video recordings and photographs. But Plaintiff has not explained with any specificity that the cellphones or information on them would be germane to his pending claims. Plaintiff fails to point to any particular recording or photo that might be on the phones. Similarly, Plaintiff does not explain how things like the cellphones' chain of custody records or evidence locker logs would be relevant to his suit. Plaintiff does not explain how the related incident reports, witness statements, or photographs of the cellphones are relevant to the pending claims in this case. Accordingly, the Court **DENIES** this portion of Plaintiff's Motion to Compel. Defendants are not required to produce any documents related to Requests for Production Numbers 34 to 55.

***Request for Production Number 12 and 17***. In Requests Number 12 and Number 17, Plaintiff requests documents related to GDC incident reports and grievances at GDCP from October 3, 2012 to April 7, 2014. Plaintiff's request for incident reports or grievances is not

---

[10] Plaintiff is asking this Court to require Defendants to provide Plaintiff with prison contraband. See, e.g., Doc. 369 at 10 (requesting "all cellphones and cellphone-related paraphernalia" that was seized in June 2015). Issuing such an order would be inappropriate—providing Plaintiff with contraband would create security risks for the prison, as well as Defendants, and any suggestion that providing Plaintiff with contraband while in prison to further his litigation is without merit.

limited to any specific type of incident. Put differently, Plaintiff requests information unrelated to his placement in SMU at GDCP. Thus, Plaintiff's request is overbroad and not proportional to the needs of this case. However, the Court recognizes GDC incident reports and grievances related to Plaintiff's placement in SMU at GDCP before his transfer to GSP in 2014 are discoverable. Accordingly, the Court **GRANTS in part and DENIES in part** Plaintiff's Request for Production Number 12 and 17. Defendants are **only** required to produce incident reports related to Plaintiff's placement in SMU at GDCP from October 3, 2012 to April 7, 2014, to the extent such records exist and are in Defendants' possession, custody, or control. Similarly, Defendants are required to produce any grievances related to Plaintiff's placement in SMU at GDCP from October 3, 2012 to April 7, 2014, to the extent such records exist and are in Defendants' possession, custody, or control. Defendants are **ORDERED** to produce the relevant documents within 21 days of this Order.

**V.      Motion to Compel Defendants' Compliance With Plaintiff's Third Requests for Production, doc. 370, and Motion to Compel Defendants' Compliance With Plaintiff's Second Requests for Production**

Plaintiff also moves for this Court to order Defendants to comply with his second and third requests for production. Docs. 370, 375. Plaintiff's second and third requests for production seek documents and items related to Plaintiff's assignment to Smith State Prison and his ability to access his legal materials and the Smith State Prison law library in 2021. These requests for production are not relevant to the case at bar. Plaintiff asserts this information is relevant to support his various motions for access to his legal materials and law library. Even if the records Plaintiff seeks are relevant for that purpose, they are not relevant to support or defeat a claim or defense related to his placement in Tier II segregation at GSP in 2014, which is what is required under the Federal Rules of Civil Procedure. Accordingly, the Court **DENIES**

Plaintiff's Motion to Compel Defendants' Compliance with Plaintiff's Third Requests for Production, doc. 370, and Motion to Compel Defendants' Compliance with Plaintiff's Second Requests for Production, doc. 375.

## CONCLUSION

For above-stated reasons, Plaintiff's Motion to Compel Defendants' Compliance with Plaintiff's First Interrogatories is **GRANTED in part** and **DENIED in part**. Doc. 368. All Defendants are **DIRECTED** to answer Plaintiff's Interrogatory Number 1 but **only** the portion seeking their full names, Interrogatory Numbers 2 and 3, and Defendant Owens is **DIRECTED** to answer Interrogatory Number 4 consistent with this Order. Additionally, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Compel Defendants' Compliance with Plaintiff's First Requests for Production. Doc. 369. Defendants are **DIRECTED** to produce documents responsive to Requests for Production Numbers 12 and 17, specifically, related to Plaintiff's placement in SMU at GDCP from October 3, 2012 to April 7, 2014. Defendants are **ORDERED** to answer the relevant interrogatories and produce the responsive documents within 21 days of this Order. Additionally, the Court **DENIES** Plaintiff's Motion to Compel Defendants' Compliance with Plaintiff's Third Requests for Production, doc. 370, and Motion to Compel Defendants' Compliance with Plaintiff's Second Requests for Production, doc. 375. Finally, the Court **DENIES as moot** Plaintiff's Motion for Leave to File a Reply. Doc. 407.

Finally, the Court notes, while portions of Plaintiff's Motions to Compel are granted, nothing in the record demonstrates Defendants acted in bad faith. Indeed, almost all of Plaintiff's discovery requests were properly objected to by Defendants. Even where the Court has overruled Defendants' objections, there was legitimate disputes about the propriety of Plaintiff's discovery requests. Nothing in the record suggests Defendants or their counsel acted

improperly. Therefore, no sanctions are warranted, even for the portions of Plaintiff's Motions to Compel which were granted.

**SO ORDERED**, this 25th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA