IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on various Motions related to Defendants' attempts to take Plaintiff's deposition. Plaintiff filed a February 18, 2022 Motion for Protective Order and to Terminate or Limit Deposition, doc. 377, and an April 13, 2022 Motion to Terminate Deposition and for Protective Order, doc. 412. Defendants filed a Motion for Sanctions of Dismissal and to Compel Attendance and Testimony in Deposition. Docs. 378, 394, 418. The parties have filed various responsive briefs as well, which I have considered. Docs. 379, 413, 415.

For the reasons set forth below, I **DENY** Plaintiff's Motions for Protective Order and to Terminate or Limit Deposition. I **GRANT** the non-dispositive portions of Defendants' Motion, and I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion for Sanctions seeking dismissal of Plaintiff's claims. Finally, I **DENY as moot** Plaintiff's Motion to Stay or for Extension of Time to File Response to Defendants' Motion for Sanctions. Doc. 411.

To effectuate the rulings described below, I **ORDER** the following:

1. Plaintiff shall appear for and submit to a deposition in accordance with Federal Rule of Civil Procedure 30. Defendants may elect to conduct the deposition in person or by remote means. Plaintiff may only refuse to answer a question when necessary to preserve a privilege or to present a motion under Rule 30(d)(3). For all other questions, Plaintiff is permitted to make good faith objections but must answer the questions. Plaintiff's deposition shall occur within 21 days of this Court's Order.[1]

2. The parties shall notify the Court of the date and time of the deposition at least seven days in advance of the deposition.

3. The parties shall immediately contact the Court should any disputes arise during the deposition.

4. Plaintiff's failure to comply with the instructions in this Order and to fully participate in his deposition will result in dismissal of his case.

5. Plaintiff is required to bear the costs and fees associated with Defendants' Motion to Compel Attendance and Testimony in Deposition. Defendants shall submit an accounting of their expenses related to their Motion **within 14 days** of this Court's Order.

## BACKGROUND

The parties have filed what are essentially cross-motions concerning Defendants' counsel's attempt to take Plaintiff's deposition on February 14, 2022. Docs. 377, 378, 412, 413, 415, 418. At the beginning of the deposition, Plaintiff refused to answer certain biographical and background questions, asserting objections based on relevance. Doc. 378-4 at 13. Defendants' counsel attempted to inform Plaintiff he was permitted to make relevance objections, but that, under the Federal Rules of Civil Procedure, he was still required to answer the questions. Id. at 13–14. Plaintiff explained he was standing by his relevance objections and refusing to answer questions he deemed not relevant. Plaintiff emphasized Defendants had objected to many of his interrogatories on relevance and implied it would be fair—in his view—to refuse to answer

---

[1] To be clear, discovery is extended for 21 days to complete Plaintiff's deposition and **only** for this purpose unless otherwise expressly ordered by the Court.

deposition questions for the same reasons. Id. at 15–16. Defendants paused the deposition and tried to contact the Court but were unsuccessful. Id. at 16.

Defendants' counsel stated again that Federal Rule of Civil Procedure 30(c)(2) allows for objections to be made during a deposition on the record, but the deponent still must answer the question. Id. Plaintiff did not have a copy of the Federal Rules of Civil Procedure with him and explained he could not verify Defendant's counsel's representations about the Rules, but re-asserted his position he would not answer questions he deemed irrelevant during the depositions. Id. at 17. However, Plaintiff did state expressly he would answer relevant questions or comply with any order from the Court directing him to answer questions. Id.

Defendants' counsel attempted to proceed with the deposition by asking biographical and background questions, but Plaintiff objected based on relevance each time and refused to answer these questions. Id. at 18–19. After a few attempts at questions, Defendants' counsel informed Plaintiff they were terminating the deposition based on Plaintiff's refusal to answer questions. Id. at 19. Plaintiff insisted he would answer questions he deemed relevant if the deposition continued. Id. Nevertheless, Defendants made clear they were terminating the deposition based on Plaintiff's lack of cooperation and would seek sanctions. Id. at 20–21. The instant Motions concern the terminated deposition.

## DISCUSSION

Defendants move for dismissal of Plaintiff's case as a sanction, or, alternatively, an order compelling Plaintiff's participation in another deposition. Docs. 378-1, 418. Plaintiff moves for a protective order to terminate or limit his deposition. Docs. 377, 412.

3

I.    **Plaintiff Was Not Justified in Refusing to Answer Questions at His Deposition**

At the deposition, Plaintiff refused to answer questions he deemed not relevant. Plaintiff argues his deposition should be limited or terminated based on Defendants' objections to his interrogatories and requests for production, which were asserted in bad faith. Doc. 377 at 1–3; Doc. 415 at 19–22. Additionally, Plaintiff points to the Court's Scheduling Order and argues that Order only required him to answer "relevant" questions, and, therefore, he was justified in refusing to answer questions he deemed irrelevant. Doc. 377 at 2; Doc. 412 at 3–6; Doc. 415 at 19–22. Finally, Plaintiff asserts he also refused to answer questions at his deposition based on his Fifth Amendment rights. Doc. 415 at 6–8.

Rule 30(c)(2) "provides only three justifications for instructing a deponent not to answer a question: to preserve a privilege; to enforce a limitation imposed by the court; or to present a Rule 30(d)(3) motion." Mintor Corp. v. Club Condominiums, 339 F.R.D. 312, 319 (N.D. Fla. 2021) (citing Rojas v. X Motorsport, Inc., 275 F. Supp. 3d 898, 902 (N.D. Ill. 2017); Gober v. City of Leesburg, 197 F.R.D. 519, 520 (M.D. Fla. 2000); Resolution Trust Corp. v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995) ("A party may instruct a deposition witness not to answer when necessary to preserve a privilege."); Boyd v. Univ. of Md. Med. Sys., 173 F.R.D. 143, 145 (D. Md. 1997) (noting that "if a question was asked during the deposition which trespassed into an area proscribed by the Court's order, an instruction not to answer would be appropriate")). The objection Plaintiff asserted—relevance—is not one of the three enumerated exceptions within Rule 30(c)(2). Plaintiff was clearly not justified in refusing to answer questions based on relevance. Whether Defendants' relevance objections to Plaintiff's written discovery requests were valid is immaterial to Plaintiff's obligation to answer questions at his deposition.

4

Plaintiff also argues the Court's Scheduling Order excused him from answering any irrelevant questions. Doc. 377 at 2; Doc. 412 at 3–6, 9–10, 16–17; Doc. 415 at 20–22. Plaintiff is wrong. The Scheduling Order states Plaintiff must "appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action." Doc. 328 at 4–5. Plaintiff contends this provision modified his obligations under Rule 30, but Plaintiff's reading is much too narrow. The Scheduling Order does not require Plaintiff to answer **only** relevant questions or otherwise abrogate Rule 30(c). The Scheduling Order means Plaintiff had to answer all questions seeking relevant information, but nothing in the Order suggests Plaintiff is not required to answer other questions as well. Indeed, the Scheduling Order language simply informs pro se prisoner litigants they are required to attend and submit to a deposition. Plaintiff's parsing of language in that Order is unconvincing.[2]

Plaintiff also argues his deposition should be limited based on his Fifth Amendment privilege against self-incrimination. Doc. 412 at 7–9, 18; Doc. 415 at 22. Plaintiff contends the biographical or background information Defendants sought came up during his prior criminal trial, which he is still challenging, and, therefore, the requested information is privileged. This argument fails. Plaintiff has not shown his biographical information is protected by the Fifth Amendment or subject to Miranda in these circumstances. United States v. Coleman, No. 117CR00318, 2018 WL 4520218, at *4–5 (N.D. Ga. June 14, 2018); see also United States v.

---

[2] In the deposition transcript, Plaintiff's only stated reason for objecting is that Defendants asserted relevance objections to Plaintiff's written discovery requests. Plaintiff did not invoke the Court's Scheduling Order at that time. Plaintiff claims he did invoke the Scheduling Order language at the deposition, after the takedown ended, so it is not reflected in the transcript. Doc. 415 at 9 n.5. Defendants deny the conversation occurred. Regardless, Plaintiff's position lacks any merit and if he did invoke it, he did not do so in response to the questions but only did so after the deposition was terminated.

Royal, NO. 1:09-CR-337-1, 2010 WL 11508453, at *2 (N.D. Ga. June 15, 2010) ("[Q]uestions that are primarily biographical and not intended to elicit incriminating responses—are typically not considered to be interrogation subject to Miranda.") (citations omitted). Even if Plaintiff's biographical or background information was discussed in his criminal trial, questions on those topics are not likely to elicit any sort of incriminating response. United States v. Doe, No. 3:19-CR-188, 2021 WL 2432275, at *8 (M.D. Fla. June 15, 2021) (explaining attempts at obtaining a defendant's biographical information were not intended to induce an incriminating response and thus, no Fifth Amendment concerns were present). Indeed, Plaintiff has not pointed to any question that bears on an element or material fact related to his ongoing criminal proceedings or that is potentially incriminating. Thus, Plaintiff's Fifth Amendment privilege against self-incrimination does not provide a basis to refuse to answer any of the questions asked during the first attempt at Plaintiff's deposition. Cohen v. Altman, No. 519CV00274, 2021 WL 6106432, at *4 (N.D.N.Y. June 4, 2021) (explaining a party in a civil suit must respond to discovery where the demands did not obviously request anything that could link them with criminal activity).

In sum, Plaintiff's refusal to answer questions at his deposition based on relevance objections was unjustified. Plaintiff's attempt to go "tit-for-tat" on relevance objections and using that as a basis for refusing to answer was improper and was not supported by any valid justification. As has been explained numerous times in this action, Plaintiff's pro se status does not excuse him from compliance with governing Rules. Plaintiff plainly violated the Rules in refusing to answer questions during his deposition based on relevance.

II.     **Monetary Sanctions Are Warranted**

Defendants move for sanctions for Plaintiff's conduct at the deposition. Docs. 378-1, 394, 418. Specifically, Defendants seek dismissal of Plaintiff's case or costs and fees associated

with the cost of re-deposing Plaintiff and bringing this matter before the Court. Defendants move under Rule 37 and Rule 41. Plaintiff opposes any sanctions. Doc. 412 at 6–16; Doc. 413; Doc. 415.

Under Rule 37, a court may order sanctions if a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 37 grants the district court "broad authority" to "control discovery, including dismissal as the most severe sanction." Amerson v. Comm'r, Ga. Dep't of Corr., No. 20-11179, 2022 WL 628418, at *3 (11th Cir. Mar. 4, 2022). But dismissal under Rule 37 is an extreme remedy and should not be imposed if lesser sanctions would suffice." Mills v. Anderson, No. CV606-88, 2009 WL 80303, at *1 (S.D. Ga. Jan. 7, 2008) (quoting Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)). Dismissal with prejudice is a proper remedy only when: "(1) a party engages in a clear pattern of delay or willful contempt," and "(2) the district court specifically finds that lesser sanctions would not suffice." Id. (quoting Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337–38 (11th Cir. 2005) (quotation marks and emphasis omitted). "In determining whether lesser sanctions will suffice, the presence or absence of willfulness is a relevant consideration." Cohran v. McPhearson, No. CV213-033, 2014 WL 317067, at *1 (S.D. Ga. Jan. 28, 2014). Nonetheless, "the court retains the discretion to dismiss a complaint where the party's conduct amounts to a flagrant disregard and willful disobedience of the court's discovery orders." Hayes v. Toole, Civil Action No.: 6:16-cv-20, 2018 WL 1400974, at *2 (S.D. Ga. Mar. 20, 2018) (quoting Hashemi v. Campaigner Publ'g, Inc., 737 F.2d 1538, 1539 (11th Cir. 1984)). Dismissal with prejudice under Rule 37 is disfavored but may be appropriate when "Plaintiff's recalcitrance is due to willfulness, bad faith, or fault." Reed v. Fulton Cnty. Gov't, 170 F. App'x 674, 675 (11th Cir. 2006) (quoting Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993)).

Additionally, Rule 41 provides a court may dismiss a case under Rule 41(b) for failure to follow a court's order or failure to prosecute. Fed. R. Civ. P. 41(b); Forde v. Miami Fed. Dep't of Corr., 578 F. App'x 877, 879 (11th Cir. 2014) ("The Federal Rules of Civil Procedure allow a district court to dismiss a plaintiff's action for failure to comply with the Rules or any court order."). A dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)).

The sanction of dismissal is not appropriate at this point. First, it is not clear Defendants can proceed under Rule 37(b). Rule 37(b) provides for dismissal when a party violates a court order. However, Defendants do not point to an order which Plaintiff violated regarding his *deposition*. There had not previously been any issues related to Plaintiff's deposition before the Court. To the extent Defendants point to Plaintiff's general disregard for the instructions in the Court's Scheduling Order, this is likely not enough. Doc. 418 at 6 (citing Doc. 328 at 4–5). That Order merely provided a general admonishment to cooperate with discovery. Importantly, Plaintiff stated during his deposition he would answer relevant questions and he would answer any question he was directed to answer by the Court. Doc. 415 at 3–5. Although Plaintiff's tactics were improper under the Rules, it is not clear Plaintiff violated a Court Order.[3] Therefore, the sanction of dismissal under Rule 37(b) is not appropriate.

---

[3] Defendants' counsel made their own procedural missteps. Defendants improperly sought to conduct a remote deposition—without a Court order or consent from Plaintiff.

Even if Plaintiff had clearly violated a Court order, the circumstances in this case still do not warrant dismissal. Plaintiff asserts he believed he had valid bases for objecting to answering the questions on grounds of relevance, privilege, and to seek a protective order. Doc. 415 at 6–11. The circumstances of Plaintiff's refusal to answer do not clearly show he willfully or knowingly violated a Court Order. Plaintiff's willingness to answer questions directly related to his claims and his openness to contacting the Court (and complying with the Court's directives) indicates Plaintiff was not deliberately defying a Court order. Id. at 5. While Plaintiff was incorrect in refusing to answer questions on these bases, as explained above, there is little to show defiance or recalcitrance. Plaintiff's behavior at his initial deposition does not warrant the extreme sanction of dismissal under Rule 37(b) at this time. For all of the same reasons, Plaintiff's case should not be dismissed under Rule 41 for failure to comply with Federal Rule of Civil Procedure 30. Accordingly, I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion seeking dismissal.

While dismissal is not appropriate, Plaintiff plainly violated the Federal Rules of Civil Procedure, and some sanctions are appropriate. Plaintiff shall be required to sit for a second deposition and shall bear the costs and fees Defendants incurred in bringing this Motion. Fed. R. Civ. P. 37(a)(5)(A). Plaintiff argues Defendants are not entitled to costs or fees because Defendants acted in bad faith and his own behavior was substantially justified. Doc. 415 at 24–26. Plaintiff's claims that Defendants failed to adequately respond to his discovery requests have no bearing on the fact Plaintiff failed to comply with Federal Rules of Civil Procedure 30.[4] Put simply, Plaintiff's refusal to answer questions had no basis in the law. Federal Rule of Civil

---

[4] Plaintiff filed motions to compel Defendants to respond to his discovery requests but did not file those until after the failed attempt at Plaintiff's deposition. Plaintiff's motions to compel have been dealt with separately. Doc. 425.

Procedure 37(a)(5)(A) states expenses for bringing a motion should be awarded if the court grants the motion.[5] The Rule sets out three exceptions, stating that the court must not order fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

The three exceptions do not apply here. Defendants' counsel acted in good faith. Defendants' counsel attempted to explain Rule 30's requirements to Plaintiff and attempted to contact the Court. Plaintiff's position was not substantially justified. Plaintiff failed to comply with Rule 30 by refusing to answer questions. Indeed, Rule 37 specifically contemplates violations of Rule 30 and the payment of expenses if a party prevails on a motion to compel related to Rule 30. Fed. R. Civ. P. 37(a)(3)(B)(i), (a)(5). Finally, there are no "other circumstances" that would make an award of expenses in these circumstances unjust.

Recently, the Eleventh Circuit discussed the role of sanctions where a pro se inmate disregards multiple court orders and refuses to participate in a deposition. See Amerson v. Comm'r, Ga. Dep't of Corr., No. 20-11179, 2022 WL 628418 (11th Cir. March 4, 2022). In Amerson, the plaintiff refused to answer questions at his deposition, claiming he was not competent, despite evidence he was indeed competent. Id. at *1–2. The magistrate judge recommended dismissal with prejudice based on the plaintiff's bad faith litigation tactics, violation of the court's orders and warnings, and the fact that less drastic sanctions failed to curb

---

[5]   The portion of Defendants' Motion seeking to re-depose Plaintiff is being granted. See infra § III.

10

the plaintiff's abusive litigation tactics. Id. at *2. The court dismissed the claims, and the Eleventh Circuit affirmed. Id.

Though dismissal is not appropriate in this case, and Amerson is somewhat factually distinguishable, Amerson does support the imposition of some sanctions in this case. Previous warnings have not convinced Plaintiff to adhere to the governing Rules. Thus, more severe sanctions—in this case, monetary sanctions—are needed. Id. at *5 (explaining that in some cases further admonition by a district court is unlikely to yield results). Both an application of Rule 37 and Eleventh Circuit caselaw support an award of expenses. Accordingly, I **GRANT** the portion of Defendants' Motion seeking monetary sanctions. Plaintiff is required to pay the costs and fees under Rule 37 associated with Defendants bringing their Motion. Defendants shall submit an accounting of their expenses related to their Motion **within 14 days** of this Court's Order.

### III.  Plaintiff Is Required to Sit for a Deposition

Defendants are permitted to take Plaintiff's deposition a second time. Plaintiff violated the Federal Rules of Civil Procedure and was unjustified in refusing to participate in the deposition. Defendants' conduct was not so unreasonable as to warrant the severe sanction of refusing to allow them to re-depose Plaintiff.[6] That deposition shall not be limited in any way; Plaintiff is not entitled to a protective order or other relief limiting his deposition. Plaintiff's refusal to answer Defendants' questions was baseless, and Defendants attempted to contact the Court to resolve the issue. Defendants' objections based on relevance to Plaintiff's discovery

---

[6]  Defendants' attempt to conduct Plaintiff's deposition by remote means without Plaintiff's consent and over his objections was not justified. However, given the circumstances—particularly, Plaintiff's incarceration and the ongoing COVID-19 pandemic—this conduct was not so unreasonable as to warrant any sanction. Indeed, Defendants are permitted to take Plaintiff's second deposition by remote means.

requests provide no basis for barring Defendants from re-deposing Plaintiff. The Court cannot discern any bad faith based on the part of Defendants or their counsel. Therefore, the Court will not prohibit Defendants from conducting Plaintiff's deposition.

Thus, this portion of Defendants' Motion is **GRANTED** and Plaintiff's Motions to Terminate or Limit Deposition are **DENIED**. To effectuate the rulings described below, I **ORDER** the following:

1. Plaintiff shall appear for and submit to a deposition in accordance with Federal Rule of Civil Procedure 30. Defendants may elect to conduct the deposition in person or by remote means. Plaintiff may only refuse to answer a question when necessary to preserve a privilege or to present a motion under Rule 30(d)(3). For all other questions, Plaintiff is permitted to make good faith objections, but must answer the questions. Plaintiff's deposition shall occur within 21 days of this Court's Order.

2. The parties shall notify the Court of the date and time of the deposition at least seven days in advance of the deposition.

3. The parties shall immediately contact the Court should any disputes arise during the deposition.

4. Plaintiff's failure to comply with the instructions in this Order and to fully participate in his deposition will result in dismissal of his case.

5. Plaintiff is required to bear the costs and fees associated with Defendants' Motion to Compel Attendance and Testimony in Deposition. Defendants shall submit an accounting of their expenses related to their Motion **within 14 days** of this Court's Order.

## CONCLUSION

For the reasons explained above, I **DENY** Plaintiff's Motions for Protective Order and to Terminate or Limit Deposition. I **GRANT** the non-dispositive portions of Defendants' Motions, and I **RECOMMEND** the Court **DENY** the portion of Defendants' Motion for Sanctions seeking dismissal of Plaintiff's claims. Finally, I **DENY as moot** Plaintiff's Motion to Stay or for Extension of Time to File Response to Defendants' Motion for Sanctions.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of May, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA