IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

## CASE MANAGEMENT ORDER

This Order concerns Plaintiff's abusive and vexatious litigation practices. As repeatedly stated by the Eleventh Circuit Court of Appeals, "Waseem Daker is . . . a serial litigant who has clogged the federal courts with frivolous litigation by submit[ting] over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts." Daker v. Robinson, 802 F. App'x 513, 514 (11th Cir. 2020) (citation and quotations omitted); see also Daker v. Toole, 138 S. Ct. 234, 234 (2017) ("[P]etitioner has repeatedly abused this Court's process."). This case is no exception.

Since March 1, 2021, Plaintiff has filed nearly 60 motions or objections, often exceeding the Court's 26-page limit. (Docs. 273, 292, 300, 303, 305, 306, 310, 312, 313, 314, 315, 316, 319, 322, 330, 335, 336, 338, 339, 340, 344, 347, 351, 352, 353, 358, 359, 360, 362, 364, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 380, 390, 391, 395–99, 402–407, 411, 412, 417.) Plaintiff's filings include nine motions to vacate or reconsider previous Orders. Remarkably, Plaintiff has filed two motions asking the Court to reconsider its previous rulings on Plaintiff's earlier motion to reconsider. (Docs. 365, 374.) Plaintiff has also filed multiple meritless objections

to this Court's Orders and supplemental and repetitive motions requesting the same preliminary injunctive relief the Court already denied.  (See, e.g., Docs. 322, 372.)  Plaintiff's filings are often boilerplate, duplicative, and tangential to the merits of his claims.  (See, e.g., Docs. 390, 396–99, 403, 411 (nearly identical motions for access to legal materials).).  The Court has twice imposed a protective Order relieving Defendants of their obligation to respond to Plaintiff's motions.  (Docs. 214, 342.)  Plaintiff's litigation tactics have unnecessarily complicated this litigation and have consumed inordinate Court resources.

"District courts have inherent power to manage their dockets."  Velez v. Reynolds, 770 F. App'x 528, 529 (11th Cir. 2019); Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").  Even the "right of access [to the courts] may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings."  Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 517 (11th Cir. 1991).  The Eleventh Circuit has recognized "courts may take other, more creative, actions to discourage hyperactive litigators as long as some access to the courts is allowed."  Id. at 518.  Indeed, the Eleventh Circuit recently recognized Plaintiff's litigation tactics and abusive and frivolous filings permit district courts to take creative steps to combat his vexatious litigation. Daker v. Governor of Ga., No. 20-13602 (11th Cir. Apr. 13, 2022) (citing Procup, 792 F.2d at 1072–73).

In accordance with the Court's inherent power, and in an effort to balance Plaintiff's right to access the courts with this Court's need to manage the docket in this particular matter, the Court imposes the following limitations on Plaintiff's ability to file documents in this case:

1. Plaintiff is **PROHIBITED** from filing any motion challenging the Court's prior rulings in this case (including motions for reconsideration or motions to vacate or set aside but excluding objections to Magistrate Judge Orders and reports and recommendations).[1]

2. Plaintiff is **PROHIBITED** from filing any discovery-related motion (including motions for contempt, for sanctions, to compel, for access to legal materials or other authorities, and for access to the law library).

3. Plaintiff is **PROHIBITED** from filing any partial or supplemental objections to the Magistrate Judge's orders or reports and recommendations. Objections must be timely filed and be complete at the time of filing.

4. Plaintiff is **PROHIBITED** from filing any motions to amend or supplement his complaint.[2]

5. Plaintiff is **PROHIBITED** from filing motions for preliminary injunctive relief.[3]

If Plaintiff attempts to submit any filing in violation of these directives, the Clerk of Court is **DIRECTED** to serve Plaintiff with a notice stating Plaintiff has violated this Order and docket that notice. Plaintiff's prohibited filing will be placed on the docket as an attachment to the Clerk's notice and marked as "received" instead of "filed," but the Court will not rule on or consider the prohibited filing and no party will be required to respond to the prohibited filing unless expressly ordered to do so. Plaintiff may ask permission to submit a filing prohibited by this Order, but he

---

[1] Of course, this limitation does not hinder Plaintiff's ability to seek appellate review of this Court's decisions. Rather, Plaintiff is prohibited from filing motions and other requests seeking reconsideration and review of decisions by this Court in this case.

[2] (See Docs. 354, 410 (explaining the time for Plaintiff to amend or supplement his Complaint has passed).). The circumstances of this action are extraordinary. This case has been pending for nearly eight years. Plaintiff has repeatedly sought to amend and supplement his Complaint to include disparate and sprawling claims and has attempted to name a plethora of defendants. Judicial efficiency requires there be some end to Plaintiff's efforts to perpetually reshape and expand this litigation. This Order is the end: no more motions to amend or supplement the Complaint will be considered.

[3] A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not sought in the underlying action. Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1097–98 (11th Cir. 2004). Here, Plaintiff's only pending claim is a procedural due process claim, and he is not permitted to pursue injunctive relief on that claim. (Doc. 414). Thus, any request for preliminary injunctive relief would be denied.

must ask for permission before submitting the filing to the Court.  Such requests must describe the proposed prohibited filing, state Plaintiff's need for relief from this Order, and shall be **no more than five pages in length**.

These measures will allow the Court to manage its docket in this case effectively.  The measures are narrowly tailored so that Plaintiff still has access to the Court and his appeal rights are preserved.  Cofield, 936 F.2d at 518; see also Procup, 792 F.2d at 1074 (holding an abusive litigant may be "severely restricted as to what he may file and how he must behave"); Daker, 20-13602 at *5 (explaining a litigant's access to courts is protected if he is permitted to litigate non-frivolous issues).  The mechanisms in this Order ensure that when Plaintiff has a non-frivolous position, he will be permitted to file with the Court.  Cofield, 936 F.2d at 518 (holding pre-filing screens are a tool courts may use to curtail malicious and frivolous claims from pro se litigators).  Finally, Plaintiff is forewarned that his failure to follow this Order will result in sanctions, including dismissal of the case in its entirety.

**SO ORDERED**, this 27th day of May, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA