IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>        Plaintiff,<br><br>    v.<br><br>BRIAN OWENS, et al.,<br><br>        Defendants. | CIVIL ACTION NO.: 6:14-cv-47 |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a single document in this case titled "Motion for Clarification; Motion for Permanent Injunction; and Summary Judgement; Alternatively, Motion for Preliminary Injunction." Doc. 391. In the filing, Plaintiff makes multiple requests. Plaintiff asks the Court to clarify the nature of his pending claims and asks the Court to grant permanent or preliminary injunctive relief and summary judgment in his favor. For the reasons which follow, I **DENY as moot** Plaintiff's request for clarification, and I **RECOMMEND** the Court **DENY** Plaintiff's requests for preliminary and permanent injunctive relief and Plaintiff's request for summary judgment.

**BACKGROUND**

Plaintiff, proceeding pro se, has filed this Motion in his 42 U.S.C. § 1983 case. The only claims presently pending in this case are Plaintiff's procedural due process claims concerning his placement in Tier II/Segregation against Defendants DeLoach, Owens, Toole, Bailey-Dean, and Jacobs at Georgia State Prison in 2014. Docs. 259, 419. These claims are against Defendants in their individual capacities and for monetary damages only. Doc. 419.

**DISCUSSION**

I. **Request for Clarification**

Plaintiff moves this Court for a clarification that he is proceeding against Defendants in both their individual and official capacities for declaratory and injunctive relief and that any claims for injunctive relief are not moot. Doc. 391 at 3. Plaintiff also filed four other motions for clarification, asking for the same relief. Docs. 367, 373, 402, 414. Recently, the Court denied Plaintiff's motions, explaining the only claims that remain pending are procedural due process claims against Defendants in their individual capacities and for monetary damages. Doc. 419. Thus, Plaintiff's present Motion for Clarification has been addressed and is **DENIED as moot**.

II. **Plaintiff's Requests for Injunctive Relief**

Plaintiff seeks either a preliminary or permanent injunction enjoining Defendant Toole and Warden Adams from placing him in Tier II segregation at Smith State Prison. Doc. 391 at 3. As explained above, the only pending claim is related to Plaintiff's placement in Tier II segregation at Georgia State Prison. Plaintiff's Motion is due to be denied because claims related to Plaintiff's placement in Tier II at Smith State Prison are not presently before the Court.

"A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), *opinion amended on other grounds on reh'g*, 131 F.3d 950 (11th Cir. 1997); see also Head v. Gammage, CV 316-039, 2018 WL 1920171, at *2 (S.D. Ga. Apr. 24, 2018) (denying plaintiff's request for injunctive relief because the relief seeking computer access was essentially an access to courts claim, whereas plaintiff sued defendants for failure to protect him from a substantial risk of serious harm), *adopted by*

2018 WL 2303726 (S.D. Ga. May 21, 2018); Griego v. Inch, No. 3:17cv66, 2019 WL 2093245, at *2 (N.D. Fla. Apr. 1, 2019) (explaining the relief sought in a preliminary injunction motion should be closely related to the conduct complained of in the complaint). Additionally, the persons from whom the injunctive relief is sought must be parties to the underlying action. Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1304 (11th Cir. 2012).

Plaintiff's requests for injunctive relief related to a recent placement in Tier II by Warden Adams and Defendant Toole at Smith State Prison are not sufficiently related to his claim presently pending before the Court, which is a procedural due process claim related to his placement in Tier II/Segregation at Georgia State Prison in 2014. See Docs. 259, 290, 419. Furthermore, Plaintiff seeks to enjoin the actions of Warden Adams, who is not a Defendant in this case. Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Preliminary or Permanent Injunction. Doc. 391.

### III.    Plaintiff's Request for Summary Judgment

Plaintiff also moves for summary judgment on his procedural due process claim. Doc. 391 at 4. Plaintiff's Motion for Summary Judgment lacks any legal support and does not contain a separate statement of material facts. Local Rule 56.1 provides, "Upon any motion for summary judgment . . . , in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute[.]" Plaintiff's Motion contains almost no argument, no supporting evidence or exhibits, and, importantly, no separate statement of facts, as this Court's Local Rule 56.1 requires. Doc. 391.

Plaintiff's request for summary judgment is wholly conclusory and without any support. Additionally, because Plaintiff failed to adhere to Local Rule 56.1, his Motion for Summary

Judgment should be denied.  See Brandon v. Lockheed Martin Aeronautical Sys., 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005) (holding pro se litigant to the procedural requirements of submitting a separate statement of material facts); Daker v. Owens, No. 6:14-CV-47, 2021 WL 1606052, at *2 (S.D. Ga. Feb. 9, 2021), *report and recommendation adopted*, 2021 WL 983136 (S.D. Ga. Mar. 16, 2021) (denying a pro se plaintiff's motion for summary judgment because his motion did not comply with the Court's Local Rules); Jackson v. Red Hills Oral & Facial Surgery, P.A., No. 4:19-CV-88, 2020 WL 1081700, at *2 (N.D. Fla. Jan. 13, 2020), *report and recommendation adopted*, 2020 WL 1078760 (N.D. Fla. Mar. 6, 2020) ("Plaintiff's failure to comply with [the Court's Local Rules] is itself a sufficient reason to deny Plaintiff's motion for partial summary judgment."); Kemp v. Ga. State Univ. Admissions, No. 1:07-CV-0212, 2008 WL 11320118, at *1 n.2 (N.D. Ga. June 16, 2008) (striking a pro se litigant's motion for summary judgment did not have a separate statement of material facts, which was required by the court's local rules).  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motion for Summary Judgment.  Doc. 391.

## CONCLUSION

For the reasons stated above, I **DENY as moot** Plaintiff's request for clarification, and I **RECOMMEND** the Court **DENY** Plaintiff's requests for preliminary and permanent injunctive relief and Plaintiff's request for summary judgment.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v.

4

Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA