IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

**O R D E R**

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's May 26, 2022 Order and Motion for 28 U.S.C. § 1292(b) Certification. (Docs. 453, 460.) By Report, the Magistrate Judge recommended the Court deny Defendants' motion for the sanction of dismissal for Plaintiff's failure to answer questions during his deposition. (Doc. 430.) The Report has already been adopted after de novo review. (Doc. 451.). The Report, as well as the adoption of the Report, remain unchallenged by either party. Additionally, by Order, the Magistrate Judge granted the portion of Defendants' motion seeking monetary sanctions based on the same conduct. (Doc. 431.) Plaintiff now asks for the Court to overrule the portion of the Magistrate Judge's Order imposing sanctions, or, in the alternative, moves for the Court to certify the Order for an interlocutory appeal, as provided by 28 U.S.C. § 1292(b). (Docs. 453, 460.)

For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections to the Magistrate Judge's May 26, 2022 Order. (Doc. 460.) The Magistrate Jude's May 26, 2022 Order imposing sanctions remains the Order of the Court. Additionally, the Court **DENIES** Plaintiff's Motion for 28 U.S.C. § 1292(b) Certification. (Doc. 453.)

I.     **Objections to the Magistrate Judge's May 26, 2022 Order**

    A.     **Legal Standard**

When a magistrate judge rules on a non-dispositive pretrial discovery matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). Fed. R. Civ. P. 72(a). In reviewing the magistrate judge's order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. The clearly erroneous or contrary to law standard "is exceedingly deferential." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

    B.     **Plaintiff's Objections Are Overruled**

Plaintiff argues the Magistrate Judge's ruling is clearly erroneous and contrary to law for a number of reasons. (Docs. 453, 460.) First, Plaintiff contends the Magistrate Judge was not permitted to impose sanctions based on Plaintiff's refusal to answer questions at his deposition because Defendants improperly sought to take his deposition via remote means. (Doc. 453, pp. 2–5; Doc. 460, pp. 2–5, 11). Plaintiff provides no support for this assertion. Plaintiff has not shown the Magistrate Judge could not impose sanctions because he did not stipulate to a remote deposition, and the Court does not find the Magistrate Judge's Order clearly erroneous or contrary to law. Moreover, Plaintiff ignores his own violations of Federal Rule of Civil Procedure 30, which were the bases for the Magistrate Judge's imposition of sanctions. The deposition

transcript shows Plaintiff objected to the deposition occurring remotely for the record, but Plaintiff decided to continue with the deposition. Then, during the deposition, Plaintiff explicitly stated he would not be answering certain questions Defendants' counsel posed because he deemed such questions not relevant to the case. (Doc. 378-4, p. 13.) Plaintiff argues in a conclusory manner that the Magistrate Judge's determination that Plaintiff's own conduct warranted sanctions was clearly erroneous or contrary to law, but the Court disagrees. (Doc. 453, p. 5; Doc. 460, p. 5.) As the Magistrate Judge correctly concluded, Plaintiff's violations of Rule 30 opened him up to sanctions under Rule 37, and imposing sanctions in this case was not clearly erroneous or contrary to law.

Additionally, Plaintiff re-asserts his arguments that the Court's September 3, 2021 Scheduling Order justified his refusal to answer questions he deemed not relevant. (Doc. 460, p. 5.) Plaintiff argues the Scheduling Order abrogated Rule 30 and required him only to answer questions "relevant" to the pending litigation. (Id. at pp. 5–9, 22–23.) However, after reviewing the Scheduling Order, the Court agrees with the Magistrate Judge's conclusion that nothing in that Order abrogated Rule 30 such that Plaintiff may only answer questions he deemed relevant. (Doc. 328.) Accordingly, the Magistrate Judge's conclusion that the September 3, 2021 Scheduling Order did not provide a valid basis for Plaintiff to refuse to answer questions is not clearly erroneous or contrary to law.[1]

Plaintiff also objects to the Magistrate Judge's conclusion that he did not have a basis under Federal Rule of Civil Procedure 30(c)(2) to refuse to answer the questions posed by Defendants' counsel. (Doc. 460, pp. 9–15.) Rule 30(c)(2) "provides only three justifications for

---

[1] Plaintiff also requests a transcript of the February 22, 2022 status conference. This request is **DENIED**. The Magistrate Judge did not rely on the representations during the status conference in deciding the instant motions and, instead, relied on the parties' written submissions. Thus, the discussion during the status conference is immaterial to the matters before the Court.

3

instructing a deponent not to answer a question: to preserve a privilege; to enforce a limitation imposed by the court; or to present a Rule 30(d)(3) motion." Mintor Corp. v. Club Condominiums, 339 F.R.D. 312, 319 (N.D. Fla. 2021) (citing Rojas v. X Motorsport, Inc., 275 F. Supp. 3d 898, 902 (N.D. Ill. 2017)); Gober v. City of Leesburg, 197 F.R.D. 519, 520 (M.D. Fla. 2000).

First, Plaintiff argues the Magistrate Judge incorrectly rejected his Fifth Amendment privilege assertion. (Doc. 460, pp. 9–11, 13–14.) Plaintiff's argument is largely conclusory, including a baseless allegation that defense counsel's true motive in taking his deposition was to assist the state prosecutor in his criminal case. Plaintiff states the facts in the cases the Magistrate Judge relied on in making this ruling are distinguishable from the circumstances presented here and the biographical information sought during his deposition would, in fact, incriminate him. (Id. at p. 14.) But Plaintiff only asserts this in a conclusory manner and fails to elaborate on what distinguishes his case from the caselaw the Magistrate Judge relied on or explain how answering these questions would incriminate him.

Plaintiff also puts forth an argument identical to the one considered by the Magistrate Judge, asserting he was justified in refusing to answer questions to present a motion under Rule 30(d)(3). (Id. at pp. 11–13.) The Court does not find this argument convincing. As the Magistrate Judge concluded, Defendants did not act in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party; therefore, there was no basis to present a motion under Rule 30(d)(3). Moreover, the only indication during the deposition Plaintiff provided for refusing to answer certain questions was based on relevance. Thus, the Court does not find the Magistrate Judge's conclusion that the Rule 30(c)(2) exceptions did not apply clearly erroneous or contrary to law.

Additionally, Plaintiff contends the Magistrate Judge's award of sanctions was not appropriate because his response was substantially justified and other circumstances make an award of expenses unjust. (Id. at pp. 14–18.) Much of Plaintiff's argument focuses on the reasons the Magistrate Judge found the sanction of dismissal was inappropriate, in which he considered Plaintiff's behavior and Defendants' procedural missteps. (Id.) However, a sanction of dismissal is a much harsher sanction than monetary sanctions. Mills v. Anderson, No. CV606-88, 2008 WL 80303, at *1 (S.D. Ga. Jan. 7, 2008) (citing Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988)). Thus, the Magistrate Judge's conclusion that Defendants' conduct and Plaintiff's behavior considered together did not warrant the sanction of dismissal but did warrant monetary sanctions is consistent with applicable law.

Plaintiff's attempt to undercut the Magistrate Judge's reliance on Amerson v. Comm'r, Ga. Dep't of Corr., No. 20-11179, 2022 WL 628428 (11th Cir. Mar. 4, 2022), is also unpersuasive. (Doc. 460, pp. 23–24.) The Court agrees Amerson is distinguishable, which supports the Magistrate Judge's award of monetary sanctions instead of imposing dismissal as a sanction in this case. Nothing in Amerson, or the argument Plaintiff presents, undercuts this conclusion. The Magistrate Judge considered Defendants' counsel's behavior, and Plaintiff has not shown the Magistrate Judge's assessment was clearly erroneous or contrary to law. Plaintiff has not shown Defendants' procedural missteps that the Magistrate Judge acknowledged prohibit an award of sanctions considering all the conduct in this case.

Likewise, the fact Plaintiff was denied law library access does not show the Magistrate Judge could not impose sanctions.[2] (Doc. 460, pp. 17, 19–21.) Plaintiff points to no law supporting his argument that a court may not impose Rule 37 sanctions based on a purported lack

---

[2] Plaintiff attributes his lack of law library access to Defendants, but there is nothing in the record supporting Plaintiff's argument that Defendants denied him law library access.

of access to the Federal Rules of Civil Procedure. Even pro se litigants are obligated to adhere to the Federal Rules of Civil Procedure and must participate in the discovery process in good faith. See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993) ("While their pleadings are to be liberally construed, pro se plaintiffs are not excused from complying with procedural rules."); Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (Pro se filings are to be liberally construed, but pro se litigants nonetheless must conform to procedural rules.); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (explaining pro se litigants are "subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure"). Thus, this Objection has no merit.

For the first time, Plaintiff also argues Defendants' motion should be denied because they failed to confer in good faith before filing their motion. The Court need not consider Plaintiff's newly raised arguments. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). Further, Defendants' counsel explain they tried to contact the Court to resolve the issue and they also tried to explain their view of the relevant Federal Rules of Civil Procedure to Plaintiff. Thus, the Court finds they complied with the requirement to confer in good faith before filing their motion.

Finally, Plaintiff argues the Magistrate Judge failed to consider Plaintiff's ability to pay a monetary sanction. (Doc. 460, pp. 25–26.) Plaintiff has not shown the Magistrate Judge was required to consider Plaintiff's ability to pay. Plaintiff is not proceeding *in forma pauperis* and has not demonstrated he would be unable to pay the monetary sanction in this case. Moreover, this argument would go to the amount of the sanctions and not whether sanctions should be

imposed.[3] Plaintiff previously represented to the Court he would not be able to pay the filing fee. (Docs. 304, 326.) Yet, when ordered to do so, Plaintiff managed to pay the filing fee. (Dkt. entry dated Aug. 6, 2021). Plaintiff's own past conduct undercuts any credibility he has in representing he cannot pay the filing fee.[4] Thus, Plaintiff's argument he cannot pay and the Magistrate Judge should have considered this is unconvincing and does not show the Magistrate Judge's ruling was clearly erroneous or contrary to law.

In sum, Plaintiff violated Rule 30, and his violation warrants sanctions. Such a ruling is not clearly erroneous or contrary to law. Accordingly, the Court **OVERRULES** Plaintiff's Objections, and the Magistrate Judge's Order imposing monetary sanctions remains the Order of the Court.

## II.     Motion for Certificate of Appealability Under 28 U.S.C. § 1292(b)

Plaintiff also moves for a certificate of appealability under 28 U.S.C. § 1292(b). (Doc. 453, pp. 5–9.) Section 1292(b) requires the appealing party to demonstrate: "(1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiff fails to identify a controlling question of law over which there is a substantial ground for difference of opinion among courts as is required under Section 1292(b).[5] Indeed, Plaintiff has not identified any

---

[3] Plaintiff had the opportunity to contest the amount of the filing fee and chose not to do so. (Docs. 439, 464.)

[4] Plaintiff also paid appellate filing fees related to his case. Dkt. entry dated Dec. 6, 2021.

[5] As the Eleventh Circuit has explained:

> The term 'question of law' does not mean the application of settled law to fact. It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact. Instead, what the framers of § 1292(b) had in mind

question of law which is in dispute.  Instead, Plaintiff states in a conclusory manner that the Magistrate Judge's Order "plainly involve questions of law" but does not explain what those questions are.  (Doc. 453, p. 6.)

Plaintiff also misunderstands the requirement for a substantial difference of opinion.  Plaintiff asserts and explains that he and the Court have a substantial difference of opinions.  (Id. at pp. 6–8.)  However, he has not shown that there is a substantial difference of opinion among courts, which is what Section 1292(b) requires.  Plaintiff has pointed to no cases involving similar legal questions that would lead this Court to conclude there was any difference of opinion, let alone a substantial difference of opinion.

Moreover, certification is reserved for truly exceptional cases.  Judicial Watch v. Nat'l Energy Policy Dev., 233 F. Supp. 2d 16, 20 (D. D.C. 2002).  "A party seeking certification pursuant to § 1292(b) must meet a high standard to overcome the strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals."  Id. (internal quotations and citation omitted).  Because Section 1292(b) "is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly" and invoked only in "rare circumstances."  James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  As other courts in this Circuit have recognized, a court order "granting a discovery sanction is not determinative of the outcome or future course of the litigation."  Ala. Aircraft Industries, Inc. v. Boeing Co., No. 2:11-cv-03577, 2017 WL 457284, at *1 (N.D. Ala. Apr. 3, 2017).  While Plaintiff speculates this may end his litigation because of his

---

might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.

McFarlin v. Conseco Servs., Inc., 381 F.3d 1251, 1258 (11th Cir. 2004) (citations omitted) (quoting Ahrenholz v. Bd. of Trustees of the Univ. of Ill., 219 F.3d 674, 676–77 (7th Cir. 2000)).

8

purported inability to pay, Plaintiff has previously been ordered to pay the filing fee and was able to do so despite similar protests. (Doc. 453, pp. 8–9.)

In sum, the Magistrate Judge's Order imposing sanctions does not involve rare or exceptional circumstances that warrant certification as provided by Section 1292(b), and an interlocutory appeal would not materially advance the ultimate termination of this litigation. Accordingly, Plaintiff's Motion is **DENIED**.

**SO ORDERED**, this 11th day of August, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA