## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

WASEEM DAKER,

        Plaintiff,

    v.

BRIAN OWENS, et al.,

        Defendants.

CIVIL ACTION NO.: 6:14-cv-47

## O R D E R

This matter is before the Court on the May 26, 2022 Order granting Defendants' Motion for Sanctions and to Compel, Defendants' Notice of Filing Costs and Fees, and the Court's June 24, 2022 Order directing Plaintiff to respond to that Notice as to the amount of cost and fees sought.[1]  Docs. 431, 439, 448.  For the reasons set forth below, Plaintiff is **ORDERED** to pay Defendants $4,875.15 as soon as practicable, but no later than **September 7, 2022**, for expenses and fees Defendants incurred in bringing their Motion.

The undersigned awarded Defendants costs and fees based on Plaintiff's violation of Rule 30 during his deposition.  Doc. 431.  While Plaintiff objected to that Order, docs. 453, 460, the Honorable R. Stan Baker overruled Plaintiff's objections and explained the undersigned's Order awarding costs and fees remains the Order of the Court, doc. 482.  In order to effectuate the award of costs and fees, the Court directed Defendants to file a Notice of their costs and fees incurred in bringing their Motion for Sanctions and to Compel.  Defendants requested a total of $4,875.15 in costs and fees and provided documentation supporting that amount, including an affidavit from Wade Herring, III, counsel for Defendants.  Doc. 439; Docs. 439-1 to -3.

---

[1]    Defendants filed their Notice based on the Court's Order directing them to do so, after the Court granted their Motion to Compel.  Doc. 431.

In Mr. Herring's affidavit, he testifies he spent 46.5 hours on this matter, Roger Chalmers, his supervisor and co-counsel in this case, spent 6.9 hours on this matter, and Terri Gordon, a paralegal, spent 2 hours on this matter.  Doc. 439-1 at 2.  Mr. Herring and Mr. Chalmers' rate is $120 per hour, and Ms. Gordon's rate as a paralegal is $60 per hour.  Id.  Mr. Herring represents he is familiar with the prevailing market rate for similar services in Atlanta, Georgia, and the rates charged here are substantially less than the prevailing market rates.  Id. at 3.  The 55.4 total hours include work related to the unsuccessful first attempt at Plaintiff's deposition, work related to the review of the transcript of the first attempted deposition of Plaintiff, work related to drafting and review the Motion and related reply brief, and work related to drafting and reviewing the notice of supplemental authority, doc. 394.  Id. at 3.  Thus, the total cost of attorney and paralegal time was $6,530.00  Additionally, the deposition cost was $600.15.  This resulted in a total cost of $7,130.15 resulting from Plaintiff's Rule 30 violation and the resulting work associated with that violation in bringing their Motion.  Id.

While the total coast was $7,130.15, in review of the billing statement, Mr. Herring found it appropriate to exclude all of Mr. Chalmers' time, which resulted in a reduction of $830 (6.9 hours at $120 per hour), and a 25% reduction in his and Ms. Gordon's time.  Id. at 2–3.  Thus, Mr. Herring asserts reasonable costs and fees associated with bringing the Motion to $4,275 in attorney time and $600.15 in costs and fees related to the deposition, resulting in a total of $4,875.15.  Id. at 3.

The Court also provided Plaintiff the opportunity to respond to that Notice concerning the amount of costs and fees.  Docs. 439, 448.  The Court was explicit that, in responding to the Notice, Plaintiff's response should only address the amount of costs and fees as outlined in Defendants' Notice.

Plaintiff filed several Responses to Defendants' Notice and the Court's Order directing Plaintiff to respond to the amount set forth in Defendants' Notice. Docs. 464, 479, 481.[2] Rather than disputing the $4,875.15 as directed, Plaintiff disregarded the Court's Order and argued the undersigned's Order awarding any costs and fees was erroneous. These arguments are identical to the arguments Judge Baker considered and rejected in ruling on Plaintiff's objections. Compare Doc. 460 with Docs. 464, 479, 481. Moreover, Plaintiff failed to dispute the appropriateness of the amount of fees, despite the Court's clear direction.[3] Instead of focusing on the amount of costs and fees that are appropriate, Plaintiff argues whether costs and fees should be awarded at all. Thus, the Court finds Defendants' assertion of $4,875.15 in costs and fees is unopposed as to the amount.[4]

Under Federal Rule of Civil Procedure 37(a)(5)(A), the Court ordered Plaintiff to pay Defendants' reasonable expenses in making their discovery-related Motion. In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney fees. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Court determines the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005). The fee applicant, Defendants in the

---

[2]    The Clerk's Office inadvertently marked Plaintiff's response received on August 11, 2022, as a prohibited filing under the Court's Case Management Order. Doc. 481. This filing is not prohibited by the Court's Case Management Order. The Clerk of Court is **DIRECTED** to docket Plaintiff's "Response in Opposition to and Objections to Defendants' Notice of Filing and Costs of Fees" as a separate, unrestricted docket entry. To be clear, the Court has fully considered Plaintiff's filing at Docket Number 481-1.

[3]    Additionally, Plaintiff's filing at Docket Number 464 violates the Court's Local Rule 7.1(a), as it exceeds the Court's 26-page limit, about which Plaintiff has repeatedly been warned. Doc. 260 at 1 n.1; Doc. 349 at 1 n.2. Plaintiff's violation of Local Rule 7.1(a) provides a separate and independent reason to disregard his response at Docket Number 464.

[4]    Defendants also provided a Reply to Plaintiff's Response regarding the appropriateness of the costs and fees, which the Court considered. Docs. 470, 471.

instant case, bears the burden of establishing entitlement and documenting the appropriate hours and rates.  Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001).  Defendants can meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates."  Chemische Fabrick Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182, 2010 WL 98991, at *4 (M.D. Fla. Jan. 6, 2010) (citing Norman, 836 F.2d at 1299).  "Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment."  Glob. Events Mgmt. Grp., Inc. v. Mullins, CV 113-101, 2015 WL 5334304, at *2 (S.D. Ga. Sept. 14, 2015) (citing Norman, 836 F.2d at 1303) (awarding Rule 37 fees utilizing lodestar approach).  As to the billing hours, "attorneys must exclude excessive, redundant, or otherwise unnecessary hours from fee applications."  ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999).  "A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case."  Norman, 836 F.2d at 1303

After reviewing Defendants' unchallenged submission and Mr. Herring's unchallenged affidavit and supporting documentation, I find the requested hours are reasonable and should be paid.  Therefore, the Court **ORDERS** Plaintiff to pay Defendants $4,875.15 as soon as practicable, but no later than **September 7, 2022**, for expenses and fees Defendants incurred in bringing their Motion for Sanctions and to Compel.

**SO ORDERED**, this 16th day of August, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA