IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WASEEM DAKER,

    Plaintiff,

v.

BRIAN OWENS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-47

**O R D E R**

This matter comes before the Court on Plaintiff's failure to comply with the Court's August 16, 2022 Order. (Doc. 484.) For the following reasons, the Court **DISMISSES with prejudice** Plaintiff's Complaint for failure to follow the Court's Order. Accordingly, the Court **DENIES as moot** all of Plaintiff's remaining pending Motions, **OVERRULES as moot** all of Plaintiff's objections to the Magistrate Judge's rulings, and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

BACKGROUND

Defendants' counsel attempted to take Plaintiff's deposition on February 14, 2022. (See Doc. 431, pp. 2–3.) Plaintiff wrongfully refused to answer deposition questions, and Defendants terminated the deposition. (Id. at pp. 3–6.) Defendants moved for sanctions based on Plaintiff's conduct at the deposition. (Doc. 378.) Plaintiff responded. (Doc. 415.) The Court granted Defendants' motion for monetary sanctions on May 26, 2022. (Doc. 431.) Plaintiff objected to the Magistrate Judge's Order granting monetary sanctions, (doc. 460), and the undersigned overruled those objections. (Doc. 482.) On August 16, 2022, the Court ordered

Plaintiff to pay Defendants' costs and fees in the amount of $4,875.15 by September 7, 2022. (Doc. 484.) Defendants filed a notice on September 20, 2022, informing the Court Plaintiff has not paid the ordered amount.[1]

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order. A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); Amerson v. Comm'r, Ga. Dep't of Corr., No. 20-11179, 2022 WL 628418, at *3 (11th Cir. Mar. 4, 2022). In particular, "Rule 41(b) authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999); see also Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."

---

[1] Plaintiff has filed numerous responses in opposition to the imposition of sanctions and the amount of the sanctions since the Court overruled his initial objections. (Docs. 464, 479, 481, 491.) The Court carefully considered all of those filings and found Plaintiff's arguments unpersuasive. (See Doc. 493.) Plaintiff filed an additional set of objections to the Magistrate Judge's imposition of sanctions. (Doc. 495.) These objections largely duplicate Plaintiff's earlier contentions. Regardless, the Court has fully considered Plaintiff's objections and **OVERRULES** them. Plaintiff has failed to show any aspect of the Magistrate Judge's Order directing Plaintiff to pay sanctions was clearly erroneous or contrary to law.

Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

The Eleventh Circuit has articulated a two-part analysis for determining when an action should be dismissed with prejudice as a sanction: "[t]here must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005)). Findings satisfying both prongs must be made before dismissal is deemed an appropriate sanction. See Betty K Agencies, 432 F.3d at 1339. A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1069 (11th Cir. 2007).

Plaintiff's failure to pay the ordered sanction is the latest transgression in a pattern of willful misconduct, delay, and abusive litigation tactics in this case. Plaintiff's behavior demonstrates willful defiance of the Court. See Amerson, 2022 WL 628418, at *4 (upholding district court's dismissal with prejudice where "the [failure to participate in one] deposition was only the latest and most flagrant example of a larger pattern of misconduct . . . ."). For example, the Court found Plaintiff's conduct was "highly suspect and bordering on mendacity" and "deceit" when Plaintiff pursued *in forma pauperis* status in this matter while diverting funds to a separate 42 U.S.C. § 1983 lawsuit. (Doc. 304, pp. 8–10.) Plaintiff has also insisted on improperly trying to re-litigate issues that have already been resolved as part of a long history of Plaintiff's abusive and vexatious litigation practices. (Doc. 432, p. 1.) As a result, the Court was required to issue a

3

Case Management Order severely limiting Plaintiff's improper and frivolous practices, including prohibiting Plaintiff from filing certain requests without first obtaining leave of Court. (Id. at pp. 2–4.) Even with this Case Management Order in place, Plaintiff has repeatedly disregarded the Court's Order, attempting to file at least seven (7) prohibited motions without the Court's leave.[2] (Docs. 463-1, 463-2, 472-1, 504-1, 504-2, 504-3, 504-4.) This conduct alone would be grounds for dismissal. (Doc. 432, p. 4) ("Plaintiff is forewarned that his failure to follow this Order will result in sanctions, including dismissal of the case in its entirety.). More recently, when the Court ordered Plaintiff to file objections as to the amount of the sanctions at issue, Plaintiff improperly responded by disputing the award itself. (Doc. 493, p. 2.) The Court observed there was a strong indication Plaintiff falsely backdated his signature and date so that his response would be deemed timely filed under the prison mailbox rule. (Id. at pp. 2–4.) Plaintiff's improper refusal to answer questions at his deposition is yet another example of his willful misconduct in this case.

While not determinative in this case, the Court notes Plaintiff has exhibited a pattern of willful misconduct in many other actions. The Eleventh Circuit Court of Appeals has observed on numerous occasions that Plaintiff is a prolific and vexatious litigant who perpetually inundates the federal courts with frivolous litigation and improper filings. See, e.g., Daker v. Robinson, 802 F. App'x 513, 514 (11th Cir. 2020) ("Waseem Daker is . . . a serial litigant who has clogged the federal courts with frivolous litigation by submit[ting] over a thousand pro se filings in over a hundred actions and appeals in at least nine different federal courts.") (citation and quotations omitted); see also Daker v. Toole, 138 S. Ct. 234, 234 (2017) ("[P]etitioner has repeatedly abused

---

[2] The Clerk of Court returned all these prohibited motions to Plaintiff without further action. (Docs. 463, 472, 504.) Each time, the Clerk warned the Plaintiff, "You are hereby notified that you have violated an order of this Court . . . ." Plaintiff's response has been to file ten (10) separate motions for leave requesting to file prohibited documents. (Docs. 468, 478, 494, 496, 497, 498, 499, 500, 501, 503.) Plaintiff's filings demonstrate his intent to circumvent and disregard the Court's Orders.

this Court's process."); Order, Daker v. Deal, 1:18-cv-5243 (N.D. Ga. Aug. 4, 2020), ECF No. 57, *aff'd sub nom.*, Daker v. Governor of Ga., No. 20-13602, 2022 WL 1102015 (11th Cir. Apr. 13, 2022) (explaining Plaintiff's abusive, vexatious, and dishonest conduct and imposing a contempt bond).

Given Plaintiff's pattern of disregard for this Court's Orders and those of other courts and his failure to pay the previously imposed sanctions, a sanction less than dismissal would be ineffective and inadequate. See Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989) (upholding district court's dismissal with prejudice where plaintiff was "repeatedly and stubbornly defiant" and plaintiff's "conduct and words evidence a refusal to acknowledge the authority of the magistrate and indicate no willingness to comply with court orders."). The Court first imposed a Rule 37 monetary sanction and now dismisses Plaintiff's claims under Rule 41 for failure to comply with that sanction. See Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) ("When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions."). It is unlikely Plaintiff would comply with lesser sanctions, given his repeated refusal to conform with the Court's Orders in this case. Lesser sanctions—especially if unheeded—would be unfair to Defendants. Rule 37 sanctions are intended to, among other things, "compensate the court and other parties for the added expense caused by discovery abuses . . . ." Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1993). Without dismissal, Defendants would be forced to bear the costs of Plaintiff's non-compliance at his deposition and his failure to comply with the Court-ordered Rule 37 sanctions, while also funding a second deposition, which may end in the same result. A district court is not required to select a sanction other than dismissal where, under other sanctions, the opposing party would be forced to bear the costs of the sanctioned party's misconduct. Moon, 863 F.2d at 839. Indeed, the

Court has on three occasions denied Defendants' requested dismissal as a sanction. (Docs. 272, 304, 430, 451.)  Each time, the Court considered and selected an action less than dismissal.  Here, the Court again considers lesser sanctions but concludes dismissal with prejudice is the only adequate sanction.

The Court has repeatedly warned Plaintiff that failure to follow the Court's Orders will result in dismissal.  When the Court ordered Plaintiff to pay monetary sanctions to Defendants for his improper conduct at the deposition, the Court expressly warned: "Plaintiff's failure to comply with the instructions in this Order and to fully participate in his deposition will result in dismissal of his case." (Doc. 431, pp. 2, 12.)  The Court has warned Plaintiff on other occasions that failure to follow the Court's Orders will result in dismissal.  (Doc. 272, pp. 7–8) ("Plaintiff is notified if he fails to timely comply with this Order, the Court will dismiss Plaintiff's case for failure to prosecute and follow this Court's Orders."); (Doc. 304, p. 11) ("Failure to [submit the full filing fee] will subject this case to dismissal for failure to comply with this Court's orders."); (Doc. 432, p. 4) ("Plaintiff is forewarned that his failure to follow this Order will result in sanctions, including dismissal of the case in its entirety.")  "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon, 863 F.2d at 837.  Plaintiff has argued repeatedly in duplicative filings that imposition of Rule 37 monetary sanctions would effectively result in dismissal because he cannot afford to pay.  (Docs. 453, 460, 464, 479, 485, 491, 495.)  Plaintiff plainly understood the Court would dismiss his case if he failed to comply with the Court's Orders.  Plaintiff has received adequate notice, and he has had a full and fair opportunity to be heard.

In opposing the imposition of any sanctions (dismissal or monetary sanctions), Plaintiff argued the Court failed to consider his inability to pay sanctions in determining the amount of

sanctions and states his current assets are inadequate to pay the $4,875.15 in Defendants' costs and fees. (See, e.g., Doc. 491, pp. 25–26.) First, Plaintiff's inability to pay is likely irrelevant. Courts should address an *in forma pauperis* party's ability to pay before dismissing his case for failure to pay the sanction. Taylor v. Taylor, 133 F. App'x 707 (11th Cir. 2005) (holding district court must evaluate *in forma pauperis* plaintiff's proffered inability to pay and consider less severe sanctions before dismissing claims for failure to pay a sanction); Moon, 863 F.2d at 838 ("Where monetary sanctions are *imposed on an IFP litigant* and the litigant comes forward showing a true inability to pay, *it might be* an abuse of discretion for the court then to dismiss for failure to pay.") (emphases added). But Plaintiff is not proceeding *in forma pauperis*. (Doc. 304.) Plaintiff has not pointed to any authority, and the Court has not identified any, that indicates a court is required to consider a party's inability to pay where the party is not proceeding *in forma pauperis*.

Even if the Court were required to consider Plaintiff's inability to pay, Plaintiff has not shown he is unable to pay the sanctions imposed. Plaintiff, in multiple duplicative filings, states his total assets are only $1,412.19 as of July, 11, 2022.[3] (See, e.g., Doc. 491, pp. 25–26.) Plaintiff offers no documentary evidence to support this contention. Plaintiff only lists a handful of financial accounts and his own assessment of the balances in each of those accounts. (Id.) This unsupported statement of assets is insufficient. Plaintiff's *in forma pauperis* status was revoked in this case, over his objection, because the Court determined Plaintiff's claims about his debts and expenses were highly suspect.[4] (Doc. 304.) Among other things, Plaintiff was found to have intentionally diverted money away from his prison account and to pay filing fees in other Section

---

[3] Plaintiff most recently claimed he has only $196.52 in total assets but also states that he depleted his assets largely by paying filing fees in other cases. (Doc. 495, pp. 8–10.)

[4] Despite Plaintiff's repeated protestations that he was unable to pay the filing fee in this case, Plaintiff promptly submitted the full filing fee once he was threatened with dismissal if he failed to comply with the Court's Order.

7

1983 suits while still pursuing asserting an *in forma pauperis* status in this case.  (Id. at p. 8.) Relatedly, Plaintiff has paid an extraordinary amount in filing fees in this and many other cases, likely far exceeding the amount of the sanctions imposed in this case.  Plaintiff admits in a recent filing he has paid at least $3,000.00 in filing fees in this case and other cases where he is a plaintiff since March of this year.  (Doc. 495.)  A PACER search reveals Plaintiff has at least twelve (12) other pending federal lawsuits.  He has filed five (5) complaints in federal courts and voluntarily paid at least $1,711.00 in filing fees just within the past month.  Plaintiff paid a $505.00 filing fee for an appeal in this case last month, after the Court ordered Plaintiff to pay sanctions.  Dkt. entry, No. 22-12830-A (Sept. 2, 2022) (showing appellate fee in the amount of $505.00 having been paid on Aug. 22, 2022).  Few plaintiffs wield unlimited resources, and all litigants, even those proceeding pro se, are expected to manage their own assets.  It would be unfair to expect Defendants to bear the costs of Plaintiff's improper conduct at his deposition while Plaintiff devotes his available funds to initiating appeals and filings in other cases and, at the same time, claiming he cannot pay the sanctions imposed in this case.  See Moon, 863 F.2d at 839. Furthermore, Plaintiff has a long history of making untrue claims about his financial assets. Indeed, "[s]ince 2016, courts, including [the Eleventh Circuit Court of Appeals], have found Daker's allegations of poverty to be either disingenuous or outright false."  See Daker v. Head, No. 19-13101, 2022 WL 2903410, at *3 (11th Cir. July 22, 2022).  The Eleventh Circuit has recognized Plaintiff's practice of claiming a lack of assets while simultaneously paying filing fees in other cases.  Id.

Plaintiff claims he is unable to access his legal materials, and thus, is unable to make a convincing showing of his insufficient funds.  This is the same meritless, dilatory argument Plaintiff has made in this Court and elsewhere.  (See Doc. 304, p. 7; Doc. 421; Doc. 432, p. 3;

8

Doc. 445) (rejecting Plaintiff's claims he is unable to access his legal materials); Daker v. Head, No. 5:14-CV-138, 2019 WL 3347180, at *3 (M.D. Ga. July 25, 2019), *aff'd*, No. 19-13101, 2022 WL 2903410 (11th Cir. July 22, 2022) (same). Plaintiff has filed at least seven (7) requests in the past two-and-a-half months repeating the same self-serving allegation in opposition to the imposition of sanctions. (Docs. 453, 460, 464, 479, 485, 491, 495.) The Court has already informed Plaintiff that such statements are insufficient to demonstrate his financial status. (Docs. 272, 304.) "Protestations of poverty are not evidence." Ebeh v. Tropical Sportswear Int'l Corp., 199 F.R.D. 696, 699 (M.D. Fla. 2001). Since monetary sanctions were ordered over one month ago, Plaintiff has had ample opportunity to demonstrate an inability to pay or to demonstrate some willingness to comply with the Court ordered sanctions. See Moon, 863 F.2d at 838 (affirming dismissal with prejudice where plaintiff "did not come before the court offering to pay in part or over time . . . [and] filed nothing detailing unsuccessful efforts to obtain funds with which to pay the sanction."). Plaintiff has done neither.[5] Instead, Plaintiff relentlessly challenged the grounds for the sanctions and the amount of the sanctions, long after the Court settled and decided the issue. Regardless, even if Plaintiff could show, with certainty, he is completely unable to pay the sanctions in this case, the Court would consider Plaintiff's inability to pay and still dismiss his claims, given the ineffectiveness of other available sanctions.

## CONCLUSION

For the above stated reasons, the Court **DISMISSES with prejudice** Plaintiff's Complaint for failure to follow the Court's Orders. Accordingly, the Court **DENIES as moot** all of Plaintiff's pending motions, **OVERRULES as moot** Plaintiff's objections to the Magistrate Judge's rulings,

---

[5] There is no indication Plaintiff has made any effort to pay anything toward the Court-ordered sanction amount.

9

and **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

    **SO ORDERED**, this 30th day of September, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA