IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:14-cv-47 |
| v. | |
| BRIAN OWENS, et al., | |
| Defendants. | |

## O R D E R

This matter is before the Court on Plaintiff's Motion for Leave to File Proposed Motion for Access to Photocopying (doc. 508), Plaintiff's Objections to the Court's September 19, 2022 Order, (doc. 511), and Plaintiff's Motion for Judges and Magistrates of this Court to Stop Flip-flopping as to Whether Multiple Tier II Due Process and Conditions of Confinement Claims are Dissimilar or Similar and to Decide Whether Plaintiff Should Litigate Them Separately or Together, (doc. 513). For the reasons explained below, the Court **DENIES as moot** Plaintiff's Motions and **OVERRULES** Plaintiff's Objections.

The Court dismissed this case with prejudice on September 30, 2022. (Doc. 505.) Plaintiff's three filings addressed here may have crossed in the mail with the Court's Order of dismissal. Plaintiff dated his Motion for Leave on August 31, 2022, (doc. 508, p. 4), but the Court received and docketed it on October 5, 2022. Plaintiff dated his Objections to the Court's September 19, 2022 Order and his "Motion for Judges to Stop Flip-flopping" on September 26, 2022, (doc. 511, p. 14; doc. 514, p. 13), but the Court received and docketed those submissions on

October 17, 2022. Under the prison mailbox rule, the Court deems Plaintiff's motions filed on the day they are dated and signed.[1] Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015). Since these Motions and Objections were dated and signed before the Court dismissed the case, the Court deems them to have been filed and pending before the Court dismissed the case.

The Court first addresses Plaintiff's two Motions: Plaintiff's "Motion for Leave to File Proposed 'Motion for Access to Photocopying' Filed Simultaneously Herewith," (doc. 508), and Plaintiff's "Motion for Judges and Magistrates of this Court to Stop Flip-Flopping as to Whether Multiple Tier II Due Process and Conditions of Confinement Claims are Dissimilar or Similar and to Decide Whether Plaintiff Should Litigate Them Separately or Together," (doc. 513). Both of these Motions are **DENIED as moot**, in light of the Court's Order of dismissal. (Doc. 505.) To be sure, both Motions would be denied on their merits even if they were not moot. Plaintiff has not shown any compelling reason for filing yet another request for access to photocopy, particularly given that his request for access to photocopy has been denied multiple times already in this case. Plaintiff's "Motion for Judges and Magistrates of this Court to Stop Flip-Flopping" is patently frivolous. The Motion consists largely of baseless criticisms of the judges of this Court and complaints about rulings in other cases. Both of Plaintiff's Motions lack any merit.

In his Objections, Plaintiff objects to the Magistrate Judge's September 19, 2022 Order. (Doc. 493.) In that Order, the Magistrate Judge ruled Plaintiff's amended response to Defendants' notice of costs was likely untimely, and even if it was timely, Plaintiff did not show that

---

[1] The Court has previously expressed concerns about Plaintiff falsely backdating his signature so the Court deems his filings timely under the prison mailbox rule. (Doc. 493, pp. 3–4; Doc. 505, p. 4.) While the documents at issue here were received three to five weeks after Plaintiff dated them, Plaintiff's recent notice of appeal of the Court's dismissal arrived only five (5) days after Plaintiff dated it. (Doc. 509) (Plaintiff's Notice of Appeal as to Order Dismissing Case, signed and dated October 6, 2022, received and docketed on October 11, 2022.) Regardless, for the purposes of this Order, the Court treats the three filings as submitted on the dates Plaintiff purportedly signed the documents.

2

Defendants' request for $4,875.15 costs and fees was an inappropriate sanction. (Id. at pp. 2–6.) The Magistrate Judge also ordered Defendants to file a notice with the Court stating whether Plaintiff had paid the Court-ordered sanctions. (Id. at pp. 1, 6.)

When a magistrate judge rules on a non-dispositive pretrial discovery matter, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). Fed. R. Civ. P. 72(a). In reviewing the magistrate judge's order, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id. The clearly erroneous or contrary to law standard "is exceedingly deferential." Jackson v. Deen, CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, CV 07-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Id. (citations omitted). "A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law." Id. (citations omitted).

In his Objections, Plaintiff argues the Magistrate Judge erred by concluding Plaintiff's amended response to Defendants' notice of cost was untimely. (Doc. 511, pp. 2–5.) Plaintiff's arguments are unconvincing. First, Plaintiff argues prison mail delays are frequent and such delays could explain the unusual timing of the submission of his amended response. But Plaintiff offers no evidence to show that actually occurred in this case. Plaintiff merely states it is "plausible" that he delivered his amended response on the day he purportedly signed it. (Id. at p. 3.) Plaintiff's contentions on this point are general, conclusory, and unsupported. Second, even though the Magistrate Judge observed it was unlikely Plaintiff actually signed his amended response before the deadline, the Magistrate Judge still considered the substance of Plaintiff's amended response.

3

(Doc. 493, p. 4.)  Thus, the timeliness of Plaintiff's amended response was not determinative to any issue before the Court.  Plaintiff has failed to demonstrate the Magistrate Judge's consideration of the timeliness of Plaintiff's amended response was clearly erroneous or contrary to law.

Plaintiff also objects to the Magistrate Judge's conclusion in the September 19, 2022 Order that Plaintiff did not show Defendants' request for $4,875.15 costs and fees was an inappropriate sanction.  Plaintiff essentially reasserts the same arguments he raised in his amended response.  Plaintiff argues again that the award and the amount of sanctions are inappropriate for various reasons, the Court should consider his ability to pay sanctions, and he actually lacks the ability to pay sanctions.  (Doc. 511, pp. 6–14).  The Court has fully considered those arguments and has rejected them.  (Doc. 482, p. 3) ("Plaintiff's violations of Rule 30 opened him open to sanctions under Rule 37, and imposing sanctions in this case was not clearly erroneous or contrary to law."); (Doc. 493, p. 5) ("Plaintiff has failed to show an award of the costs incurred by Defendants is improper."); (Doc. 482, p. 7) ("Plaintiff's argument he cannot pay and the Magistrate Judge should have considered this is unconvincing and does not show the Magistrate Judge's ruling was clearly erroneous or contrary to law.); (Doc. 505, pp. 7–8) (finding Plaintiff has not sufficiently demonstrated an inability to pay sanctions).  Plaintiff simply repackages arguments he raised previously and that have already been rejected.  Plaintiff fails to show the Magistrate Judge's conclusion on this issue was clearly erroneous or contrary to law.

For the above stated reasons, the Court **DENIES as moot** Plaintiff's Motions and **OVERRULES** Plaintiff's Objections.

**SO ORDERED**, this 31st day of October, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA