IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| WASEEM DAKER,<br><br>  Plaintiff,<br><br>  v.<br><br>BRIAN OWENS, et al.,<br><br>  Defendants. | CIVIL ACTION NO.: 6:14-cv-47 |

**O R D E R**

Presently before the Court is Plaintiff's Rule 60(b) Motion for Relief from Judgment. (Doc. 538.) For the reasons explained below, the Court **DENIES** Plaintiff's Motion.

**BACKGROUND**

The Court dismissed this case with prejudice on September 30, 2022, based on Plaintiff's failure to follow the Court's Order. (Doc. 505.) The Court ordered Plaintiff to pay Defendants monetary sanctions because Plaintiff wrongfully refused to answer deposition questions. (Doc. 484.) Plaintiff filed numerous objections and responses opposing the imposition of sanctions and the amount of the sanctions. (See Docs. 464, 479, 481, 482, 491, 495.) The Court overruled Plaintiff's objections, but Plaintiff still failed to pay the sanctions. (See Doc. 505, pp. 1–2). Accordingly, the Court dismissed Plaintiff's Complaint for failure to follow the Court's Order. (Id.) Plaintiff's appeal of the dismissal and judgment is pending before the Eleventh Circuit Court of Appeals. (Doc. 509.)

Plaintiff filed the instant Motion seeking relief from the Court's Order of dismissal and judgment against him. (Doc. 538.) Plaintiff argues Defendants—who were officials over the

prison where Plaintiff was incarcerated—engaged in misconduct by denying Plaintiff law library and photocopying access and by delaying Plaintiff's outgoing legal mail. (Id. at pp. 1–7.) Plaintiff argues he could not fully and fairly present his case because he could not use the prison law library to identify legal authorities in support of his arguments against sanctions, he could not make photocopies of evidence to submit in support of his argument he is unable to pay sanctions, and he could not timely mail his objections to the Magistrate Judge's Reports and Recommendations. (Id.)  Alternatively, Plaintiff argues Defendants' actions, if not misconduct, are a basis for Plaintiff's mistake, inadvertence, surprise, or excusable neglect, and that Plaintiff has discovered legal authorities constituting newly discovered evidence. (Id. at p. 8.)

## LEGAL STANDARD

As an initial matter, "[i]t is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case." Weaver v. Fla. Power & Light Co., 172 F.3d 771, 773 (11th Cir. 1999). "A district judge retains the authority only to act in aid of the appeal, correct clerical errors, or assist in the execution of a judgment that has not been superseded." Madura v. BAC Home Loans Servicing, LP, 655 F. App'x 717, 723 (11th Cir. 2016) (citing Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc., 895 F.2d 711, 713 (11th Cir. 1990)). Specifically, a district court has the power "to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal." Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003) (quoting Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 840 (11th Cir. 1982)). The Court, therefore, has jurisdiction to consider Plaintiff's Motion.

Federal Rule of Civil Procedure 60(b) enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding: "(1) mistake or neglect; (2) newly discovered evidence; (3) fraud or misconduct; (4) the judgment is void; or, (5) the

judgment has been satisfied[.]" Fed. R. Civ. P. 60(b)(1)–(5).  The Rule also contains a "catchall" provision, which authorizes relief based on "any other reason that justifies [it]."  Fed. R. Civ. P. 60(b)(6).  However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that absent such relief, extreme and unexpected hardship will result.  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).  "Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case."  Gonzales v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1291–92 (11th Cir. 2004).

## DISCUSSION

Plaintiff's Motion fails because he merely attempts to relitigate old issues he raised during the proceedings.  Plaintiff's argument about law library access is a repackaged argument Plaintiff made against the imposition of sanctions.  Plaintiff's arguments about photocopying access and mail delays are identical to arguments he raised in opposition to sanctions.  The Court considered and rejected these arguments during the course of the proceedings.

Plaintiff repeatedly raised arguments about his access to the law library.  (See Doc. 460, pp. 19–21; Doc. 464, pp. 22–25; Doc. 479, pp. 19–22; Doc. 481-1, pp. 20–23; Doc. 491, pp. 18–19.)  Plaintiff argued Defendants denied him law library access before his deposition, so he was unable to read and comply with the Federal Rules of Civil Procedure during his deposition.  (Id.)  The Court found this argument without merit, noting there is nothing in the record to support Plaintiff's argument Defendants denied him law library access.  (Doc. 482, p. 5.)  Plaintiff also brought numerous unsuccessful motions for preliminary injunction for law library access during the course of this litigation.  (Docs. 80, 83, 86, 137, 200.)  These motions were unsuccessful

3

because Plaintiff failed to show he was entitled to injunctive relief. (See Docs. 90, 252 (recommending the Court deny injunctive relief).)

Plaintiff's argument about law library access in this Motion is substantially the same as his previous arguments. Plaintiff now argues Defendants denied him access to the law library, so he could not identify certain legal authorities and present them in support of his objections to sanctions. Plaintiff again asks the Court to determine whether he was denied law library access and how this denial prejudiced him. However, the Court already found Plaintiff's allegations against Defendants denying him law library access lacked support. Plaintiff brings nothing new besides case law he says he could have found were it not for Defendants' alleged misconduct.

The arguments Plaintiff raises in his Motion about photocopying access and mail delays are identical to arguments he raised in his objections to sanctions. The Court previously rejected Plaintiff's argument that mail delays caused his filings to be untimely. (Doc. 516, pp. 3–4.) The Court also rejected the notion Plaintiff required access to photocopy to present his case. (Id. at p. 2.) Plaintiff raises the very same issues again in the Motion for Relief. In sum, Plaintiff's Motion for Relief under Rule 60(b) fails because it is merely an attempt to relitigate settled issues.

## CONCLUSION

For the above stated reasons, the Court **DENIES** Plaintiff's Rule 60(b) Motion for Relief from Judgment.

**SO ORDERED**, this 15th day of December, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA